Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| In re Ex Parte Application of Kuwait Ports Authority | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               E-Trade Financial Corporation
1271 Ave. of the Americas, 14th Fl., New York, NY 10020

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE APPENDIX

| Place: Herbert Smith Freehills New York LLP 450 Lexington Avenue, 14th Floor New York, NY 10017 | Date and Time: 02/26/2020 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Petitioner Kuwait Ports Authority _____ , who issues or requests this subpoena, are:

Joseph Falcone; Herberth Smith Freehills New York LLP, 14th Floor, NY, NY 10017; joseph.falcone@hsf.com;

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

## DEFINITIONS

1.     **"Document"** shall be construed as broadly as permitted under the Federal Rules of Civil Procedure, and includes any written or graphic matter or other means of preserving thoughts and expression, and all tangible things from which information could be transcribed or processed, including the originals and all non-identical copies, including but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings, e-mails or other office communications, inter-office and intra-office, receipts, bills of sale, telephone calls, diaries, chronological, data, minutes, books, reports, files, tapes, cassettes, e-mails, disks, hard drives, mechanical or electrical recordings of any kind, videotapes, photographs, graphs or aural records of any type, computer printouts, financial statements, employment manuals, contracts, affidavits, or any other possible form of communication that can exist which is not mentioned above.  The terms document or record as used herein shall include ESI as defined below.

2.     **"ESI"** shall include all electronically stored information, including, without limitation: word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; voicemail; audio, video, and audiovisual recordings; databases and database subsets; and other user or machine-created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an Intranet, archives, discs, CDs, diskettes, drives, zip drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems, and back-up or disaster recovery systems.

3.      **"All Documents"** means any document or set of documents in your possession, custody, or control.

4.      **"Communication"** shall mean and refer to every manner of transmitting or receiving information, opinions, and thoughts, whether orally or in writing, in printed, digital, or other form.

5.      **"Concerning"** shall be construed in the broadest sense to require documents that constitute, concern, pertain to, mention, evidence, describe, refer or relate to (directly or indirectly), reflect upon, comment upon, or summarize the subject of the request for documents.

6.      **"Copy"** or **"Copies"** means duplications of any items in a format that provides the requested material in a fashion that is identical to the original in size, shape and/or readability—*i.e.*, copies of papers or digital media must mirror their originals. Digital documents must be provided in such a manner and on such media that would be readable on computer systems and software commonly available and regularly used in the marketplace.  Any data in a proprietary software system should be produced by printing from the digital files such that their complete contents are accurately and completely reflected in the printout.  You may comply with this request by providing legible copies of the items to be produced to the attorney whose name appears on this request on or before the scheduled date of production.

7.      **"E-trade"** shall mean E-Trade Financial Corporation, and shall include past and present partners, officers, directors, principals, agents, employees, representatives, predecessors, successors, assigns, subsidiaries, related entities, consultants, and attorneys.

8.      **"You"** or **"Your"** shall mean E-Trade, including any and all other persons or entities acting or purporting to act on your behalf, over whom you have control.

9.      **"Account"** shall mean the E-Trade account ending in 6256 in the name of Khalid

2

Al Shamali.

10.     **"And"** and **"or"** shall be considered conjunctively or disjunctively as necessary to include information within the scope of a discovery request, rather than to exclude information.

11.     **"All"** is understood to include "any" and "each," and vice versa.

12.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

## **INSTRUCTIONS**

13.     In responding to this Subpoena, you shall produce all documents that are in your possession, custody or control within the meaning of the Federal Rules of Civil Procedure, including, but not limited to, documents located in your personal files and personal email accounts.  Documents within your possession, custody or control should be produced whether they were prepared by you or another person.

14.     Documents provided in response to these Requests should be "Bates" stamped with a letter prefix unique to you and should be numbered sequentially.

15.     To the extent that a portion or part of any document is responsive to this Subpoena the applicable Request shall be construed to call for production of the entire document. Each document shall be produced in its entirety, including any attachments.

16.     Identify each document withheld from production on the grounds that the document contains materials for which a claim of privilege is asserted.  The identification should include the name, address, position, and organization of the author, each recipient of the document and the custodian of the document, the date of the document, a brief description of the type of subject matter the document contains, the request to which the document is responsive,

and the specific grounds for claiming that the document is privileged.

17.     If any document requested to be produced was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others and if so to whom; or (d) otherwise disposed of and in each instance explain the circumstances surrounding and the authorization for such disposition and state the approximate date thereof.

18.     If only portions of the requested documents exist, please produce those portions that are currently in your possession and send the rest of the information in a later response.

19.     When there is a request to produce a document, your response shall include documents in the possession, custody, or control of your representatives, employees, agents, and unless privileged, your attorneys.

20.     If you have no documents responsive to a particular Request, state so in writing in your formal response to this Subpoena.

21.     All documents shall be produced as they are kept in the usual course of business. All ESI documents shall be produced in a searchable TIFF plus text format with all metadata, except spreadsheets which shall be produced in their original native format.   The native production shall include and preserve all metadata.  All email produced shall include all of the original attachments.  All email produced shall be segregated and produced on a custodian by custodian basis.

## DOCUMENTS TO PRODUCE

1.      All documents and communications concerning a transfer to the Account of approximately $3,300,000 on or around September 2, 2010 (the "**Transfer**"), including all documents and communications concerning any subsequent transfers of these funds.

2.      Documents and communications sufficient to show (i) the originating account(s) for the Transfer; (ii) the beneficial owner of the originating account(s); (iii) the intermediary bank(s) involved in the Transfer; (iv) the stated purpose or reason for Transfer and any other details relating thereto; (v) any special instructions concerning the Transfer; (vi) notify party for the Transfer (if any); and (vii) any other details concerning the Transfer.