UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

EX PARTE APPLICATION OF
KUWAIT PORTS AUTHORITY FOR AN
ORDER TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. §1782

Case No. _____

## DECLARATION OF JENNIFER FOX

Jennifer Fox, declares under penalty of perjury pursuant to 29 U.S.C. § 1746, as follows:

1. I am a partner in the Cayman Islands office of Ogier, an international law firm. I am licensed to practice law in the Cayman Islands, and am a member in good standing of its Bar.

2. I represent Petitioner, the Kuwait Ports Authority ("**KPA**") one of the limited partners in The Port Fund L.P. ("**Port Fund**"), in connection with contemplated proceedings in the Cayman Islands concerning a just and equitable winding up petition related to the Port Fund ("**Impending Cayman Litigation**", more fully set forth below).

3. I submit this declaration in support of the *ex parte* application submitted by KPA for an order under 28 U.S.C. § 1782 ("**Section 1782**") permitting KPA to take discovery from (a) Citibank, N.A. ("**Citibank**"); and (b) E-Trade Financial Corporation (together, "**Banks**") in the Southern District of New York ("**Application**").

4. As Cayman Islands counsel for KPA in this matter, I am familiar with the information set forth in this declaration from (a) review of the declaration of Yousef Al Sabah setting forth the facts underlying this Application; (b) personal knowledge; and (c) documents I have prepared and/or reviewed. Because I submit this declaration specifically in support of the Application, it does not contain each and every fact within my knowledge regarding the topics discussed herein.

5. As described in the Application, I understand that KPA seeks documents and information from the Banks in order to recoup hundreds of millions of dollars belonging to the Port Fund and its investors, including the KPA, that have been taken, withheld or dissipated—under circumstances currently shrouded in mystery—by the Port Fund, the contemplated defendant discussed herein ("**Requested Discovery**").

6. The Port Fund is a Cayman Islands exempted limited partnership ("**ELP**"), registered in the Cayman Islands pursuant to the Exempted Limited Partnership Law (2018 Revision) ("**ELP Law**"). An ELP must have: (i) one or more general partners, who are responsible for the conduct of the business of the ELP and are liable for the debts and obligations of the ELP in the event that the assets of the ELP are inadequate; and, (ii) one or more limited partners, who are not permitted to take part in the conduct of the business of the ELP and are not liable for the debts and obligations of the partnership save as provided for in the partnership agreement. In the case of the Port Fund, the sole general partner is Port Link GP Ltd. ("**Port Link**"), and KPA is one of eleven limited partners.

7. Section 36 of the ELP Law addresses the liquidation and dissolution of ELPs, and subsection 36(3) states that the provisions of Part V of the Cayman Islands Companies Law (2018 Revision) ("**Part V**" and "**Companies Law**" respectively) and the Companies Winding Up Rules 2018 ("**CWR**") shall apply to the winding up of an ELP, except to the extent that the provisions of Part V and the CWR are inconsistent with the ELP Law, in which case the ELP Law shall prevail.

8. Part V provides for the winding up of companies and associations, and section 92(e) of Part V provides that: "*A company may be wound up by the Court if . . . the Court is of the opinion that it is just and equitable that the company should be wound up.*" By virtue of the provisions of section 36 of the ELP Law, section 92(e) of Part V applies to ELPs and gives the

2

Grand Court of the Cayman Islands ("**Court**") the power to wind up an ELP if it is just and equitable to do so.

9. In the context of a company, a winding up petition on the just and equitable ground is typically presented where it is suspected that there has been fraud or mismanagement by the company's directors, or the directors may have breached their fiduciary duties. In the context of an ELP, a just and equitable petition may be presented in similar circumstances, but where the possible fraud, mismanagement or breach of duty has been committed by the general partner or general partners of the ELP. The burden of proof on a limited partner who petitions to wind up an ELP on the just and equitable ground is significant: the petitioner will need to adduce clear and cogent evidence to persuade the Court that it is just and equitable to wind up the ELP.

10. As set out in the factual declaration of Yousef Al Sabah, KPA has reason to believe that hundreds of millions of dollars belonging to the Port Fund and its investors, including KPA, have been taken or withheld—under circumstances currently shrouded in mystery. KPA does not, however, currently have sufficient evidence to prove that Port Link, as general partner of Port Fund, has committed fraud or has breached its fiduciary duties or has mismanaged Port Fund. The purpose of the Application therefore is to obtain documents and information from the Banks in order to obtain evidence in support of KPA's forthcoming just and equitable winding up petition and later in respect of likely claims to recover assets misappropriated from the Port Fund or to trace their value.

11. If KPA is successful in both the Application and the Impending Cayman Litigation, the Court will appoint independent insolvency practitioners as official liquidators over Port Link for the purpose of winding up the Port Fund. The official liquidators will then take control of the Port Fund from the directors of Port Link and the Port Fund's investment manager, and will have extensive powers under Part V and the CWR available to them to investigate the Port

Fund's business and affairs, and to bring claims on behalf of the Port Fund against Port Link and/or any third parties who may have been involved with or benefitted from the fraud, breach of duty or mismanagement.

12. The Banks are not anticipated or intended to be participants in the Impending Cayman Litigation.

13. There is no indication, or reason to believe, that the courts of the Cayman Islands would be unreceptive to judicial assistance by § 1782 discovery. As discussed further herein, KPA's request is not intended to and does not have the effect of circumventing any foreign proof-gathering restrictions or other policies of the Cayman Islands.

14. KPA seeks documents and information from Citibank about certain USD transactions relevant to the Impending Cayman Litigation, including (i) transactions relating to the $496 million deposit to Port Link's account with Noor Bank following the sale of the Clark Asset; and (ii) details regarding all disbursements made from the Noor Bank account. KPA's investigation to date indicates that Citibank would have processed any such USD transactions.

15. KPA also seeks documents and information from E-trade Financial Corporation related to an account held by Khalid Al Shamali, and an approximate $3.3 million incoming transfer that occurred on or around September 2, 2010.

16. Courts in the Cayman Islands are receptive to discovery obtained via Section 1782 applications. In *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited*, 2009 CILR 553, a decision of the Cayman Islands Court of Appeal dated September 24, 2009 and attached hereto as **Exhibit A**, the Court of Appeal specifically allowed a party to obtain discovery under Section 1782 for the purposes of proceedings in the Cayman Islands.

17. Furthermore, the Application does not "attempt to circumvent" proof-gathering restrictions of the Cayman courts nor hinder or restrict the Cayman court's ultimate authority to rule on issues pertaining to the admissibility of evidence. A Cayman court would not have

the power to compel discovery from the Banks in relation to the contemplated wind up proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 27, 2020 in the   Cayman Islands

_____
Jennifer Fox