# EXHIBIT 14
# Part 9

بتــاريخ ٢٠١٤ /١٠/ ٢١ ورقــم تلكــس التحويـــل
BR07002014022875، كمــا قامت المتهمـة الأولــى ويعد إنقضـاء
أجـــل صنــدوق المــوانئ الاستثمارى فى ٢٠١٤/٧/٢٨ بتحويـل مبلـغ
٦٨٠و٠٩٤و٣٠٧ دينــار كــويتى مــن حســاب صنــدوق المــوانئ رقـم
٠٠٢٤٩٣٢٨٣٠٠٢،لـدى البنــك الأهلــى الكــويتى إلــى حسـاب شركـة
MPC-GMO ورقـــم تلكـــس التحويـــل BR07002015015492
لتصبح إجمالى المبالـغ المحولـة مـن حسابى صنـدوق المـوانئ سالفى
الـذكر إلـى حسـاب شـركةMPC-GMO خـلال الفتـرة مـن ٢٠١٤/٣/٣١
حتـــى ٢٠١٥/٧/٩ مبلـــغ ١٤و٠١١٣٧٤٠دولار أمريكـــى ، ومبلـــغ
٦٨٠و٣٠٧٠٩٤دينــار كــويتى لتسـهل بـذلك ل شـركة MPC-GMO
الاستيلاء علـى هـذا المبلـغ وفـى غيـر أغـراض إدارة أمـوال الصنـدوق
وإستثمارها ، المخالفـة السـابعة :- قـدمت مـدير الاستثمار المتهمـة الأولـى
/ لازاريفــا ماريــا بتـاريخ ٢٠٠٩/٦/٢٧ تسهيلات ماليـة لشـركة يسـتفيد
منهـا المـتهم الثـانى / سـعيد إسماعيل دشتى وهـى شـركة الموحـدة للنقل
والخـدمات اللوجسـية الأردنيـة – وهـو الممثـل القانونى لهـا – علـى شـكل
كفالـة بنكيـة بمبلـغ ٩٠٠٠٠٠دولار أمريكـى فـى غيـر أغـراض إدارة أمـوال
الصنـدوق أو اسـتثمارها ، بـأن اسـتغلت صفـتها كمفـوض وحيـد علـى
حسـابات الصنـدوق وحولت مبلـغ تلـك الكفالـة للشـركة المسـتفيدة لـدى
البنـك الأردنـى الكـويتى بالمملكة الأردنيـة ، وذلـك حتـى تسـتطيع الشـركة
الموحـدة مـن الحصـول علـى قـرض مـن البنـك الأردنـى ويالفعـل تـم هـذا الأمـر
وقـد تعثـرت الشـركة الموحـدة فـى سـداد المبلـغ فقـام البنـك بتسـييل مبلـغ
الكفالـة البنكيـة ، كمـا تنكبـت الشـركة المسـتفيدة( الشـركة الموحـدة ) عـن
سـداد تلـك الكفالـة لصنـدوق المـوانئ الاسـتثمارى تسـهيلاً مـن المتهمـة
الأولـى للاسـتيلاء علـى أمـوال الصنـدوق للمـتهم الثـانى / سـعيد إسماعيل
دشتـى ، مسـتغلة صفـتها كمفـوض وحيـد علـى حسـابات الصنـدوق ، وفـى
غيـر أغـراض إدارة أمـوال الصنـدوق أو اسـتثمارها تسـهيلاً منهـا للاسـتيلاء
علـى جـزء مـن تلـك المبالـغ للمـتهم الثـانى / سـعيد إسماعيل دشتى الـذى مثـل

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١، ١١ ٢٠١٩ جنايات ٢/

الشـــركة الموحــدة فـى التوقيـــع علـــى عقــد الكفالــة المــار ذكــره بتاريخ ٢٠٠٩/٦/٢٧ ، كمــا قـــدمت المتهمـــة الأولـــى لازاريفـا ماريـا بتـاريخ ٢٠١٣/٩/٣٠ علـــى تحويـل مبلـــغ ٢٠٠٠٠٠ مـن حسـاب الصنـدوق رقـم ٠٦٣٤٩٣٢٨٣٠٠٢ لـدى البنــك الأهلـى الكويتـى لـذات الشـركة سـالفة البيـان ( شـركة الموحـدة )وتـم إرجـاع هـذا المبلـغ للصنـدوق بتاريخ ٢٠١٣/١٢/٢٣ ، المخالفـــة الثامنـــة:- قامـــت إدارة الصنـدوق بتأسـيس شـركة اسمهـا GLObal Gateway Development Corporation وتعاقـــدت عـن طريقهـا مـع الحكومـة الفلبينيـة علـى تنفيـذ أحـد المشـاريع بـالقرب مـن مطـار العاصمـة الفلبينيـة بنظـامBOT لمـدة خمسـين عامـاً مـع إمكانيـة التجديـد لفتـرة اخـرى لا تزيـد عـن خمسـة وعشـرين عامـاً وتضـمن المشـروع مدينـة صبـاح الأحمـد اللوجسـتية ، والمدينـة الطبيـة ، قامـت علـى إثـر ذلـك مـدير الصنـدوق المتهمـة الأولـى لازاريفـا مأريـا بضـح مبالـغ ماليـة ضـخمة بلـغ إجماليهـا ٧٩١٦٩٦٦٢دولار أمريكـى لمباشـرة المشـروع سـالف البيـان إلا أنـه لـم يـتم إنجـاز المشـروع فعليـاً ولـم يحقـق أى عوائـد ماليـة حتـى انتهـاء عمـر الصنـدوق فـى ٢٠١٤/١٢/٣١ ، وبيانـه رافـق ذلـك انتهـاء السـيولة الماليـة لصنـدوق المـوانئ الاسـتثمارى ، فقامـت مـدير الاسـتثمار المتهمـة الأولـى مـع المتـهم الثـانى / سـعيد إسـماعيل دشـتى بنقـل ملكيـة شـركة GLObal Gateway Development Corporation ( مالكـة المشـروعين سـالفى البيـان ) مـن صنـدوق المـوانئ الاسـتثمارى وينسـبة ١٠٠% إلـى شـركة Clark Gateway Investment Group المملوكـة للمتـهم الثـانى / سـعيد إسـماعيل دشـتى ، وفـق الثابـت مـن الخطـاب المرسـل مـن المتـهم الثـانى بتـاريخ ٢٠١٤/٤/١١ إلـى المتهمـة الأولـى والـذى أكـد فيـه عمليـة إتمـام البيـع وتحويـل الأسـهم مـن قبـل المتـهم الثـانى مديـر عـام Clark Gateway Investment Group ، ولـم يتبيـن أثـر لهـذا الإجـراء علـى حسـابات الصنـدوق وذلـك فيمـا يتعلـق بإيـداع المبالـغ المحصلـة مقابـل عمليـة البيـع ويكـون حجـم الضـرر الـذى أصـاب أمـوال الصنـدوق يعـادل المبالـغ

ألمستثمرة فـى المشروع البالغـة ٦٦٢ و١٦٩ و٧٩ دولار أمريكـى وأضاف بـأن المتهمـة الأولـى لـم تكتـف بنقـل ملكيـة المشروعين سـالفى البيـان للمتهم الثـانى للاسـتيلاء عليهمـا فحسـب إذ أقـدمت بتـاريخ ٢٠١٤/٩/٢ إلـى تحويـل مبلـغ مليـونى دولار أمريكـى إلـى شـركة Clark Gateway Group Investment المملوكـة للمتهـم الثـانى لتسـهل بـذلك المتهمـة الأولـى /لازريفـا ماريـا للمتهـم الثـانى سـالف الـذكر الاسـتيلاء علـى أمـوال الصـندوق وأصـولـه بمبلـغ إجمـالى ٨١١٦٩٦٦٢دولار أمريكـى ، وأضـاف بـأن إجمـالى رأس مـال الصـندوق مبلـغ ١٦٦٠٠٩٧٥٦ دولار أمريكـى وأن حجـم مسـاهمة مؤسسـتى المـوانئ الكويتيـة والتأمينـات الاجتماعيـة الكويتيـة فـى صـندوق المـوانئ الاسـتثمارى مبلـغ ١٢٥٤٠٠٠٠٠دولار أمريكـى بمـا يعـادل نسـبة ٥٤و٧٥% مـن رأس مـال الصـندوق ، وأنـه لـم يـتم توزيـع أريـاح منـذ تـاريخ تأسـيس الصـندوق وحتـى ٢٠١٥/١٢/٣١ وهـو التـاريخ اللاحـق لانتهـاء المـدة القانونيـة للصـندوق فـى ٢٠١٤/٧/٢٨ بالإضـافة إلـى عـدم تمكـن المسـاهمين فـى الصـندوق ومـنهم المؤسسـة العامـة للتأمينـات الاجتماعيـة مـن اسـترجاع رأس مالهـا فـى الصـندوق والأريـاح المقـررة وفقـاً لنشـرة وعقـد الاكتتـاب حتـى ٢٠١٧/٢/١٤ سـوى مبلـغ ٥٦ و٤٥٤و٦٨٤و٧ دولار أمريكـى تـم إرجاعهـا مـن قبـل شـركة كـى جـى إل للاسـتثمار بتـاريخ ٢٠١٦/١٠/١٧ مـن إجمـالى أصـل المبـالغ المسـتثمرة وبنسـبة تعـادل ١٩% دون الفوائـد المقـررة .

وحيـث أمـرت النيابـة العامـة بتـاريخ ٢٠١٧/٤/٢٦ بضـم القضـية الراهنـة رقـم ٢٠١٣/٥٤٧ حصـر أمـوال عامـة للقضـية رقـم ٢٠١٢/١٤٩٦ حصـر أمـوال عامة ليصـدر فيهمـا قـراراً واحـداً.

وحيـث تتحصـل واقعـات الـدعوى رقـم ٢٠١٤/١٧١٩ حصـر أمـوال عامـة :- فيمـا أبلغـت بـه / منـى عبدالمنعم محمـود – موظفـة سـابقة فـى شـركة كـى جـى أل للاسـتثمار – ومـا شـهدت بـه بتحقيقـات النيابـة العامـة مـن إنهـا بمناسـبة عملهـا فـى شـركة كـى جـى إل للاسـتثمار خـلال الفتـرة مـن ٢٠١٠/٣/٣٠ حتـى ٢٠١٠/٣/٣٠ تكشـف لهـا ارتكـاب المتهمـة الأولـى

١٠٤

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

لازاريفـا ماريـا " العضـو المنتـدب لشـركة كـى جـى أل للاسـتثمار ) والمتهـم الثـانى / سـعيد إسـماعيل دشـتى ( عضـو مجلـس إدارة شـركة كـى جـى إل للاسـتثمار وأحـد كبـار المـلاك فـى شـركة كـى جـى إل الأم التـى تملـك شـركة كـى جـى إل للاسـتثمار ) عمليـات غسـل أمـوال عـن طريـق اسـتخدامها للحسـابين الخاصـين بصـندوق المـوانئ للاسـتثمار رقـم (٠٠١٠٠٤٠٠١١٦٠) بالـدولار الأمريكـى ورقمـه (٠٠١٠٠٤٠٠١٠٠١) لـدى بنـك إتـش أس بـى سـى بالـدينار الكويتـى ، وكـذا الحسـاب الخـاص بشـركة كـى جـى إل للاسـتثمار رقـم ٠٦٠٣٧٢٣٥٤٩٢٠١لـدى البنـك الأهلـى الكويتـى المودعـة بهـم أمـوال صنـدوق المـوانئ الاسـتثمارى بـأن قامـت المتهمـة الأولـى بمجموعـة مـن العمليـات الماليـة مـن الحسـابات الثلاثـة المـار ذكرهـا بمبالـغ ماليـة كبيـرة تـم تـداولها وتنقلهـا بيـن هـذه الحسـابات ثـم إلـى حسـابات أشـخاص أخريـن ومـن حسـاب لأخـر عـدة مـرات إلـى أن اسـتقرت هـذه المبالـغ فـى الحسـابات الشخصيـة للمتهمـة الأولـى ون اسـتقرت هـذه المبالـغ فـى الحسـابات الشخصيـة للمتهمـة الأولـىمنهـا حسـاب المتهمـة الأولـى رقـم ٢٢١٠١٠٠١٣٤٢٧لـدى بيـت التمويـل الكويتـى ، وحسـاب أخـر لهـا لـدى ذات البنـك يحمـل رقـم ( ٢٢٠١٢٠٠٢٥٢٣٢) وحسـابها رقـم ٢٠٠٢٧٧٩٨٠٠ لـدى البنـك الـوطنى الكويتـى – شـرق ، وحسـابها رقـم ٢٠٦٠٢٥١٣١٦ لـدى بنـك برقـان الشـويخ ، وأن العمليـات الماليـة المشـبوهة تمـت فـى الفتـرة مـن ٢٠/٦/٢٠١٠ حتـى ٢٠١٢/٢/١ ومـن هـذه التحويـلات :العمليـة الأولـى :- قامـت شـركة كـى جـى إل للاسـتثمار بتـاريخ ٢٠١٠/٦/٣٠ بتوقيـع المتهمـة الأولـى بتحويـل مبلـغ ٤٠٠ ألـف دينـار كويتـى لحسـاب شـركة المرايطـون الدوليـة وهـى شـركة خاصـة بعضـو مجلـس الإدارة المتهـم الثـانى / سـعيد دشـتى وإعـادة تحويـل ذات المبلـغ مـن حسـاب شـركة المرايطـون إلـى حسـاب المتهـم الثـانى الشخصـى لـدى بنـك برقـان الـذى يحمـل رقـم ٢٠٦٠٢٢٧٣٠ مـع أن شـركة المرايطـون مسـاهم فـى شـركة كـى جـى إل للاسـتثمار والمتهـم الثـانى عضـو مجلـس إدارة بشـركة كـى جـى إل

١٠٥

للاســـتثمار ، ٢ - العمليـــة الثانيـــة :- حولـــت المتهمـــة الأولـــى لحســـاب شــركة رابطــة الكويــت والخليــج للنقــل بتــاريخ ٢٠١٠/٧/٢١ مبلــغ خمســة وعشرين ألــف دينــار كــويتى وقــد قــام المــتهم الثانى بســحب هــذا الســحب رغــم أنـــه غيــر مســتحق لـــه ، العمليــة الثالثـــة :- بتـــاريخ ٢٠١٠/٨/١٥ قامــت المتهمـــة الأولـــى بتحويـــل مبلــغ ١١٧ و٧١٩ دينـــار كـــويتى و٨٠٩ فلســـاً مـــن حســاب صـــندوق المـــوانئ الاســـتثمارى رقـــم ٠٠١٠٠٠٤٠٠١١٦٠ بالـدولار لــدى بنـك إتـش أس بــى ســى إلـى حســاب شـــركة كـــى جــــى إل للاستثمار فـــى البنـــك الأهلـــى الكـــويتى رقـــم ٠٦٠٣٧٢٣٥٤٩٢٠١ ثــم قامــت بتحويـــل هـــذا المبلــغ علــى تحـــويلين التحويـــل الأول بتـــاريخ ٢٠١٠/٨/٢٦ بمبلـــغ ٣٠٩١٠٠دينـــار كـــويتى لحساب شـــركة المرابطــون الدوليـــة للتجـــارة العامـــة والمقـــاولات المملوكـــة للمــتهم الثانى ( عضـــو مجلس إدارة شـــركة كـــى جـــى إل للاســـتثمار ) ، والتحويـــل الثـــانى بـــذات التـــاريخ ولـــنفس الشـــركة بمبلــغ ٤١٠ألـف دينـار كـويتى ثـم قامــت شـركة المرابطـون فـى ٢٠١٠/٩/١٥ بتحويـــل هـذين المبلغــين إلـــى حســاب المتهمـــة الأولـــى رقــم ٢٢٠١٢٠٠٢٥٢٣٢ ببيـت التمويـل الكـويتى ، العمليـة الرابعـة :- قامـت المتهمـة الأولـى بتـاريخ ٢٠١٠/٩/٢ بتحويـل مبلـغ مليـون دينـار كـويتى مـن حسـاب شـركة كـى جـى إل للاســـتثمار لـــدى البنـــك الأهلـــى رقـــم ٠٦٠٣٧٢٣٥٤٩٢٠١ لحساب شـركة كابيتـال لينـك رقـم ٠٦٠٣٧٥٥٩٩١٠٠١ لـدى البنـك الأهلـى ثـم قامـت بتـاريخ ٢٠١٠/٩/٥ بتحويـل هـذا المبلـغ لحسـاب المـدعو / خالـد بـدر محمـد رقـم ٦٤٣٧٤٩٠٥ ببنـك أوف نيويـورك بولايـة نيويـورك بالولايـات المتحـدة الأمريكيـة وهـذا الشـخص يعمـل فـى شـركة الملاحـة المشـتركة ، والـدليل علـى إخفـاء المتهمـة الأولـى لهـذا المبلـغ أنـه لـم يسـجل فـى ميزانيـة شـركة كابيتـال لينـك عـن السـنة الماليـة المنتهيـة فـى ٢٠١٠/١٢/٣١ والصــادرة فـــى ٢٠١١/٥/٩ ، العمليـــة الخامســـة :- قامــت المتهمـــة الأولــى بتـاريخ ٢٠١٠/١٠/٤ بتحويـــل مبلــغ ٣٥٠ ألـف دينـار كـويتى مـن حسـاب صـندوق المـوانئ الاسـتثمارى رقـم

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧ ، ٢٠١٤/١٧١٩ جلسة ١١/١١/ ٢٠١٩ جنايات ٣/

١١٦٠٠١٠٠٤٠٠١٠٠ إلـى حسـاب المتهـم الثـانى لـدى بنـك برقـان رقـم ٢٠٦٠١٢١٧٣١ وشـيكات وتحـويلات أخـرى باسـم المـتهم الثـانى ، وأضـاف بإنـه لا يوجـد سـبب حقيقـى وراء تلـك التحـويلات سـوى تـدوير المتهمــة الأولـى ل/ لازاريفـا ماريـا لأمـوال صنـدوق المـوانئ الاستثمـارى فـى عمليــات ماليــة متشـعبة ومعقـدة لتمـوه حقيقـة اسـتيلائها علـى أمـوال الصندوق ، ويشاركها فى ذلك المتهم الثانى / سعيد إسماعيل دشتى .

ويسـؤال / فـى دهيـران مـرمح أبـا الخيـل – محاميـة قلـم البنـك الأهلـى الكـويتى – بتحقيقـات النيابـة العامـة– شـهدت بـأن الحسـاب الجـارى رقـم ٢٠١٠٢٩٤٥٣٧٢٣٦٠.يخص شـركة كـى جـى إل للاسـتثمار متفـرع عنـه حسـابين رقمـى ٢٠٦٠٣٧٢٣٥٤٩٠٠١ و ٢٠٦٠٣٧٢٣٥٤٩٠٠٢، فتـح الحسـاب الرئيسـى بتاريـخ ٢٠٠٧/٢/٢٠ عبـر / يعقـوب عبـدالله الـوزان ( رئـيس مجلـس إدارة شـركة كـى جـى إل للاسـتثمار ) وكـان كـل مـن سـالف الـذكر والمتهمـة الأولـى / لازاريفـا ماريـا وأخـرين مخـولين بالتوقيـع عـن حسـاب الشـركة المشـار إليـه بموجـب تفـويض مـن /يعقـوب الـوزان رئـيس مجلـس إدارة الشـركة ، وأن العمليـات التـى تمـت علـى الحسـاب المـذكور متنوعــة بـين تحـويلات ماليـة وخصـم شـيكات وإيـداع وسـحب نقـدى ، كمـا يبينهـا كشـف الحسـاب ، إذ يبـين كشـف الحسـاب تاريـخ العمليـة ونوعهـا وقيمتهـا وإجمـالى الرصـيد ، وقـدمت كشـوف الحسـابات المشـار إليهـا أعـلاه وبيانـات المخـولين بـالتوقيع عنـه ، ونمـوذج فتـح الحسـاب ، وصـورة ضـوئية مـن شـهادة وزارة التجـارة والصنـاعة مؤرخـة ٢٠١٣/٤/٨ تفيـد بـأن يعقـوب الـوزان رئـيس مجلـس إدارة شـركة كـى جـى إل للاسـتثمار ، وأن المتهمة/ لازاريفا ماريا نائب الرئيس والعضو المنتدب للشركة المذكورة .

ويسـؤال / العنـود بـدر عبـدالرازق – محاميـة قلـم بنـك برقـان – بتحقيقـات النيابـة العامـة– شـهدت بـأن المتهمـة الأولـى / لازاريفـا ماريـا عميلـة لـدى البنـك بموجـب الحسـاب الجـارى رقـم ( ٢٠٦٠٢٥١٣١٦) المفتـوح بتاريـخ ٢٠٠٤/٢/١٣ تـديره المـذكورة لوحـدها بوصـفها صـاحبة الحسـاب ، وكـان بنـك برقـان يتلقـى أوامـر التصـرف علـى الحسـاب مـن العميلـة وينجزهـا ، كمـا

١٠٧

هـو ثابـت بكشـف الحسـاب الـذى يبـين حركـة الحسـاب بـين مـدين ودائـن على امتـداد الفتـرة مـن ٢٠٠٧/١/١ وحتـى ٢٠١٤/١٢/٣١ ، فيمـا كـان المتهم الثانى /سعيد إسماعيل دشتى صاحب الحساب الجارى رقم (٢٠٦٠١٢١٧٣١) المفتـوح بتـاريخ ٢٠٠١/١٢/٢٤ يـديره المـذكور بوصفـه صاحـب الحسـاب ، وكـان بنـك برقـان يتلقـى أوامـر التصـرف علـى الحسـاب مـن العميـل وينجزهـا كمـا هـو ثابـت بكشـف الحسـاب الـذى يبـين حركـة الحسـاب بـين مـدين ودائـن علـى امتـداد الفتـرة مـن ٢٠٠٧/١/١ وحتـى ٢٠١٤/١٢/٣١ ، كمـا أن شـركة مجموعـة المرابطـون الدوليـة للتجـارة العامـة والمقـاولات عميـل لـدى البنـك بموجـب الحسـاب الجـارى رقـم ٣١٦٠٠٠١٣١٩ المفتـوح بتـاريخ ٢٠٠٩/٩/٢١ مـن فـؤاد إسـماعيل دشـتى ، وكـان كـل مـن الأخيـر وسـعيد إسماعيل دشتي مخـولين بالتوقيـع عـن هـذه الشـركة باستمارة فتـح الحسـاب ، وإنـه يتضـح مـن كشـف الحسـاب للمتهم الثانى / سـعيد إسـماعيل دشـتى أنـه تلقـى بتـاريخ ٢٠١٠/١٠/٤ مبلـغ ٣٥٠٠٠٠ دينـار كـويتى " ثلاثمائـة وخمسـون ألـف دينـار كـويتى " ، فيمـا تلقـت شـركة المرابطـون الدوليـة سـالفة البيـان مبلـغ ٧١٩١٠٠ د ك " سـبعمائة وتسـعة عشـر ألـف ومائـة دينـار كـويتى " بتـاريخ ٢٠١٠/٨/٢٦ فـى حسـابها سـالف البيـان وارداً إليهـا مـن حسـاب شـركة كـى جـى إل للاسـتثمار لـدى البنـك الأهلـى الكويتـى علـى عمليتيـن الأولـى بمبلـغ ٤١٠٠٠٠ د ك ، والثانيـة بمبلـغ ٣٠٩١٠٠ د ك ، حولـت بعـد ذلـك شـركة المرابطـون هـذا المبلـغ ( إجماليـه سـبعمائة وتسـعة عشـر ألـف ومائـة دينـار كـويتى ) مـن حسـابها المـذكور إلـى حسـاب لازاريفـا ماريـا رقـم ٢٢١٠٢٠٠٢٥٢٣٢ لـدى بيـت التمويـل بتـاريخ ٢٠١٠/٩/١٥ ، وقدمـت المستندات الدالة على ذلك وكشوف الحسابات التى ذكرتها .

ويسـؤال / سـيد وليـد سـيد خالـد عبدالـرزاق – مـدير المؤسسـات الماليـة بينـك HSBC – بتحقيقـات النيابـة العامـة – شـهد بـأن صنـدوق المـوانئ الاسـتثمارى عميـل لـدى البنـك بموجـب الحسـابين رقمـى (٠٠١٠٠٤٠٠١٠٠١) ، (٠٠١٠٠٤٠........) الأول بعملـة

الــدولار الأمريكــى ، والثــانى بعملــة الــدينار الكــويتى ، فــتح الحســاب الأول بتـــاريخ ٢٠٠٧/٧/١٥ ، وفــتح الحســاب الثــانى بتــاريخ ٢٠٠٩/٥/٤ والـذى فـتح الحسـابين المـذكورين المتهمـة الأولـى /الازايفـا ماريـا بصـفتها الـرئيس التنفيـذى لهمـا ووقعـت بمفـاد ذلـك علـى طلـب فتحهمـا ، كمـا كانـت تـدير الحسـابين منفـردة دون أن يشـاركها أحـد فـى ذلـك ، وقـد تمـت عمليـات تحويــل الأمــوال مــن الحســابين بموجــب أوامــر تحويــل صــادرة مــن المتهمــة الأولـى سـالفة الـذكر ، اشـتملت الأوامـر علـى توقيعهـا ومبلـغ التحويـل ورقـم واسـم الحسـاب المسـتفيد ، ويـدلل علـى ذلـك كشـف الحسـاب ، وإنـه تبـين لـه مــن الكشــف الخــاص بالحســاب بعملــة الــدولار الأمريكــى أن الحســاب المشـار إليـه ابتـدأ بمبلـغ ٣٥٩٥٩٨٠ دولار أمريكـى " ثلاثـة ملايـين وخمسـمائة وتسـعة وخمسـون ألـف وتسـعمائة وثمـانون دولار " بتـاريخ ٢٠٠٧/٧/١٥ ، ثـم توالـت عمليـات الخصـم والإيـداع فـى الحسـاب المـذكور حتـى إغلاقـه بتـاريخ ٢٠١٣/٣/١٢ برصـيد ٢٣و٥٦ دولار أمريكـى " ثلاثـة وعشــرون دولار وخمســة وســتون ســنت" ، أمــا الحســاب الأخــر بالــدينار الكــويتى فقــد كــان رصــيده وقــت فتحــه يبلــغ ١٠٠٠٠ د ك " عشــرة آلاف دينـار كـويتى " ثـم توالـت عليـه عمليـات الإيـداع والخصـم حتـى أغلـق بتـاريخ ٢٠١٣/٣/١٢ برصـيد صـفر دينـار ، وقـدم صـوراً مـن كشـوف الحسـابات المـار بياناتهـا طويـت علـى أوامـر التحويـل وبياناتهـا المختلفـة ، وكـذا طلبـات فتح الحسابين .

ويسـأل / لطيفـة داود بوحميـد – محاميـة قلـم البنـك الأهلـى الكـويتى – بتحقيقــات النيابــة العامــة– شــهدت بــأن عــدد ٢١ عمليــة ماليــة جــرت علــى الحســاب الرئيســى لشــركة كــى جــى إل للاســتثمار رقــم ٠٦٠٣٧٢٣٥٤٩٢٠١ لـدى البنـك الأهلـى ، ذات صـلة بصـندوق المـوانئ الاسـتثمارى ومـن تلـك العمليـات القائمـة بهـا المتهمـة الأولـى :– العمليـة المؤرخـة ٢٠١٠/٨/١٥ :– عبـارة عـن تحويـل مـالى وارد مـن حسـاب صـندوق المـوانئ الاسـتثمارى بمبلـغ ٨٠٩و١٩١١٧ دينـار كـويتى " تسـعة عشـر ألـف ومائـة وسـبعة عشـر دينـار وثمانمائـة وتسـعة

١٠٩

فلساً " إلـى حسـاب شـركة كى جى إل للاستثمار لـدى البنك الأهلى الكويتى سـالف البيان ، كمـا أثبـت ذلـك إشـعار التحويـل ، والعمليـة المؤرخـة ٢٦/٨/٢٠١٠ عبـارة عـن تحويـل مـالى بمبلـغ ٣٠٩١٠٠ دينـار كويتى " ثلاثمائة وتسعة آلاف ومائـة دينـار كـويتى " صـادر مـن حسـاب شـركة كى جى إل للاسـتثمار سـالف البيان إلـى حسـاب شـركة المرايطـون الدوليـة رقـم ٣١٦٠٠٠١٣١٩ لـدى بنـك برقـان ، كمـا أثبـت ذلـك أمـر التحويـل الموقـع مـن المتهمـة الأولـى /الزاريفـا ماريـا بتاريخ ٢٥/٨/٢٠١٠ ، والعمليـة المؤرخـة ٢٦/٨/٢٠١٠ عبـارة عـن تحويـل مـالى بمبلـغ ٤١٠٠٠٠ دينـار كـويتى " أربعمائـة وعشـرة آلاف دينـار كـويتى " صـادر مـن حسـاب شـركة كى جى إل للاسـتثمار سـالف البيان لـدى البنـك الأهلـى الكويتـى إلـى حسـاب شـركة المرايطـون الدوليـة سـالف الـذكر لـدى بنـك برقـان ، كمـا أثبـت ذلـك أمـر التحويـل الموقـع مـن المتهمـة الأولـى لازاريفـا ماريـا مـؤرخ ٢٥/٨/٢٠١٠، والعمليـة المؤرخـة ٢/٩/٢٠١٠ عبـارة عـن تحويـل مـالى بمبلـغ ١٠٠٠٠٠٠ دينـار كـويتى " مليـون دينـار كـويتى " مـن حسـاب شـركة كى جى أل للاسـتثمار لـدى البنـك الأهلـى الكويتى سـالف البيان إلـى حسـاب شـركة كابيتـال لينـك رقـم ٠٦٠٣٧٥٥٩٩١٠٠١ لـدى البنـك الأهلـى الكويتى بنـاء علـى كتـاب صـادر مـن المتهمـة الأولـى بتـاريخ ٢/٩/٢٠١٠، والعمليـة المؤرخـة ٤/١٠/٢٠١٠: عبـارة عـن تحويـل مـالى بمبلـغ ٣٥٠٠٠٠ دينـار كـويتى مـن حسـاب شـركة كى جى إل للاسـتثمار سـالف البيان إلـى حسـاب المتهم الثـانى سـعيد إسـماعيل دشـتى رقـم ٢٠٦٠١٢١٧٣١ لـدى بنـك برقـان كمـا أثبـت ذلـك أمـر التحويـل الموقـع مـن المتهمـة الأولـى /لازاريفـا ماريـا فـى ٣/١٠/٢٠١٠، والعمليـة المؤرخـة ٢٦/١٠/٢٠١٠ عبـارة عـن تحويـل مـالى بمبلـغ ٢٠٠٠٠ دينـار كـويتى مـن حسـاب شـركة كى جى أل للاسـتثمار سـالف البيان إلـى حسـاب شـركة رابطـة الكويـت والخلـيج للنقـل برقـم ٠٠١٠٠١٥٠٢٠ لـدى بنـك "HSBC" ، كمـا أثبـت ذلـك أمـر التحويـل الموقـع مـن المتهمـة الأولـى /لازاريفـا ماريـا بتـاريخ

١١٠

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمتضمن لها الجنايتين رقمى ٠٤٧/٢٠١٣، ٠٤٧/٢٠١٤، ١٧١٩/٢٠١٤ جلسة ١١ / ١١ / ٢٠١٩ جنايات ٣/

٢٠١٠/١٠/٢٥، وأضافت بـأن رصيد شــركة كــى إل للاستثمار فى ٢٠١٤/١٢/٣١ فى هـذا الحسـاب رقـم ٠٦٠٣٧٢٣٥٤٩٢٠١ مبلـغ ٨٢٠و١٥٦٢٢١ دينـار كـويتى ، وفـى الحسـاب المتفـرع عنـه رقـم ٠٦٠٣٧٢٣٥٤٩٠٠١مبلـغ ٤٤٧و١٢٨٢دينـار كـويتى ، وفـى الحسـاب الثـانى المتفـرع عنـه رقـم ٠٦٠٣٧٢٣٥٤٩٠٠٢ مبلـغ ٢١و٦٤١٣دولار أمريكى .

ويسـؤال / أحمـد عبدالمحسـن أحمـد القطيفى – محـامى قلـم بيـت التمويـل الكـويتى – بتحقيقـات النيابـة العامـة – شـهد بـأن المتهمـة الأولـى لازاريفـا مارياعميـلة لـدى بيـت التمويـل بالحسـاب الجـارى رقـم ٢٢١٠١٠٠١٣٤٢٧وحسـاب التـوفير الممتـاز رقـم ٢٢١٠٢٠٠٢٥٢٣٢ بعملـة الـدينار الكـويتى لكلاهمـا ، وكصـاحبة الحسـابين والمخولـة بـالتوقيع عنهمـا ، وإنـه فتـح الحسـاب الأول بتـاريخ ٢٠١٠/١١/٢٥ مـن العميلـة المـذكورة بموجب شـهادة صـادرة مـن شـركة كـى إل للاستثمار أنهـا نائـب رئـيس مجلـس الإدارة والعضـو المنتـدب تتقاضـى راتبـاً شـهرياً قـدره ٨٥٠٠ دينـار كـويتى دون أن يتـوافر فـى التعريـف مصـادر أخـرى لـدخلها وأظهـر الكشـف الخـاص بالحسـاب المـذكور عـن الفتـرة مـن بدايـة ٢٠٠٧ حتـى ٢٠١٤/١٢/٣١ أن أول عمليـة تمـت عليـه بتـاريخ ٢٠١٠/١١/٢٥ وهـى عبـارة عـن تحويلـين داخليـين واردين إليهـا مـن حسـابها الأخـر لـدى بيـت التمويـل رقـم ٢٢١٠٢٠٠٢٥٢٣٢ الأول بمبلـغ ١١٣٩٤٥دينـار كـويتى ، والثـانى بمبلـغ ٨٦٢و١١٣٩٤٥دينـار كـويتى ثـم توالـت عمليـات الخصـم والإيـداع علـى الحسـاب حتـى كانـت أخـر عمليـة بتـاريخ ٢٠١٣/٥/٢٢ بمبلـغ ٥٨٢٥دينـار كـويتى وأن جميـع العمليـات تمتـا بمعرفـة المتهمـة الأولـى ، كمـا ورد إلـى حسـاب العميلـة رقـم ٢٢١٠٢٠٠٢٥٢٣٢ لـدى بيـت التمويـل الكـويتى بتـاريخ ٢٠١٠/٩/٢٥مبلـغ ٧١٩٠٠٠ دينـار كـويتى مـن حسـاب مجموعـة المرابطـون الدوليـة للتجـارة العامـة والمقـاولات رقـم ٣١٦٠٠٠١٣١٩

١١١

ببنك برقـان ،وقـدم كشـفى حسـاب للمتهمـة ومسـتندات التعريـف بهـا المفتوحة لدى البنك .

ويتـاريخ ٢٠١٧/٤/٢٦ أمـرت النيابـة بضـم القضـية الراهنـة رقـم ٢٠١٤/١٧١٩ حصـر أمـوال عامـة للقضـية الراهنـة رقـم ٢٠١٢/١٤٩٦ حصر أموال عامة ليصدر فيهما قراراً واحداً .

وإذ أطلعت المحكمة على المستندات المرفقة بملف الدعوى وهي : -

– تقريــر ديــوان المحاسـبة الخــاص بالملاحظـات التـى شـابت مسـاهمة مؤسسـة المـوانئ الكويتيــة فـى عقـد اكتتـاب والمشـاركة فـى صـندوق المـوانئ الاستثمارى .

– تقريـر ديـوان المحاسـبة الخـاص بمسـاهمة مؤسسـة المـوانئ الكويتيــة فـى صـندوق المـوانئ الاسـتثمارى بنـاء علـى طلـب لجنـة الميزانيـات والحسـاب الختـامى لإجـراء الفحـص الـدفترى والمسـتندى لاسـتثمار مؤسسـة المـوانئ الكويتيـة فـى صـندوق المـوانئ الاستثمارى وذلـك بنـاء علـى تكليـف مجلس الأمة.

– تقريــر ديـوان المحاسـبة بشـأن التجـاوزات والمخالفـات الماليـة التـى أسـفر عنهـا الفحـص الـدفترى لصـندوق المـوانئ الاستثمارى بشـأن مسـاهمة مؤسسـة المـوانئ الكويتيــة فـى صـندوق المـوانئ المـؤرخ ٢٠١٥/١١/١٠ بناء على طلب النيابة العامة .

– تقريـر ديـوان المحاسـبة عـن التجـاوزات والمخالفـات الماليــة التـى شـابت اسـتثمار المؤسسـة العامـة للتأمينـات الإجتماعيـة فـى صـندوق المـوانئ الاستثمارى المؤرخ ٢٠١٧/٢/١٥ بناء على طلب النيابة العامة .

– مرفقـات تقريـرى ديـوان المحاسـبة بشـأن التجـاوزات والمخالفـات الماليــة التـى أسـفر عنهـا الفحـص الـدفترى لصـندوق المـوانئ الاستثمارى بنـاء علـى طلب النيابة العامة .

صــورة قـرار محـافظ البنـك المركـزى رقـم ٢٠٠٧/٩٩/١ المـؤرخ ٢ مـن أن شـركة كـى جـى أل للاسـتثمار شـركة مسـاهمة كويتيــة مقفلـة تـاريخ تأسيسـها ٢٠٠٦/١١/٦ بـرأس مـال مصـرح مقـداره

١٥٠٠٠٠٠٠دينـــار كـــويتى ويـــأن المتهمـــة لازاريفـــا العضــو المنتـدب فيها والمتهم الثانى / سعيد إسماعيل دشتى عضو فى مجلس إدراتها .

– صــورة طلـب التأشـير فـى سـجل صنـاديق الاستثمار الصـادر عــن إدارة الشـركات المساهمة بـوزارة التجـارة والصنـاعة والمتضـمن أن شـركة كـى جى ال للاستثمار مدير التسويق لصندوق الموانئ الاستثمارى .

– صـورة رخصــة التسويق الخاصـة رقـم ٢٠٠٧/٢٤ الصـادرة فـى ٢٠٠٧/٥/٢٢ أن أغـراض صنـدوق المـوانئ الاستثمارى هـى تحقيـق معـدل عائـد داخلـى بنسـبة ٣٠% مستهدف علـى إجمالى استثمارات الصنـدوق عــن طريـق تقـديم الفرصـة للمستثمرين للاكتتاب فـى نمـو وتوحيـد الأعمـال ذات العلاقــة بالميناء والاستثمارات الأخـرى التـى تتيـح الفرصـة للاستثمار فيها والتـى تكـون لهـا علاقــة باستثمارات الصندوق وأن شـركة كـى جـى إل للاستثمار مـن أنشـأت الصندوق وأن شـركة كـى جـى إل كـايمن للاستثمار المحـدودة مـدير الصندوق وأن أمـين الاستثمارهو بنكHSBC الشرق الأوسط المحدود .

– صـورة ضـوئية مـن شـهادة وزارة التجـارة والصنـاعة مؤرخـة ٢٠١٣/٤/٨ تفيـد بـأن يعقـوب الـوزان رئـيس مجلـس إدارة شـركة كـى جـى أل للاستثمار ، وأن المتهمــة/ لازاريفـا ماريـا نائـب الـرئيس والعضـو المنتدب للشركة المذكورة .

– صـورة كتـاب الأمـين العام لمجلـس الـوزراء رقـم ٣١١/٢٠/١٠ المـؤرخ ٢٠١٠/٦/٢٩والـذى يتصـل بموضـوع مشـاركة مؤسسـة المـوانئ الكويتيـة فـى صنـدوق المـوانئ الاستثمارى الـذى أنشـأته شـركة كـى جـى أل للاستثمار ، وجـاء فيـه أن سـعيد إسماعيل دشتى مـن شـركة كـى جـى أل للاستثمار كتـب لـديوان سمو رئـيس مجلـس الـوزراء فـى ٢٠١٠/٧/٣ بطلـب إبـداء الـرأى فـى شـأن الموافقـة علـى مشـاركة مؤسسـة المـوانئ الكويتية فى صندوق الموانئ الاستثمارى الذى أنشأته الشركة المذكورة .

– صـورة كتـاب مـدير عـام مؤسسـة المـوانئ لـرئيس إدارة الفتـوى والتشـريع بشـأن طلـب رأى الفتـوى والتشـريع حـول مـدى إمكانيـة قيـام المؤسسـة

١١٣

بالاسـتثمار فـى صـندوق المـوانئ الاسـتثمارى وإرسـالها صـورة مشـروع العقد لإدارة الفتوى للتشريع حتى يتسنى اتخاذ ما يلزم لإتمام التعاقد .

– صـورة كتـاب مؤسسـة المـوانئ المرسـل لوكيـل ديـوان المحاسـبة بطلـب رأى ديـوان المحاسـبة حـول مـدى إمكانيـة قيـام المؤسسـة بالاسـتثمار فـى صندوق الموانئ الاستثمارى .

– صـورة كتـاب ديـوان المحاسـبة المرسـل لمـدير عـام مؤسسـة المـوانئ الكويتيـة والمـؤرخ ٢٠١٠/٧/١ والمتضـمن بـأن طلـب إبـداء الـرأى يخـرج عـن نطـاق الاختصاصـات المخولـة لـديوان المحاسـبة المنصـوص عليهـا فـى قـانون إنشـائه رقـم ٣٠لسـنة ١٩٦٤ وتعديلاتـه وأن الـديوان سـوف يقـوم بدوره الرقابى اللاحق على ما ينفذ .

– صـورة كتـاب إدارة الفتـوى والتشـريع لمـدير عـام مؤسسـة المـوانئ الكويتيـة بجـواز اكتتـاب مؤسسـة المـوانئ الكويتيـة فـى صـندوق المـوانئ الاستثمارى الذى أنشأته شركة كى جى إل للاستثمار .

– صـورة كتـاب مـدير عـام المؤسسـة لـرئيس إدارة الفتـوى والتشـريع والمـؤرخ ٢٠١٠/٦/١٦ والمتضـمن أن مؤسسـة المـوانئ أرسـلت صـورة مـن مشـروع عقـد مشـاركة مؤسسـة المـوانئ الكويتيـة فـى صـندوق المـوانئ الاسـتثمارى الـذى أنشـأته شـركة كـى جـى إل للاسـتثمار لإدارة الفتـوى والتشـريع وذلـك لمراجعتـه مـن الناحيـة القانونيـة حتـى يتسـنى اسـتكمال مـا يلزم من إجراءات لإتمام التعاقد بناء عليه وفقاً للقانون .

– صـورة كتـاب إدارة الفتـوى والتشـريع المرسـل لمـدير عـام المؤسسـة والمـؤرخ ٢٠١٠/٦/٢١ بشـأن إبـداء بعـض الملاحظـات علـى مشـروع العقد المرسل لها .

– صـورة كتـاب مـدير عـام مؤسسـة المـوانئ المرسـل لـرئيس إدارة الفتـوى والتشـريع والمـؤرخ ٢٠١٠/٦/٢٢ بشـأن طلـب المؤسسـة مـن إدارة الفتـوى والتشريع إعادة النظر فى الملاحظات المشار إليها .

– صـورة كتـاب إدارة الفتـوى والتشـريع المرسـل لمـدير عـام المؤسسـة والمـؤرخ ٢٠١٠/٦/٢٤ والمتضـمن أن إدارة الفتـوى والتشـريع أفـادت

١١٤

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

مؤسسة المـوانـئ بأنهـا   إذا رأت المؤسسـة عـدم الأخـذ بـبعض الملاحظـات التـى أبـدتها هـذه الإدارة فـى كتابهـا السابق فـإن هـذا يـدخل فـى نطـاق سـلطتها التقديريـة وفـى حـدود مسـئولياتها عـن إدارة مرفـق المـوانـئ والإشراف عليه ولاعتبارات التى تقدرها حسب طبيعة التعاقد .

– صـورة عقـد الاكتتـاب ومشـاركة مؤسسـة المـوانـئ الكويتيـة فـى صندوق المـوانـئ الاسـتثمارى المـؤرخ ٢٠١٠/٧/١٤ ونـص فـى تمهيـده أن الصندوق المشار إليـه يهـدف إلـى تحقيـق معـدل عائـد داخلـى بنسـبة ٢٠% علـى إجمالـى اسـتثمارات الصندوق ونصت المـادة الثانيـة منـه علـى مشـاركة المؤسسة فـى وحـدات الصـندوق بمبلـغ ٥٠مليـون دولار أمريكـى ونصـت المـادة الثانيـة عشـرة منـه علـى أن يخضـع العقـد للقـوانين الكويتيـة وأن تخـتص المحـاكم الكويتيـة بنظـر المنازعـات التـى تثـور بصـدد تنفيـذ بنـوده ومثـل مؤسسـة المـوانـئ الكويتيـة فـى التوقيـع عنـه نائـب رئيـس مجلس إدارتها المتهم الثالث/ محمد عبدالمحسن محمد العصفور .

– صـورة ملحـق العقـد المـؤرخ ٢٠١٣/٤/٩ بشـأن زيـادة حصـة مؤسسـة المـوانـئ فـى رأس مـال الصـندوق بمبلـغ ٣٥ مليـون دولار أمريكـى المبـرم بـين مؤسسـة المـوانـئ الكويتيـة ويمثلهـا وزيـر المواصـلات رئيـس مجلـس إدارة المؤسسـة سـالم مثيـب الأذينـة ، ويـبين شـركة كـى جـى إل للاسـتثمار ويمثلها يعقوب عبدالله الوزان بصفته رئيس مجلس الإدارة .

– صـورة كتـاب تحويـل مبلـغ مسـاهمة مؤسسـة المـوانـئ الكويتيـة فـى صـندوق المـوانـئ الاسـتثمارى المـؤرخ ٢٠١٠/٧/١٥ والموقـع مـن نائـب رئيس مجلس الإدارة المتهم الثالث/ محمد عبدالمحسن محمد العصفور.

– صـورة عقـد تأسـيس شـركة كـى جـى إل للاسـتثمار المـؤرخ ٢٠٠٦/١١/٩ والمتضـمن أن المـتهم الثالـث / محمـد عبدالمحسـن محمـد العصـفور طـرف مؤسـس فـى الشـركة المـذكورة ( الطـرف ٦٤١) يملـك فيهـا عبـد ٣٠ ألـف سـهم بقيمـة ٣٠٠٠دينـار كـويتى وأن المـتهم الثانـى / سـعيد إسماعيل دشتى وكيلاً عن كل الشركاء .

١١٥

– صـــورة عقـــود تأســـيس شـــركات الوطنيـــة للتنظيـــف وصـــبحان للمقـــاولات الزراعيـــة والثابـــت بهـــا أن المـــتهم الثالـــث / محمـــد عبدالمحسـن محمـــد العصفور طرف شريك فيها مع المتهم الثانى / سعيد إسماعيل دشتي .

– الصـور الضـــوئية للشـــيكات رقـــم ٢١٤٤٥٤ بتـــاريخ ٢٠١١/١٠/٢٥ بمبلـــغ ٥٠٠٠٠دينار كـــويتى ، ورقـــم ٢١٤٤٥٩ بتـــاريخ ٢٠١١/١١/١ بمبلـــغ ١٠٠٠٠دينـــار كـــويتى ، ورقـــم ٢١٤٤٦٥بتـــاريخ ٢٠١٢/٤/٩ بمبلـــغ ٥٠٠٠دينـــار كـــويتى ، ورقـــم ٢١٤٤٦٩بتـــاريخ ٢٠١٢/٤/١١ بمبلـــغ ١٨٠٠٠دينـــار كـــويتى المســـحوبة علـــى حســـاب صندوق الموانئ الاســـتثمارى رقـــم ٠١٠٠٤٠٠١٠٠١ لـدى بنـــك HSBC الكويـــت، والشـــيكات رقـــم ٦ بتـــاريخ ٢٠١٣/٦/٢٤ بمبلـــغ ٥٠٠٠٠دينـــار كـــويتى ، ورقـــم ٩ بتـــاريخ ٢٠١٣/٦/٢٦ بمبلـــغ ١٨٠٠٠دينـــار كـــويتى ، ورقـــم ١٩ بتـــاريخ ٢٠١٤/٢/١٣ بمبلـــغ ١٨٠٠٠دينـــار كـــويتى ، ورقـــم ٢٢ بتـــاريخ٢٠١٤/٢/٢٣ بمبلـــغ ٥٠٠٠دينـــار كـــويتى ، ورقـــم ٣٥ بتاريخ ٢٠١٤/١٢/١٥ مبلـــغ ١٨٠٠٠دينـــار كـــويتى المســـحوبة علـــى حســـاب صندوق المـوانئ الكويتى رقـم ٤٩٣٢٨٣٠٠٢ لـدى البنـك الأهلـى الكـويتى ، الصادرة من المتهمة الأولى .

– الصـورة الضـوئية مـن الشـيكات رقـم ٢١٤٤٥٣ بمبلـغ ٩٠٠٠ دينـار كـــويتى ، ورقـــم ٢١٤٤٥٨ بمبلـــغ ١٠٠٠٠دينـــار كـــويتى ، ورقـــم ٢١٤٤٦٤بمبلـــغ ٧٠٠٠دينـــار كـــويتى ، ورقـــم ٢١٤٤٦٨بمبلـــغ ١٨٠٠٠دينـــار كـــويتى )المســحوبة مـن حســاب صندوق المـوانئ الاســـتثمارى رقـــم ٠١٠٠٤٠٠١٢٦٠ لـدى بنـك HSBC، والصـور الضـوئية مـن الشـــيكات رقـــم ٣ بمبلـــغ ١٨٠٠٠دينـــار كـــويتى ، ورقـــم ٥ بمبلـــغ ٧٠٠٠دينـــار كـــويتى ، ورقـــم ١٨ بمبلـــغ ١٨٠٠٠دينـــار كـــويتى ، ورقـــم ٢٠ بمبلـــغ ٧٠٠٠دينـــار كـــويتى الصـــادرة مـن المتهمـــة الأولـى مـدير صندوق المـوانئ الاســتثمارى والمفوضـة بـالتوقيع علـى حســابات الصـندوق للمتهم الثانى / سعيد إسماعيل دشتي .

١١٦

– كشــوف الحســاب وصــور أوامــر التحويــل الخاصــة بحسابات صــندوق المــوانئ الاســتثمارى لــدى بنــك HSBC المرفقة بتقريــر عضــو ديــوان المحاسبة والثابت بها تحويل المتهمة الأولى مــدير صندوق الموانئ الاستثمارى والمفوضة بــالتوقيع علــى حسابات الصندوق أمــوال الصندوق مــن تلك الحسابات إلــى حسابات شركة كــى جــى إل للاستثمار " مدير الصندوق وشركات تابعة لها .

– صــور أوامــر التحويــل المرفقة بتقريــر عضــو ديــوان المحاســبة والمتضــمنة تحويــل المتهمة الأولــى مــدير صندوق الموانئ الاستثمارى والمفوضة بــالتوقيع علــى حسابات الصندوق أمــوال مــن حسابى صندوق المــوانئ الاستثمارى لــدى البنــك الأهلــى الكويتى إلــى حساب استثمار شركة أم بــى ســى جامـو MPC–GMO بعــد انتهاء اســتثمار الصندوق فــى الشــركة سالفة البيان مــن الحساب رقم ٠٠٢٤٩٣٢٨٣٠٠١، بإجمالى مبلــغ ١٤و٤٠١١٣٧دولار أمريكــى ، ومــن الحســاب رقــم ٠٠٢٤٩٣٢٨٣٠٠١لــدى البنــك الأهلــى الكــويتى مبلــغ ٦٨٠و٣٠٧٠٩٤دينار كويتى .

– كشــف التحويلات المالية المرفــق بتقريــر عضــو ديــوان المحاسبة تحويــل أمــوال مــن حســاب صنــدوق المــوانئ الاســتثمارى رقــم ٠٠١٠٠٤٠٠١٠٠١لــدى بنــك HSBC، إلــى شــركة رابطــة الكويــت والخلــيج للنقل بإجمالى مبلغ ٢٠٠٠٠دينار كويتى عشرون ألف دينار كويتى .

– صــورة نمــوذج فــتح حســاب شــركة كــى جــى إل للاستثمار لــدى البنــك الأهلــى الكــويتى ثابــت بــه أن الحســاب الرئيسى ٠٦٠٣٧٢٣٥٤٩٢٠١،للشــركة متفــرع عنــه حســابين رقــم ٠٦٠٣٧٢٣٥٤٩٠٠١ و ٠٦٠٣٧٢٣٥٤٩٠٠٢ وبيانــات المخــولين بــالتوقيع علــى هــذه الحسابات وأن الحســاب الرئيسى رقــم ٠٦٠٣٧٢٣٥٤٩٠٠١ فــتح بتــاريخ ٢٠٠٧/٢/٢٠ عبــر / يعقــوب عبــدالله الــوزان الرئيســى ( رئيس مجلس إدارة شركة كــى جى أل للاستثمار )وأن ســالف الــذكر مخــول بــالتوقيع عــن حساب الشــركة المشار

١١٧

إليـه وأن المتهمـة الأولـى / لازاريفـا ماريـا مخـول بـالتوقيع عـن حسـاب الشـركة المشـار إليـه بموجـب تفـويض مـن /يعقـوب الـوزان رئـيس مجلس إدارة الشركة .

– كشـوف حسابات شـركة كـى جـى إل للاستثمار لـدى البنـك الأهلى ثابـت بهـا تنـوع العمليـات التـى تمـت علـى الحسـاب بـين تحويـلات ماليـة وخصـم شـيكات وإيـداع وسـحب نقـدى ، وأن هنـاك عـدد مـن العمليـات جـرت علـى حسـاب شـركة كـى جـى إل للاستثمار رقـم ٠٦٠٣٧٢٣٥٤٩٢٠١ لـدى البنـك الأهلى الكويتى ، ذات صـلة بصـندوق المـوانئ الاستثمارى ومـن تلك العمليـات تحويـل مـالى بتـاريخ ٢٠١٠/١٠/٢٦ ومبلـغ ٢٠٠٠٠دينـار كـويتى مـن حسـاب شـركة كـى إل للاستثمار سالف البيـان إلـى حسـاب شـركة رابطـة الكويـت والخليج للنقـل رقـم ٠٠١٠٠١٥٠٢٠٠١ لـدى بنـك HSBC" ، وتحويـل مـالى بتـاريخ ٢٠١٠/١٠/٤ بمبلـغ ٣٥٠٠٠٠دينـار كـويتى مـن حسـاب شـركة كـى إل للاستثمار سالف البيـان إلـى حسـاب المـتهم الثـانى /سـعيد إسـماعيل دشـتى رقـم ٢٠٦٠١٢١٧٣١لـدى بنـك برقـان ، وتحويـل مـالى بتـاريخ ٢٠١٠/٨/١٥مـن حسـاب صـندوق المـوانئ الاستثمارى بمبلـغ ٨٠٩و٧١٩١١٧دينـار كـويتى " سـبعمائة وتسـعة عشـر ألـف ومائـة وسـبعة عشـر دينار وثمانمائـة وتسـعة فلسـاً " إلـى حسـاب شـركة كـى جـى إل للاستثمار لـدى البنـك الأهلى الكـويتى سـالف البيـان ، وتحويـل مـالى بتـاريخ ٢٠١٠/٨/٢٥ بمبلـغ ٣٠٩١٠٠دينـار كـويتى " ثلاثمائـة وتسـعة آلاف ومائـة دينـار " صـادر مـن حسـاب شـركة كـى جـى إل للاستثمار سـالف البيـان إلـى حسـاب شـركة المرابطـون الدوليـة رقـم ٣١٦٠٠٠١٣١٩لـدى بنـك برقـان ، وتحويـل مـالى بتـاريخ ٢٠١٠/٨/٢٥ بمبلـغ ٤١٠٠٠٠دينـار كـويتى " أربعمائـة وعشـرة آلاف دينـار كـويتى " صـادر مـن حسـاب شـركة كـى إل للاستثمار سالف البيان لـدى البنـك الأهلـى الكـويتى إلـى حسـاب شـركة المرابطـون الدوليـة رقـم ٣١٦ لـدى بنـك برقـان ، وتحويـل مـالى بتـاريخ ٢٠١٠/٩/٢ بمبلـغ ١٠٠٠٠٠٠دينـار كـويتى " مليـون دينـار كـويتى " مـن حسـاب شـركة

١١٨

كــى جــى إل للاســتثمار لــدى البنــك الأهلــى الكــويتى ســالف البيــان إلــى حســاب شــركة كابيتــال لينــك رقــم ٠٦٠٣٧٥٥٩٩١٠٠١لــدى البنــك الأهلــى الكويتى .

– صــورة أمــر التحويــل المــالى بتــاريخ ٢٦/١٠/٢٠١٠ بمبلــغ ٢٠٠٠٠دينــار كــويتى مــن حســاب شــركة كــى جــى إل للاستثمار رقــم ٠٦٠٣٧٢٣٥٤٩٢٠١ لــدى البنــك الأهلــى الكويتى إلــى حســاب شــركة رابطــة الكويــت والخلــيج للنقــل رقــم ٠٠١٠٠١٥٠٢٠٠١ لــدى بنــك "HSBC .

– صــورة أمــر التحويــل المــالى بتــاريخ ٤/١٠/٢٠١٠بمبلــغ ٣٥٠٠٠٠دينــار كــويتى مــن حســاب شــركة كــى جــى إل للاســتثمار رقــم ٠٦٠٣٧٢٣٥٤٩٢٠١ لــدى البنــك الأهلــى الكويتى إلــى حســاب المــتهم الثانى سعيد إساعيل دشتى رقم ٢٠٦٠١٢١٧٣١لدى بنك برقان .

– صــورة إشــعار التحويــل المــالى بتــاريخ ١٥/٨/٢٠١٠ الــوارد مــن حســاب صــندوق المــوائى الاســتثمارى بمبلــغ ٨٠٩و٩١٩١١٧دينــار كــويتى " ســبعمائة وتســعة عشــر ألــف ومائــة وســبعة عشــر دينــار وثمانمائــة وتســعة فلســاً " إلــى حســاب شــركة كــى جــى إل للاســتثمار لــدى البنــك الأهلــى الكويتى سالف البيان .

– صــورة أمــر التحويــل المــالى بتــاريخ ٢٥/٨/٢٠١٠بمبلــغ ٣٠٩١٠٠دينــار كــويتى " ثلاثمائــة وتســعة آلاف ومائــة دينــار " الصــادر مــن حســاب شــركة كــى جــى إل للاستثمار سالف البيان إلــى حســاب شــركة المرابطــون الدوليــة رقــم ٣١٦٠٠٠١٣١٩لــدى بنــك برقــان ، والموقــع مــن المتهمة الأولى /لازاريفا ماريا .

– صــورة أمــر التحويــل المــالى بتــاريخ ٢٥/٨/٢٠١٠ بمبلــغ ٤١٠٠٠٠دينــار كــويتى " أربعمائــة وعشــرة آلاف دينــار كــويتى " الصــادر مــن حساب شــركة كــى جــى إل للاستثمار ســالف البيــان لــدى البنــك الأهلــى الكــويتى إلــى حساب شــركة المرابطــون الدوليــة ســالف الــذكر لــدى بنــك برقان والموقع من المتهمة الأولى لازاريفا ماريا .

١١٩

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنائيين رقمى ٢٠١٣/٥٤٧، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

– صـــورة أمـــر التحويـــل المـــالى بتـــاريخ ٢٠١٠/٩/٢ بمبلـــغ ١٠٠٠٠٠٠دينــار كــويتى " مليــون دينــار كــويتى " مــن حســاب شـــركة كــى جــى إل للاســتثمار لــدى البنــك الأهلــى الكــويتى ســالف البيــان إلــى حســاب شــركة كابيتــال لينــك رقــم ٠.٦٠٣٧٥٥٩٩١٠٠١لــدى البنــك الأهلــى الكــويتى الصادر من المتهمة الأولى .

– كشـف حسـاب المـتهم الثـانى / سـعيد إسـماعيل دشـتى لـدى بنـك برقـان للحسـاب الجـارى رقـم ٢٠٦٠١٢١٧٣١ والثابـت بـه أنـه تلقـى بتـاريخ ٢٠١٠/١٠/٤مبلـــغ ٣٥٠٠٠٠دينـــار كـــويتى " ثلاثمائـــة وخمسـون ألـف دينـار كـويتى " ، واردأ إليـه مـن حسـاب شـركة كـى جـى إل للاسـتثمار لـدى البنك الأهلى الكويتى .

– كشـف حسـاب شـركة المرابطـون الدوليـة والثابـت بـه أنـه ورد إليهـا مبلـغ ٧١٩١٠٠د ك " سـبعمائة وتسـعة عشـر ألـف ومائـة دينـار كـويتى " بتـاريخ ٢٠١٠/٨/٢٦ فـى حسـابها رقـم ٣١٦٠٠٠١٣١٩ مـن حسـاب شـركة كـى جــى إل للاســتثمار لــدى البنــك الأهلــى الكــويتى علــى عمليتــين الأولــى بمبلــغ ٤١٠٠٠٠د ك ، والثانيـة بمبلـغ ٣٠٩١٠٠د ك ، حولـت بعـد ذلـك بتـاريخ ٢٠١٠/٩/١٥شـركة المرابطـون هـذا المبلـغ ( إجمـالى سـبعمائة وتسـعة عشـر ألـف ومائـة دينـار كـويتى)مـن حسـابها سـالف الـذكر إلـى حسـاب لازاريفا ماريا رقم ٢٢١٠٢٠٠٢٥٢٣٢ لدى بيت التمويل .

– بيـان بعمليـات التحويـل صـادر مـن بنـك برقـان ثابـت بـه أنـه ورد لشـركة المرابطـــون الدوليـــة مبلـــغ ٧١٩١٠٠د ك " ســبعمائة وتســعة عشــر ألــف ومائـة دينـار كـويتى " بتـاريخ ٢٠١٠/٨/٢٦ فـى حسـابها رقـم ٣١٦٠٠٠١٣١٩ مـن حسـاب شـركة كـى جـى إل للاسـتثمار لـدى البنـك الأهلــى الكــويتى علــى عمليتــين الأولــى بمبلــغ ٤١٠٠٠٠د ك ، والثانيــة بمبلـــغ ٣٠٩١٠٠د ك ، حولـــت بعـــد ذلـــك بتـــاريخ ٢٠١٠/٩/١٥شـــركة المرابطـون هـذا المبلـغ ( إجمـالى سـبعمائة وتسـعة عشـر ألـف ومائـة دينـار كـويتى) مـن حسـابها سـالف الـذكر إلـى حسـاب لازاريفـا ماريـا رقـم ٢٢١٠٢٠٠٢٥٢٣٢ لدى بيت التمويل .

١٢٠

الحكم رقم ٢٠١٢/١٤٩١ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنشم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

– صـــورة طلــب فــتح صـــندوق المـــوانئ للحســابين رقمـــى(٠٠١٠٠٤٠٠١١١٦٠)،(٠٠١٠٠٤٠٠١٠٠١) الأول بعملة الـــدولار الأمريكـــى ، والثـــانى بعملـــة الـــدينار الكـــويتى لـــدى بنــك HSBC ثابـــت بهمـــا أن الحســاب الأول فـــتح بتـــاريخ ٢٠٠٧/٧/١٥ ، وفــتح الحســاب الثـــانى بتـــاريخ ٢٠٠٩/٥/٤ والـــذى فـــتح الحسـابين المـــذكورين المتهمـــة الأولـــى /لازاريفـــا ماريـــا بصـــفتها الـــرئيس التنفيـــذى لهمــا ، وأنهــا تدير الحسابين .

– كشـــوف حسـابى صـــندوق المـــوانئ الاستثمارى لـــدى ببنــك HSBC للحســـابين رقمـــى (٠٠١٠٠٤٠٠١١١٦٠) ، (٠٠١٠٠٤٠٠١٠٠١) الأول بعملـــة الـــدولار الأمريكـــى ، والثـــانى بعملـــة الـــدينار الكـــويتى ثابــت بهــا أوامـــر تحويـــل الصـــادرة مـــن المتهمـــة الأولـــى ، ومبلــغ التحويــل ورقـــم واســم حساب المستفيد .

– صـــورة طلـــب فـــتح المتهمـــة الأولـــى/ لازاريفـــا ماريـــا للحســـاب الجـــارى رقـــم ٢٢١٠١٠٠١٣٤٢٧وحســـاب التـــوفير رقـــم ٢٢١٠٢٠٠٢٥٢٣٢ بعملـــة الـــدينار الكـــويتى لـــدى بيت التمويـــل الكـــويتى والمخـــول بـــالتوقيع عنهمــا المتهمة الأولى .

– كشـــوف حسـابى المتهمـــة الأولـــى/ لازاريفـــا ماريـــا الكـــويتى لـــدى بيت التمويـــل الكـــويتى للحســاب الجـــارى رقــم ٢٢١٠١٠٠١٣٤٢٧وحســـاب التـــوفير رقـــم ٢٢١٠٢٠٠٢٥٢٣٢ ثابــت بهمــا العمليـــات التـــى تمـــت علــى هـــذين الحســابين وأنـــه ورد لحســابها رقـــم ٢٢١٠٢٠٠٢٥٢٣٢ بتـــاريخ ٢٠١٠/٩/١٥ مبلــغ ٧١٩٠٠٠د ك " سـبعمائة وتسـعة عشـر ألـف دينـار كـويتى مـن حسـاب شـركة المرابطـون الدوليـة رقـم ٣١٦٠٠٠١٣١٩ لـدى بنك برقان .

– ترجمـــة باللغـــة العربيـــة لصـــورة الكتـــاب المرســـل مـــن المتهـــم الثـــانى / سعيد إسماعيل دشتى ( بصفته مدير شـركة Clark  Gateway Group, Investment إلـى المتهمـــة الأولـــى /لازاريفـــا ماريـــا عــن GLObal  Gateway  Development  Corporation

١٢١

والمتضـمن أنـه فـى تـاريخ ٢٠١٤/٤/١١ قامـت شـركة Clark Gateway Investment Group بشراء ١٠٠% مـن الأسـهم القائمــة فـى شــركة GLObal Gateway Development Corporation .

– صــور للمكاتبــات المتبادلــة بــين شـركتى كــى إل للاسـتثمار والشـركة الموحـدة للنقـل والبنـك الأردنـى الكويتـى مـن قيـام شـركة كــى جـى إل بتقـديم كفالة بنكية للشركة الموحدة بمبلغ ٩٠٠٠٠٠دولار أمريكى .

– صـورة اتفاقيـة تقـديم الكفالـة البنكيـة المشـار إليهـا أعـلاه المبرمـة فـى ٢٠٠٩/٦/٢٧ بــين صــندوق المــوانئ الاسـتثمارى والشـركة الموحـدة للنقـل والثابـت بهـا أن المـتهم الثـانى / سـعيد إسـماعيل دشـتى مثـل الشـركة الموحدة فى التوقيع على هذه الاتفاقية .

– الصــورة الضــوئية مــن عقــد تعــديل شـركة المرابطـون الدوليــة المـؤرخ٢٠٠٧/١/٢٨ والمتضــمن أن المــتهم الثــانى / سـعيد إسـماعيل دشتى يملك عدد ٧٥حصة من إجمالى ١٠٠حصة .

– صـورة عقـد تأسـيس شـركة كــى جـى إل للمـوانئ والتخـزين والنقـل المـؤرخ ٢٠٠٤/٧/٢٤ ثابـت بـه أن المـتهم الثـانى / سـعيد إسـماعيل دشـتى عضـو مؤسـس فـى هـذه الشـركة بصـفته ممـثلاً لشـركة رابطـة الكويـت والخلـيج للنقل المؤسسة ١٩٨٣/٥/١ .

– كتـاب مـدير عـام مؤسسـة المـوانئ الكويتيـة المـؤرخ ٢٠١٥/١٢/٢ والمتضـمن أن البيـان الختـاسى لمؤسسـة المـوانئ الكويتيـة للسـنة الماليـة ٢٠١٥/٢٠١٤ الخـاص باسـتثمار المؤسسـة فـى صـندوق المـوانئ الكويتيـة تـم تصـحيحه إلـى عـدم تسـجيل أى مبـالغ إضـافية أو أربـاح خاصـة بصندوق الموانئ الاستثمارى فى دفاتر المؤسسة .

– بــلاغ وزيـر المواصــلات المــؤرخ ٢٠١٣/١١/٤ والمتضـمن بيانـاً حـول الـادة السـابعة مـن عقـد مشـاركة مؤسسـة المـوانئ الكويتيـة فـى صـندوق المـوانئ الاسـتثمارى بمـا نصـت عليـه مـن التـزام طرفـى العقـد بنشـرة الاكتتـاب ووثائقهـا باعتبارهـا جـزء لا يتجـزأ مـن العقـد والتـى جـاء فيهـا أى

١٢٢

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

نشـرة الاكتتـاب أن متوسـط العائـد علـى اسـتثمارات الصنـدوق يبلـغ نسـبة ٣٠% بيـد أنـه تمـت مخالفـة هـذه المـادة وتخفيـض ذلـك العائـد إلـى نسـبة ٢٠% فـى عقـد الاكتتـاب ، وأن ثمـة علاقـة تضـارب مصـالـح بيـن نائـب رئيـس مجلـس إدارة مؤسسـة المـوانـئ الكويتيـة المتهـم الثالـث / محمـد عبدالمحسن محمد العصفور ، وشركة كى جى إل للاستثمار  .

– بيـان بالمساهمين  فـى صندوق المـوانئ الاستثمارى وحصصهـم فـى رأس مالهـم الأتـى :- مؤسسـة المـوانئ الكويتيـة مبلـغ ٨٥٠٠٠٠٠٠دولار أمريكـى ، والمؤسسـة العامـة للتأمينـات الاجتماعيـة مبلـغ ٤٠٤٠٠٠٠٠دولار أمريكـى ، والهيئـة العامـة للتعاقـد والتأمينـات الاجتماعيـة ( قطـر ) مبلـغ ٩٩٩٧٨٠دولار أمريكـى ، شـركة بهبانـى للاسـتثمار مبلـغ ١٣٣٠٠٠٠ دولار أمريكـى ، مؤسسـة الخليـج للاسـتثمار مبلـغ ٢٠٠٠٠٠٠دولار أمريكـى ،يعقـوب بهبـانـى مبلـغ ١٠٢٩٩٧٦ دولار أمريكـى ، الشـركة الأهليـة القابضـة مبلـغ ٣٠٩٠٠٠٠دولار أمريكـى ، شـركة إعـادة التـامين الكويتيـة ٢٠٢٤٠٠٠دولار أمريكـى ، الشـركة الأهليـة للتـأمين مبلـغ ٣٠٢٦٠٠٠دولار أمريكـى ، محمـد علـى النقـى مبلـغ ٣٠٠٠٠٠٠دولار أمريكـى ، حجـم مسـاهمتى مؤسسـتى المـوانـئ والتأمينـات الاجتماعيـة الكويتيـة فـى صنـدوق المـوانئ مبلـغ ١٢٥٤٠٠٠٠٠دولار أمريكـى ( نسـبة الأمـوال العامـة )٢٢و ٧٤% ، وذلـك حسـبما ورد بتقريـر ديـوان المحاسبة.

– كتـاب المؤسسـة العامـة للتأمينـات الاجتماعيـة ثابـت بـه أنـه تـم تحويـل مبلـغ ٤٥٥و ٦٨٤و ٧ دولار أمريكـى بتاريـخ ٢٠١٦/١٠/١٧ إلـى حسـاب المؤسسـة ( الأهلـى المتحـد لنـدن ) مـن حسـاب شـركة كـلارك جيتـوراى أنفسـتمنت جـروب إل بـى نتيجـة التخـارج مـن أحـد الأصـول ، كمـا تـم تحويـل مبلـغ ١٣٨و٢٠١و ٧٩ دولار أمريكـى بتاريـخ ٢٠١٩/٢/٥ إلـى حسـاب المؤسسـة ( الأهلـى المتحـد لنـدن ) مـن حسـاب شـركة بـورت لينـك جـى بـى ليميتـد فـى بنـك نـور نتيجـة التخـارج مـن أحـد أصـول الصنـدوق علمـاً بـأن

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

حصـــة المؤسســة مــن هــذا التخــارج كمــا هــو مبيــن مــن رســالة مــدير الصــندوق المؤرخــة ٢٠١٧/١١/٢١ تبلــغ ٦٩٣و٢٠و٥و٨٧ دولار أمريكــى ومــن ثــم فــإن المبلــغ البــاقى والمستحق للمؤسســة ٥٥٥و٣١٩و٨ دولار أمريكــى وقــد خاطبــت المؤسســة مــدير صنــدوق المــوانئ بكتابهــا رقــم ع ت أ / ٩٥٠/٦٦٣٠٤/م المــؤرخ ٢٠١٨/١٢/٢ بأنهــا ســوف تفــرض غرامــة تــأخير بقيمــة ٦٩و٢٨٩و٨٦٠و٥ دولار أمريكــى نظــراً لانقضــاء مــا يقــارب ٣٧٦ يومــاً مــن تــاريخ بيــع كافــة مشــاريع وأصــول الصنــدوق علمــاً بــأن إجمــالى المبلــغ المســتحق للمؤسســة علــى مــدير الصنــدوق ٦٩و٨٤٤و١٧٩و١٤ دولار أمريكى  .

وحيــث قامــت المتهمــة الأولــى بســداد مبلــغ ١٢٩ ألــف دينــار كــويتى خزينــة المحكمــة لصــالح نيابــة الأمــوال العامــة بموجــب شــيك مــؤرخ ٢٠١٦/٨/١٧  .

ــ إيصــال ســداد المتهمــة الأولــى مبلــغ ١٢٩ ألــف دينــار كــويتى خزينــة المحكمــة لصــالح نيابــة الأمــوال العامــة بموجــب شــيك مــؤرخ ٢٠١٦/٨/١٧  .

وحيــث قامــت المتهمــة الأولــى بســداد مبلــغ ٤٤٢ دينــار كــويتى نقــداً خزينــة المحكمــة لصــالح نيابة الأموال العامة بتاريخ ٢٠١٦/٩/٢٠  .

ــ إيصــال ســداد المتهمــة الأولــى مبلــغ ٤٤٢ دينــار كــويتى نقــداً خزينــة المحكمــة لصــالح نيابــة الأمــوال العامــة بتــاريخ ٢٠١٦/٩/٢٠ علــى أن يودع أمانة لحين الفصل فى الدعوى  .

وحيــث قامــت المتهمــة الأولــى بســداد مبلــغ ٦٠٦٠ دولار أمريكــى لصالح نيابة الأموال العامة لحين الفصل فى الدعوى  .

وحيــث قــام المــتهم الثــانى بســداد مبلــغ ١٢١ ألــف دينــار كــويتى خزينــة المحكمــة لصــالح نيابــة الأمــوال العامــة بموجــب شــيك مــؤرخ ٢٠١٦/١/٢٧  .



١٢٤

– إيصال سداد المتهم الثانى مبلغ ١٢١ ألف دينار كويتى خزينة المحكمة لصالح نيابة الأموال العامة بموجب شيك مؤرخ ٢٠١٦/١/٢٧ على أن يودع امانة لحين الفصل فى الدعوى .

<u>وحيث تداولت الدعوى بالجلسات على النحو الثابت بمحاضرها أمام الدائرة رقم ٢ جنايات</u> وحضر المتهمين الثلاثة بشخصهم وحضر مع كل متهم محامياً مدافعاً عنه ، والمحكمة انتدبت مترجماً وقامت بتحليفه اليمين القانونية ليترجم ما يملى عليه بالصدق والأمانة للمتهمة الأولى ، ويسؤال كل متهم عما أسند إليه من اتهام أنكر ، وحضرت المبلغة / منى عبدالمنعم محمود عبدالوهاب بوكيل عنها محام وأدعى مدنياً بمبلغ ٥٠٠١ دينار كويتى على سبيل التعويض المدنى المؤقت وقدم إيصال سداد الدعوى المدنية ، كما قدم مذكرة بدفاعه طالعتها المحكمة وألمت بها طلب فى ختامها الحكم بمعاقبة المتهمين طبقاً لمواد الاتهام ، وفى الدعوى المدنية بإلزامهم جميعاً بأن يؤدوا للمدعية بالحق المدنى مبلغ التعويض المدنى المؤقت المطالب به مع إلزامهم المصروفات ومقابل اتعاب المحاماة الفعلية ، وحضر محامى الحكومة عن مؤسسة الموانئ الكويتية وأدعى مدنياً بمبلغ خمسة آلاف وواحد دينار كويتى على سبيل التعويض المدنى المؤقت وقدم صحيفة إدعاء مدنى طالعتها المحكمة وألمت بها طلب فى ختامها الحكم أولاً :- بقبول الدعوى شكلاً ، ثانياً :- وفى الموضوع :- بالزام المدعى عليهم (المتهمين ) بالتضامن فيما بينهم بأن يؤدوا للمدعى بالحق المدنى بصفته تعويضاً مادياً وأدبياً مؤقتاً قدره خمسة آلاف وواحد دينار كويتى على سبيل التعويض المدنى المؤقت مع الزامهم المصروفات ومقابل أتعاب المحاماة ، كما قدم حافظة مستندات طالعتها المحكمة وألمت بها صورة ضوئية من التقرير العاشر للجنة حماية الأموال العامة بمجلس الأمة بشأن التجاوزات التى لحقت بالأموال العامة من قبل شركة كى جى إل للاستثمار ، وحضر محامى المؤسسة العامة للتأمينات الاجتماعية وأدعى مدنياً بمبلغ خمسة آلاف وواحد دينار كويتى على سبيل التعويض المدنى المؤقت وقدم صحيفة إدعاء مدنى طالعتها المحكمة وألمت بها طلب فى ختامها الحكم على المتهمين بعد إنزال أقصى العقوبة المقررة عليهم طبقاً لمواد الاتهام بإلزامهم بأن يؤدوا للمؤسسة مبلغ خمسة آلاف وواحد دينار كويتى على سبيل التعويض المدنى المؤقت مع إلزامهم بالمصروفات ، وبجلسة ٢٠١٨/٢/٤ أحضر المتهمين الأولى والثانى من محبسهما ، وحضر المتهم الثالث بشخصه وحضر مع كل متهم محامياً مدافعاً عنه ، وحضر وكيل المدعية بالحق المدنى/ منى عبدالمنعم محمود عبدالوهاب ،

وحضر محامى الحكومة عن مؤسسة الموانئ الكويتية ، واستمعت المحكمة إلى شهادة / حمد أحمد حمد العلبان – عضو ديوان المحاسبة – معد تقرير الفحص – بناء على طلب دفاع المتهمين – حيث شهد أنه أعد تقرير الفحص بشأن مساهمة مؤسسة الموانئ الكويتية فى صندوق الموانئ الاستثمارى بناء على تكليف من مجلس الأمة فى عام ٢٠١٢ بشأن ما شاب اكتتاب مؤسسة الموانئ الكويتية فى صندوق الموانئ الاستثمارى وكان هناك شكوى من إحدى موظفات شركة كى جى إل قتم طلبه بداية وسؤاله كشاهد عن موضوع الاكتتاب ثم عقب ذلك قامت لجنة حماية الأموال بمجلس الأمة بتكليف ديوان المحاسبة بإعداد تقرير تفصيلى بكافة التجاوزات والتعديات التى تمت على الأموال العامة فتم إعداد هذا التقرير وتسليمه لمجلس الأمة ثم أعقب ذلك تكليفه من قبل النيابة العامة بإعداد تقرير تكميلى بشأن هذه التجاوزات وأنه اعتمد فى فحصه على مستندات خاصة باكتتاب مؤسسة الموانئ فى الصندوق وكشوف البنوك الخاصة بالصندوق والبيانات المالية الخاصة بالصندوق ، وأنه بالنسبة للتقرير الخاص بمجلس الأمة كان هناك عمل من ديوان المحاسبة برئاسته وبالنسبة للتقرير المقدم للنيابة العامة فقام بإعداده بمفرده وأنه أسفر فحصه بأن صندوق الموانئ تم إنشائه فى عام ٢٠٠٧ حيث تم تأسيسه من قبل شركة كى جى إل للاستثمار فى جزر الكايمن وتم الحصول على الموافقات من الجهات الرقابية بالدولة وأن القائم بإعداد نشرة الاكتتاب شركة كى جى إل وقد تضمنت النشرة بأن عوائد الصندوق ٣٠% مستهدفة ، وأنه فيما يتعلق بتسويق نشرة الاكتتاب داخل البلاد فبالنسبة لمؤسسة الموانئ الكويتية تم مخاطبة مجلس الوزراء من قبل المتهم الثانى لدعوة مؤسسة الموانئ الكويتية للاكتتاب فى الصندوق أما فيما يتعلق بمؤسسة التأمينات الاجتماعية فتم مخاطبتها مباشرة عن طريق شركة كى جى إل للاستثمار ويعدم علمه سبب إنشاء صندوق الموانئ الاستثمارى فى جزر الكايمن وأنه لا توجد استثمارات خاصة بالصندوق فى هذه الجزيرة وأن المؤسسة العامة للتأمينات الاجتماعية ساهمت فى هذا الصندوق بمبلغ ٤٠ مليون دولار أمريكى ، ومؤسسة الموانئ الكويتية ساهمت فى هذا الصندوق بمبلغ ٨٥ مليون دولار أمريكى وأن فهد الرجعان رئيس مجلس إدارة المؤسسة العامة للتأمينات الاجتماعية هو من مثلها فى التعاقد ، والمتهم الثالث / محمد عبد المحسن العصفور نائب رئيس مجلس إدارة الموانئ هو من مثل مؤسسة الموانئ الكويتية فى التعاقد وأنه من المفروض أن تكون تحت أيدهم نشرة الاكتتاب قبل توقيع العقد وأن نشرة الاكتتاب حددت العوائد ٣٠% ، وقد تم تحديد تلك العوائد بنسبة ٢٠% فى عقد اكتتاب

مؤسسة الموانئ الكويتية وبسبب ذلك وجود مصالح مشتركة بين المتهمين الثانى والثالث حيث تربطهم علاقة شراكة فى عدد من الشركات بالإضافة إلى أن المتهم الثالث أحد مؤسسى شركة كى جى إل للاستثمار ، وأنه يوجد مجلس استشارى للصندوق يتكون من ممثلين الجهات الحكومية ويقوم بإعداد تقارير زيارات مهام رسمية ولأعمال الصندوق ومن خلال فحصه لم يجد ما يدل على وجود نشرات دورية سوى البيانات المالية ، وأن شركة كى جى إل للاستثمار لم تودع حصتها البالغة عشرين مليون دولار أمريكى فى الصندوق ، وأن صندوق الموانئ يمتلك مدينة صباح الأحمد اللوجستية بالفلبين بالإضافة إلى عدد استثمارات وذلك بحسب البيانات المالية التى أطلع عليها فإن تلك الاستثمارات موجودة وتم نقلها لأطراف أخرين منها مدينة صباح الأحمد اللوجستية ، وأن استيلاء المتهمة الأولى بدون وجه حق على مبلغ ١٢٩٤٤٢ دينار كويتى ، ومبلغ ٦٠٦٠دولار أمريكى من أموال الصندوق صحيح حسب إطلاعه على الكشوفات والمستندات والتى تثبت بأنه تم تحويل هذه المبالغ لحساباتها الشخصية من حساب الصندوق ، كما قامت المتهمة الأولى بتسهيل الاستيلاء بغير حق لشركة كى جى أل للاستثمار على مبلغ ٧١٩١٠٠دينار كويتى " سبعمائة وتسعة عشر ألف ومائة دينار كويتى " المملوك لصندوق الموانئ الاستثمارى ، بأن قامت بتحويل هذا المبلغ من حساب صندوق الموانئ الاستثمارى إلى حساب شركة كى جى إل للاستثمار ثم قامت بتحويل هذا المبلغ  إلى شركة المرابطون الدولية المملوكة للمتهم الثانى / سعيد إسماعيل دشتى ، كما قامت  بتسهيل الاستيلاء بغير حق لشركات (كى جى إل للاستثمار ، ورابطة الكويت والخليج للنقل ، وكى جى إل الدولية للموانئ والتخزين والنقل ، كى جى إل أم أن القابضة ، بترولينك القابضة ، كى جى إل آسيا ROHQ ، كابيتال لينك القابضة ، كى جى إل البترولية ، كلارك جيت وإى انفستمنت جروب ) على مبلغ إجمالى مقداره ١٠٥٩٠٠٠دينار كويتى " مليون وتسعة وخمسون ألف دينار كويتى " ، ومبلغ ٦٨و٨٩٧٦٤٥٣٣دولار أمريكى " تسعة وثمانون مليون وسبعمائة وأربعة وستون ألف وخمسمائة وثلاثة وثلاثون دولار وثمانية وستون سنتاً أمريكياً " والمملوكين لصندوق الموانئ الاستثمارى وأنه لا توجد أى علاقة لهذه الشركات بصندوق الموانئ وأنها شركات تابعة وزميلة لشركة كى جى إل للاستثمار مؤسسة الصندوق ، كما قامت المتهمة الأولى بتسهيل الاستيلاء  بغير حق لشركة MPC-GMO على مبلغ إجمالى مقداره ٦٨٠و٣٠٧٠٩٤ دينار كويتى " ثلاثمائة وسبعة آلاف وأربعة وتسعون دينار وستمائة وثمانون فلساً كويتياً " ، ومبلغ ١٤و٠١١٣٧دولار أمريكى "

أريعمائة وواحد ألف ومائة وسبعة وثلاثون دولار وأربع عشر سنتاً أمريكياً " المملوكين لصندوق الموانئ الاستثمارى حيث أن تلك المبالغ تم تحويلها للشركة المذكورة بعد التخارج من صندوق الموانئ الكويتى وأن المذكور فى البيانات المالية أنه تم تسوية الشركة المذكورة وإنتهاء عملية التخارج ثم عادوا وذكروا بالبيانات المالية أن هذه المبالغ كانت لتسديد ميالغ لتسوية الشركة المذكورة ، كما قامت بتسهيل الاستيلاء بغير حق لشركة كى جى إل الدولية للموانئ والتخزين والنقل التى يملكها المتهم الثانى / سعيد إسماعيل دشتى وأخرين على مبلغ ٢٠٦٠٠٠٠٠دولار أمريكى " عشرون مليون وستمائة ألف دولار أمريكى" المملوك لصندوق الموانئ الاستثمارى فى صورة قرض وهو ما يتنافى مع الغرض الذى أنشأ من أجله الصندوق وتم تحويل هذا القرض إلى أسهم بشركة دييكو الموجود بمصر وهى تعتبر من الاستثمارات المتعثرة وشركة كى جى إل للموانئ والتخزين إحدى المؤسسين لشركة دييكو المتعثرة ، كما قامت بتسهيل الاستيلاء بغير حق لشركة الموحدة للنقل البرى الأردنية المملوكة للمتهم الثانى / سعيد اسماعيل دشتى وأخرين على مبلغ ٩٠٠٠٠٠دولار أمريكى " تسعمائة ألف دولار أمريكى "، ومبلغ ٢٠٠٠٠٠دينار كويتى " مئتا ألف دينار كويتى " ، كما قامت بتسهيل الاستيلاء بغير حق للمتهم الثانى / سعيد إسماعيل دشتى على مبلغ إجمالى مقداره ٣٥٠٠٠٠دينار كويتى " ثلاثمائة وخمسون ألف دينار كويتى " المملوك لصندوق الموانئ الاستثمارى ، كما قامت بتسهيل الاستيلاء بغير حق لشركة CLARK GATEWAY INVESTMENT GROUP المملوكة للمتهم / سعيد إسماعيل دشتي الاستيلاء على مبلغ إجمالى مقداره/ ٧٩١٦٩٦٦٢دولار أمريكى " تسعة وسبعون مليون ومائة وتسعة وستون ألف وستمائة واثنان وستون دولار أمريكى " المملوكة لشركة GATEWAY Development Corrporation ، بأن نقلت ملكية الشركة الأخيرة إلى الشركة الأولى التى يملكها المتهم الثانى سالف الذكر ، حيث أن الشركة الأخيرة تمتلك مشروعى مدينة صباح الأحمد اللوجستية والمدينة الطبية فى الفلبين ، وأن تدقيق البيانات المالية للصندوق يخضع لمعايير المحاسبة الدولية الموحدة وأن تقارير التدقيق للصندوق التى تم إعدادها من مدققى الحسابات مكتب بى دى أو ، وقيس النصف ، ورستيفى خاطئة وتوجد بها مخالفات متعددة منها مخالفة عدم قيام شركة كى جى إل للاستثمار بسداد حصتها فى الصندوق ، وأنه أطلع على نشرة الاكتتاب للصندوق المحررة باللغة الإنجليزية وهو وفريق العمل ولم يكن لها ترجمة باللغة العربية وأنه يجيد قراءة العقود باللغة الإنجليزية ، وأنه أطلع حال فحصه وإعداد

التقرير على أصول المستندات أو صورة طبق الأصل منها ، وبأن صندوق الموانئ حسب نشرة الاكتتاب والعقود المبرمة هو الذى يتحمل المصروفات العمومية والإدارية ، وبمواجهته بما شهد به بتحقيقات النيابة العامة بأن صندوق الموانئ لم يقم بتوزيع أرباح سنوية على المساهمين  قرر بأنه قصد فى تحقيقات النيابة العامة أنه لم يتم توزيع أى أرباح بعد انتهاء عمر الصندوق وقبل التمديد له ولم يقصد توزيع أرباح سنوية ، وبمواجهته بما شهد به أيضاً بتحقيقات النيابة العامة بشأن الاتهام الثالث المنسوب للمتهمة الأولى من أن مبلغ مليون وتسعة وخمسين ألف دينار كويتى قامت المتهمة الأولى بتحويلها من حساب الصندوق لحساب شركة كى جى إل للاستثمار وما هو ثابت بالكشف المقدم منه للنيابة العامة والمرفق بتقريره والمتضمن بأن المبلغ المحول من الصندوق لشركة كى جى إل قدره مليون دينار وما هو ثابت بكشف الحساب لدى البنك الأهلى بأن المبلغ الذى تم تحويله قدره ألف دينار كويتى وليس مليون دينار كويتى قرر بأنه يحتاج للإطلاع على المستندات ، وبمواجهته بأن شركة بتروليتك القابضة حلت محل الشركة الأهلية القابضة فى الصندوق قرر بأنه لاعلم له بذلك وعلى حد علمه بأن شركة بتروليتك القابضة لم تقم بسداد كامل حصتها وأن مصدر معلوماته البيانات المالية للصندوق ، وأن شركة كى جى إل أم إن القابضة وشركة كى جى إل انفستمنت بى لا يعلم ملاكها ، وأن شركة كلارك جيت واى مملوكة للمتهم الثانى بناء عل المخاطبات بين المتهمة الأولى والثانى ، وبمواجهته بما جاء بالصفحة رقم ٩٧ من نشرة الاكتتاب بأن من ضمن أدوات الاستثمار للصندوق أدوات الدين القابلة للتحويل إلى أسهم قرر بأن الذى يقصده بأن منح القرض لإحدى الشركات التابعة لشركة كى جى إل للاستثمار وليس الغرض للبحث عن الفرص الاستثمارية وهو ما يثير الشبهة فى منح القرض ، وأنه تبين له من كشوف الحسابات الصندوق أنه تم منح مبلغ مائتى ألف دينار كويتى للشركة الموحدة والمملوكة للمتهم الثانى وأخر وأنه اعتمد فى ذلك على حسابات الصندوق ومخاطبات بين الشركة المذكورة والصندوق مرفقة بتقريره وأنه ذكر بالتحقيقات بأنه لم يتم إنجاز المشروع فعلياً معتمداً فى ذلك على البيانات المالية ولم ينتقل للمعاينة ، وبمواجهته بما شهد به بتحقيقات النيابة العامة بأنه تم تحويل مبلغ بنكى بمبلغ مائة ألف من الصندوق لشركة كى جى إل للاستثمار على خلاف الثابت بكشف حساب الصندوق لدى بنك إتش أس بى سى بأنه لم يتم تحويل المبلغ وأن المبلغ مجرد تحويل من حساب الدينار إلى حساب الدولار فى ذات حساب الصندوق وبذات التاريخ قرر بعدم تذكره وأحال لأقواله بتحقيقات النيابة العامة وأن

سنده فى هذا التحويل كشف الحساب ويعرض كشف الحساب عليه لبيان عما إذا كان ذات الكشف الذى يستند له من عدمه قرر بعدم تذكره ، وأضاف بأنه لم يطلع على العقد المبرم بين شركة إم بى سى وصندوق الموانئ ، وبأن المتهم الثانى هو المؤسس الرئيسى لشركة كى جى إل للاستثمار والمفوض بالتوقيع لكافة المساهمين بالتأسيس وهو من خاطب مجلس الوزارء لحث الجهات الحكومية ومنها مؤسسة الموانئ للمساهمة فى الصندوق ،وبأنه لا يعلم ما إذا كان المتهم الثالث ما زال مساهماً بشركة كى جى إل حتى الآن من عدمه وأن شرط أتعاب الإدارة للصندوق بأثر رجعى موجود بنشرة الاكتتاب المعروضة على مؤسسة الموانئ الكويتية وهو شرط مجحف تم الموافقة عليه من قبل من وقع على العقد  ، وبجلسة ٢٠١٨/٥/٦ أحضر المتهمين الأولى والثانى من محبسهما ، وحضر المتهم الثالث بشخصه وحضر مع كل متهم محامياً مدافعاً عنه  ، وحضر وكيل المدعية بالحق المدنى / منى عبدالمنعم محمود عبدالوهاب ، وإستمعت المحكمة بتلك الجلسة إلى شهادة شاهد النفى / قيس محمد النصف – بناء على طلب دفاع المتهمين – حيث شهد بأنه محاسب قانونى وبأنه لديه شراكة مع مكتب تدقيق عالمى هو بى دى أو يصنف فى المرتبة الخامسة على مستوى العالم وبأنه لديه خبرة فى التدقيق حيث يقوم بالتدقيق على ما يقارب عشرين صندوق استثمارى منها صناديق تابعة للشركة الكويتية للاستثمار مملوكة بنسبة ٨٠% للدولة وأضاف بأنه هو مدقق الحسابات المستقل لصندوق الموانئ الاستثمارى منذ تأسيسه فى عام ٢٠٠٧ وتم تعيينه من قبل المساهمين فى الصندوق  وبأن جميع المساهمين سددوا حصصهم فى الصندوق وتم إثبات ذلك فى البيانات المالية للصندوق وأنه تم تأسيس الصندوق فى جزر كايمن وأن شركة كى جى إل هى المسوق للصندوق حسب الرخصة الممنوحة لها بدولة الكويت وأنه يوجد جهات رقابية بجزر كايمن حسب قوانينها تراقب عمل الصندوق حيث توجد جهة تتولى الالتزام القانونى للأعمال التى يقوم بها الصندوق وأن صندوق الموانئ الاستثمارى قام بتعيين مكتب محاماة عالمى اسمه ووكز للقيام بهذه المهمة كما يوجد جهة تتولى الالتزام الإدارى لهذا الصندوق وقام الصندوق بتعيين TMFموريشيز ، وكذلك توجد جهات رقابية مسئولة عن الصناديق بجزر كايمن تقوم بمراقبة الصندوق وأنه أطلع على نشرة الاكتتاب فى الصندوق ، وأن التدقيق يتطلب الإطلاع على كل الأصول والخصوم فى البيانات المالية وأنه لا يجوز الإكتفاء على صور ضوئية فى التدقيق وأنه تم الإطلاع على كل المستندات الثبوتية لهذه الأصول والخصوم ولم يعترض أحد من المساهمين فى الصندوق على التقارير المحاسبية

الحكم رقم ٢٠١٢/١٤٩٦ حصر لأموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المبلحث والمتضم لها الجنايتين رقمى ٢٠١٣/٥٤٧ ، ٢٠١٤/١٧١٩ جلسة ١١ / ١١ / ٢٠١٩ جنايات ٣/

السنوية الصادرة منه ، ويمواجهته بما قرره عضو ديوان المحاسبة / حمد أحمد العليان قرر بعدم صحة ما قرره / حمد أحمد العليان وبأن شركة بترولينك قامت بشراء حصة الشركة الأهلية القابضة فى الصندوق وحلت محلها كمساهمة ، وبأن شركة كى جى إل للاستثمار قامت بسداد حصتها فى الصندوق وأن الصندوق الموانئ الاستثمارى مغلق وهو غير ملزم بتوزيع الأرباح خلال عمر الصندوق ، وأن نشرة الاكتتاب جاء بها بأن معدل العائد المستهدف ٣٠% للصندوق وهذا العائد غير ملزم وبعد ذلك حدثت الأزمة العالمية وتم الاتفاق مع مؤسسة الموانئ الكويتية حال اكتتابها بأن العائد المستهدف ٢٠% ، وأن ما ورد بالاتهام الأول المنسوب للمتهمة الأولى غير صحيح وأن مبلغ ١٢٩٤٢٢ دينار كويتى تقاضته المتهمة من عملها ومكافأتها المنصوص عليها فى نشرة الاكتتاب ، وأن أعضاء مجلس إدارة الصندوق تقاضوا ذات المبالغ والمكافآت ،وأن مبلغ ٦٠٦٠ دولار أمريكى هى مصاريف فنادق وتأجير سيارات قامت المتهمة بدفعها عن الصندوق بموجب مستندات ، وأن ما ورد بالاتهام الثانى المنسوب للمتهمة الأولى غير صحيح وهذا المبلغ هو ما يعادل مليونين وخمسمائة ألف دولار وقد تحصلت الشركة على هذا المبلغ لكونها المسوق للصندوق وهذا منصوص عليه فى نشرة الاكتتاب ، وأن ما ورد بالاتهام الثالث المنسوب للمتهمة الأولى غير صحيح وهذه الشركات المذكورة بالاتهام تحصلت على المبالغ بموجب اتفاقيات بينها وبين الصندوق ، وأن المبلغ المذكور من أن شركة كى جى إل للاستثمار استولت على مليون دينار كويتى فى تاريخ ٢٠١٣/٥/١٦ فهذا المبلغ غير صحيح وأن صحته المبلغ ألف دينار كويتى، وأن ما ورد بالاتهام الرابع المنسوب للمتهمة الأولى غير صحيح حيث أن الصندوق له استثمار لشركة MBC بمبلغ ١٣ مليون دولار أمريكى والتى تضم مساهمين عالميين وبعد الأزمة العالمية فى عام ٢٠٠٨ تعرض هذا الاستثمار لخسائر مما ترتب عليه خسائر لجميع المساهمين فى الشركة المذكورة وأن التزام الصندوق هو سداد مبلغ ٢٥ مليون دولار أمريكى إلا أنه تم سداد جزء منه وهو مبلغ ١٣ مليون دولار أمريكى وأن سبب قيام الصندوق بتحويل المبلغ محل الاتهام بتاريخ ٢٠١٤/١٢/١٣ أن التزام الصندوق مع الشركة بالسداد على دفعات وكذلك بسبب الأزمة العالمية التى عجلت من مطالبة الشركة بسداد المبالغ ، وأن ما ورد بالاتهام الخامس المنسوب للمتهمة الأولى غير صحيح حيث أن شركة كى جى إل للاستثمار تملك نسبة ٥٠% فى مشروع دمياط وتم الاتفاق بين الصندوق وشركة كى جى إل للموانئ بمنح شركة كى جى إل قرضاً قابل لتحويل للمساهمة فى مشروع ميناء دمياط وأن نشرة الاكتتاب

١٣١

والتى أطلع عليها جميع المساهمين تجيز للصندوق منح قروض قابلة للتحويل ، وأن ما ورد بالاتهام السادس  المنسوب للمتهمة الأولى غير صحيح حيث أنه تم الاتفاق بين صندوق الموانئ الاستثمارى والشركة الموحدة للنقل على الاستثمار فى ميناء العقبة بالأردن بأن تم منح كفالة مصرفية بمبلغ تسعمائة ألف دولار على أن يتم فى حالة استكمال المشروع وفى حالة عدم استكمال المشروع إرجاع الكفالة وأنه تم إرجاع الكفالة البنكية واستردادها وقوائدها بمبلغ مليون دولار أمريكى ، وبالنسبة لمبلغ مائتى ألف دينار كويتى فلا يوجد أى بيان لهذا المبلغ فى سجلات الصندوق ، وأن ما ورد بالاتهام السابع  المنسوب للمتهمة الأولى غير صحيح ولا يوجد فى سجلات الصندوق أن هناك أى تحويل للمتهم الثانى ، وأن ما ورد بالاتهام الثامن المنسوب للمتهمة الأولى غير صحيح وأن المتهم لا يملك فى شركة  CLARK  INVESTMENT GROUP GATEWAY سواء فى شكل مباشر أو غير مباشر وأن تلك الشركة مملوكة لصندوق الموانئ الاستثمارى ، وأن ما ورد بالاتهام التاسع  المنسوب للمتهمة الأولى غير صحيح ، وأن ما ورد بالاتهام العاشر  المنسوب للمتهمة الأولى غير صحيح ، وأن الاتهامات المنسوبية للمتهم الثانى غير صحيحة ، وأضاف بأنه تم توزيع أرباح فعلية على المساهمين فى شهر نوفمبر عام ٢٠١٦ دفعة أولى بمبلغ ٣٠ مليون دولار أمريكى ومن ضمنهم مؤسسة الموانئ الكويتية استلمت ١١ مليون دولار أمريكى فى شهر ٢٠١٦/١١ ، والمؤسسة العامة للتأمينات الاجتماعية استلمت مبلغ ٨و٧ مليون دولار أمريكى وهذه الدفعة الأولى من التخارج من الصندوق حيث أن الصندوق تقرر تصفيته فى نهاية عام ٢٠١٤ ، وأنه يوجد مشروع فى مدينة صباح الأحمد اللوجستية تم بيعه بمبلغ ٤٩٦ مليون دولار امريكى وتم تحويلها فى حساب الصندوق فى دبى ، وأن ما ورد بالاتهام المنسوب للمتهم الثالث غير صحيح لكون نشرة الاكتتاب تنص على ذلك وأنه تم سداد أتعاب إدارة للصندوق مقابل كل مبلغ مساهمة يقدمها المساهمين وتم معاملة جميع المساهمين على نفس المعاملة ، ويجلسة ٢٠١٩/٦/٣ أحضر المتهم الثانى من محبسه ، وحضر المتهم الثالث بشخصه وحضر مع كل متهم محامياً مدافعاً عنه، وحضر وكيل المدعية بالحق المدنى  / منى عبدالمنعم محمود عبدالوهاب والمحامى الحاضر عن المتهمة الأولى بتوكيل خاص تقدم بطلب رد لهيئة المحكمة فقررت الدائرة الثانية جنايات بإجماع أعضائها التنحى عن نظر الدعوى الماثلة لسابقة الفصل فى دعوى أطرافها ذات المتهمين ( الأولى والثانى ) وتتعلق بذات المرفق العام موضوع الدعوى الماثلة  وأحالة أوراق الدعوى للسيد المستشار رئيس المحكمة للتفضل بالنظر والتصرف بشأن

إحالة الدعوى لدائرة أخرى لنظرها ، وحيث أحيلت الدعوى من دائرة جنايات/٢ إلى الدائرة الماثلة، وحيث تداولت الدعوى بالجلسات على النحو الثابت بمحاضرها أمام هذه المحكمة أحضر المتهمين الأولى والثانى من محبسهما ، وحضر المتهم الثالث بشخصه وحضر مع كل متهم محامياً مدافعاً عنه  ، وحضر وكيل المدعية بالحق المدنى / منى عبدالمنعم محمود عبدالوهاب ،وحضر محامى الحكومة عن مؤسسة الموانئ الكويتية وحضر مترجم مع المتهمة الأولى بجميع جلسات المحاكمة والمحكمة قامت بتحليفه اليمين القانونية فى كل جلسة لكي يقوم بترجمة كل ما يقال بالجلسة للمتهمة الأولى ، وحيث استمعت المحكمة إلى شهادة شاهد النفى /أيمن عبد الرحيم أحمد- بناء على طلب دفاع المتهمين  –  حيث شهد بأنه مستشار قانونى مستقل تم تعييني من قبل الصندوق للقيام بتوجيه الاستشارات القانونية للصندوق في دبي وله دور استشاري في توزيع حصيلة الأرباح على المستثمرين وذلك عن مشروع مدينة الشيخ صباح الأحمد اللوجستية وتم تحويل حصيلتها أربعمائة وستة وتسعون مليون وأربعمائة ألف دولار أمريكي والمودعة حاليا في بنك نور في إمارة دبي في حساب الصندوق وأنه تم التخارج من المشروع سالف الذكر كما وتم التخارج من مشروع سابق قبل تعيينه مستشار ولا يعلم اسمه ولكن قيمته ثلاثون مليون وتم إعطاء كل مستثمر نصيبه عن طريق مصرف في دبي ، وأن صندوق الموانئ يتبع جزر الكايمن وهو صندوق مغلق ويتم توزيع حصيلة الأرباح بعد التخارج وقد تمت عملية التخارج من مشروع مدينة صباح الأحمد اللوجستية وعملية تحويل مبلغ التخارج وفق عمليات محاسبية دقيقة تتضمن تدقيق ومراجعة لبيان مدى سلامة التحويل وأن مراحل التدقيق عبارة عن التحقق من صحة المبالغ من الفلبين من خلال بنوك دولة المشتري لذلك المشروع وكذلك من البنك الذي حول المبلغ إلى بنك في أمريكا ومر هذا المبلغ على رقابة الحكومة الأمريكية بالدولار ثم تم تحويله بعد تلك الرقابة إلى بنك نور بدبي وتم تزويد بنك نور بشهادتين بناء على طلب بنك نور بإثبات صحة المبالغ المحولة ((وقدم الشاهد صورتي ورقتين باللغة الإنجليزية مؤرختين ٢١/١١/٢٠١٧ ومرفق معهما ترجمة إلى اللغة العربية اطلعت عليهما المحكمة ، وقرر بأن هاتين الشهادتين تتضمن سلامة المبلغ من أي شبهة وأنهما صادرتين من سيتى بنك في نيويورك ، وأضاف بأن أموال التخارج تم تحويلها إلى دبي لسهولة التعامل في دبي وللاطمئنان للتعامل في دبي ، وأن سبب عدم تحويل حصيلة التخارج الأخيرة الخاصة بمشروع مدينة صباح الأحمد اللوجستية إلى المستثمرين هو أن القضية تم إثارتها إعلامياً كون أن المتهمين الأولى والثانية متهمين في قضية أخرى لذلك قام

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمتضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

بنك نور بالتحفظ على المبلغ وقام بإخطار البنك المركزي في الإمارات الذي أخطر النائب العام وأصدر قرار بالتحفظ على المبلغ لحين انتهاء التحقيقات ولا يزال إلى الآن المبلغ متحفظ عليه وقام النائب العام بإحالة الموضوع إلى لجنة يرأسها الخبير المالي الأعلى في شرطة دبي الذي أجرى تحقيقات في أربعة شهور وأبلغه بعدها بأن الأموال سليمة وأن التعاملات التي نتج عنها المبلغ سليمة ولم يعطه كتاب رسمي بذلك وأحال الأمر إلى النائب العام الذي قرر له بأنه ينتظر رد من الكويت على طلب المساعدة القضائية الذي تقدم به للكويت ، وأضاف بأن حصة المساهمين من مبلغ التخارج تقريبا ثلاثمائة وخمسون مليون وأن الأرباح أكثر من ضعف الاستثمار أما باقي المبلغ فهو يمثل مصروفات الإدارة وقيمة قروض ، وأن إدارة الصندوق قامت بإرسال كتاب إلى بنك نور لتوزيع حصيلة المستثمرين من ذلك المبلغ مباشرة إلى المستثمرين وتم ذلك على عدة مرات بكتب رسمية والبنك رفض وقدم مستندات باللغة الإنجليزية غير مفرزة مقرراً بأن هذه الكتب صادرة من الصندوق إلى بنك نور مضمونها طلب توزيع حصيلة التخارج على المستثمرين ، كما وقدم مستندات أخرى باللغة الإنجليزية غير مفرزة وقرر بأنها عبارة عن كتب صادرة من الصندوق بعد التخارج مباشرة موجهة إلى المساهمين تبين حصة كل منهم في مبلغ التخارج وأنه تم إعلان ذلك بوسائل الإعلام وبالصحف الكويتية وإبلاغ المساهمين بأنه سيتم توزيع حصيلة التخارج ، وأضاف بأن المتهمة الأولى لم تهدر مائة وستة وستون مليون ولم تضر بأموال الصندوق وإنما ساعدت في نماء أموال الصندوق وتحقيق أرباح كثيرة تتعدى الضعف وأن علاقة شركة كي جي إل بالصندوق هي أنها شركة تسويق للصندوق عن طريق جذب مستثمرين للصندوق للمساهمة فيه ، وأنه يحق للقائمين على إدارة الصندوق تقاضي مكافآت من أموال الصندوق نظير أعمالهم وهذا منصوص عليه في نشرة الاكتتاب ، <u>كما استمعت المحكمة إلى شهادة شاهد النفي / دانيل برين – بناء على طلب دفاع المتهمين – واستعانت المحكمة</u> بمترجم بعد تحليفه اليمين القانونية حيث شهد بأنه محامي في جزر الكايمن ومتخصص في الصناديق الاستثمارية وأن له علاقة بالمتهمين الأولى والثاني منذ عشر سنوات وهو يعمل مستشار قانوني لصندوق الموانئ منذ تأسيسه وأنهم في شركة وكر يقومون بتقديم أعمال قانونية واستشارات قانونية للاستثمار في صندوق الموانئ منذ إنشاء الصندوق في عام ٢٠٠٧ وإلى الآن وقد قدموا الاستشارات القانونية في كل العقود التي أبرمها الصندوق وأن الصندوق تم تأسيسه في جزر الكايمن كونها جهة عالمية لتأسيس الصناديق الاستثمارية في العالم

١٣٤

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة  المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمي ٢٠١٣/٠٤٧، ٢٠١٤/١٧١٩ جلسة  ١١/ ١١/ ٢٠١٩ جنايات ٣/

والصندوق يخضع لقانون جزر الكايمن واسمه صندوق الموانئ وليس صندوق الموانئ
الكويتية وهو يعمل في مجال الملاحة والنقل ومنصوص على ذلك في نشرة الاكتتاب ويعمل في
الكويت ودول أخرى ويستثمر في عدة دول والصندوق عبارة عن كيان مستقل يملكه
المساهمين فيه وهم أفراد من عدة دول ومنهم من الكويت كما وتستثمر فيه الحكومة الكويتية
بنسبة ٦٠ % عن طريق مؤسسة الموانئ الكويتية ومؤسسة التأمينات الاجتماعية ، وقدم
الشاهد ورقة مدون عليها الهيكل التنظيمي والقانوني والإداري لصندوق الموانئ – أطلعت
عليها المحكمة ،  وأضاف بأن مجلس إدارة الصندوق موجود في الكويت ومنهم كويتيون
وغير كويتيون وأن من يتولى إدارة الصندوق هي شركة بورت لنك جي بي بالإضافة إلى
مجلس الإدارة وأن مدير الاستثمار هي شركة كي جي إل للاستثمار كايمن ودورها تقديم
النصح والمشورة في الاستثمارات ، وأن مدير الصندوق والشريك العام ومدير الاستثمار
يخضعون لقانون جزر الكايمن ، وأن تعيين المستشارين القانونيين في الصناديق وجوبي في
جزر الكايمن ، وأن شركة بورت لنك جي بي تتبع جزر الكايمن ، وأن القواعد القانونية التي
تنظم عمل الصندوق هي الوثيقة الأولى وهي نشرة الاكتتاب وتنظم شروط مساهمة المساهمين
في الصندوق وأحكامها ملزمة لجميع المساهمين ، والوثيقة الثانية هي اتفاقية الاكتتاب وهي
الاتفاقية التي يبرمها المساهم مع الصندوق للاستثمار فيه ، والاتفاقية الثالثة هي اتفاقية
الشراكة وهي التي تنظم التعاهدات ، كما ويخضع الصندوق لقانون الشركة في كايمن وقانون
الشركات المشتركة وتتم معاملة جميع المساهمين بطريقة متساوية ، وأن الأحكام الواردة في
نشرة الاكتتاب هي تنظيم استراتيجية الاستثمار في الصندوق وتبين تفاصيل مديري الاستثمار
في الصندوق وتحدد هوية مزودي الخدمات التي سوف يتعامل معهم الصندوق وتحدد أتعاب
الإدارة وأتعاب مزودي الخدمات وتشرح عوامل المخاطرة الرئيسية ، وأن نشرة الاكتتاب لا
تضمن تحقيق عائد على سبيل الالتزام ، وأنه يحق للشريك العام تقاضي أتعاب أو مكافآت
نظير أعمالهم حيث تنص نشرة الاكتتاب على أحقيتهم بالإضافة إلى اتفاقية
الشراكة العامة وذلك منصوص عليه في الشراكة المحدودة في البندين ٣/٦  ،  ٣/٧ والبند
المعنون بأتعاب الإدارة في الصفحة الثامنة في نشرة الاكتتاب ، وأنه لا يجوز للمستثمرين في
الصندوق تقاضي توزيعات مالية سنوية كأرباح لأن الصندوق غير سائل ، وأن الصندوق
مغلق يمل يفيد أنه لا توزع  أي أرباح سنوية على المستثمرين ، وأنه يتم التوزيع على
المستثمرين عند انتهاء مدة الصندوق التي تقريبا عشر سنوات توزع مبالغ نقدية على

١٣٥

المستثمرين بعد أن يتم بيع استثمارات الصندوق ، وأن المجلس الاستشاري يتكون من متخصصين في صناعة الاستثمار معينين يقدموا استشارات للصندوق ويتقاضوا أتعاب ، وأن المتهمة الأولى عضو في مجلس إدارة الشريك العام من عام ٢٠٠٧ إلى بداية ٢٠١٨ ودورها هو أنها تشرف على استثمارات الصندوق كعضو في مجلس الإدارة وأنه يحق لها تقاضي أتعاب حيث تأخذ راتب شهري ولا تأخذ مكافآت عند إبرام صفقات كما أنها لا تأخذ مكافآت أو أرباح أثناء سريان الصندوق ولكن عند إنشاء الصندوق تأخذ أرباح والصندوق أنشأ منذ ما يقارب سنة وهي إلى الآن لم تأخذ أرباح ، وأن  المتهم الثاني دوره في الصندوق هو ذات دور المتهمة الأولى بالنسبة للراتب والأرباح ، ويعدم علمه بدور المتهم الثالث في الصندوق  ، وأنه بحسب معرفته فإن أي من المتهمين لم يتقاضى أي مبالغ من الصندوق بخلاف رواتبهم ، وأضاف بأن علاقة شركة كي جي إل للاستثمار بالصندوق هي أنها مسوق للصندوق وتساعد في حشد وتجميع المساهمات المالية للصندوق وإنتهى دورها بتأسيس الصندوق وأن دورها الثاني هي أنها مساهمة وشريك بالصندوق وهذا الدور مستمر إلى الآن ويستمر إلى أن يتم أخذ العوائد وأنه يحق لشركة كي جي ال للاستثمار أن تتقاضى أتعاب نظير التسويق للصندوق وذلك استنادا إلى اتفاقية التسويق وقدم أوراقاً باللغة الإنجليزية قرر بأنها اتفاقية التسويق – اطلعت عليها المحكمة ويأن من وقع على هذه الاتفاقية هي شركة كي جي إل ووقع عنها يعقوب الوزان وأن مهدي الجزاف وقع عن صندوق الموانئ ، وأن هناك أعضاء آخرين غير المتهمين تحصلوا على رواتب كأعضاء بمجلس الإدارة للشريك العام ، وأن جميع استثمارات الصندوق التي تمت جاءت متفقة مع نشرة الاكتتاب وقوانين جزر الكايمن ، وأنه بحسب قوانين جزر الكايمن فإنه لم تبدر من المتهمين الأولى والثاني أي مخالفات بحسب قوانين جزر الكايمن ، أما بحسب القوانين الأخرى فإنه ليس لديه علم بذلك أما بالنسبة للمتهم الثالث فلا يعرف عنه شيء ، وأنه طبقاً لنشرة الاكتتاب البند رقم ٤ ، ٥ في الصفحة ٤٩ ويحسب اتفاقية الشراكة المحدودة في البند ١١ : ١ ، ٣ فإنه يجوز للصندوق أن يقترض من مدير الاستثمار شركة بورت لنك أو من شركة كي جي إل للاستثمار، وأنه يجوز للشريك العام أن يسدد بعض مصاريف الصندوق ثم يقوم باسترجاعها من الصندوق ، وأنه يجوز للصندوق الدخول في الاستثمارات عن طريق قرض قابل للتمويل وذلك بحسب البند ٣ ، ٣ ، ٥ من نشرة الاكتتاب صفحة ٣٩ ، وأن الصندوق قام بالاستثمار في مشروع ميناء دمياط في مصر وأنه لا يعلم إن كانت حصلت خسائر في هذا المشروع من عدمه ، وأن دخول الصندوق في

الاستثمار في ميناء دمياط تم عن طريق قرض قابل للتحويل ، وأضاف بأن رأس مال الصندوق عند بداية إنشائه هو مائة وثمانية وثمانون مليون دولار أمريكي ، وأن الصندوق قام ببيع كافة استثماراته والتخارج منها ، وأن الصندوق دفع في عام ٢٠١٦ ثلاثون مليون دولار أمريكي ، وأن الصندوق قام بالتخارج في مشروع مدينة صباح الأحمد اللوجستية في الفلبين وأنه لم يتم بيع أي عوائد من ذلك الاستثمار لأن الأموال محجوزة في بنك نور بدبي وقيمتها أربعمائة وستة وتسعون مليون وأربعمائة ألف دولار أمريكي ، وأن سبب الحجز على الأموال هو بتعليمات من النائب العام الكويتي ، وأن نسبة العائد للمستثمرين جميعاً تقدر تقريبا بضعف المبلغ الذي استثمره المساهمين ، وأضاف بأن للصندوق شركات تدقيق عالمية شركة بي دي أو وشركة مور ولها تمثيل في الكويت وأنهم يقومون بتزويد الصندوق بتقارير سنوية وربع سنوية للمساهمين وللصندوق ، وبأن المتهمين الأولى والثانية لم يرتكبوا أي مخالفات لنشرة الاكتتاب أو لاتفاقية الشراكة أو أي من القوانين التي يخضع لها الصندوق ، وأضاف بأنه يجوز لصندوق الموانئ تقديم كفالات بنكية ، وبأن للصندوق الحق فى تقديم الكفالة البنكية بقيمة تسعمائة ألف دولار لصالح شركة الموحدة للخدمات اللوجستية للدخول في مشروع ميناء العقبة وبأن هذا المشروع لم يتم وتم رد الأموال إلى الصندوق مع فوائدها ولم تحصل خسارة للصندوق ، وأضاف بأن صندوق الموانئ يملك مشروع مدينة صباح الأحمد في الفلبين ولكن بشكل غير مباشر وقد حقق الصندوق أرباح هائلة في هذا المشروع ، وأن المتهمين الأولى والثاني هو حساب يعود للشريك العام بالنيابة عن الصندوق كممثل المتهمين الأولى والثاني لا يملكون في هذا المشروع ، وبأن الحساب الذي محجوز به المبلغ سالف الذكر في بنك دبي هو حساب يعود للشريك العام بالنيابة عن الصندوق كممثل لصندوق الموانئ وحسب قوانين جزر الكايمن فإن الشريك العام وصندوق الموانئ هما كيان واحد ، <u>كما استمعت المحكمة إلى شهادة شاهد النفي /هشام سرور عبد الرحيم – بناء على</u> <u>طلب دفاع المتهمين –</u> حيث شهد  بأنه يعمل في شركة بيكر تلي لأعمال المحاسبة والتدقيق المالي وهو مكتب مستقل وأن شركة بترولينك طلبت منهم أن يقوموا بدراسة مساهمتها في صندوق الموانئ ، وأنه أطلع على أعمال صندوق الموانئ وحساباته ولم يجد خسائر ووجد جميع البيانات مطابقة للمعايير الدولية وسليمة وخالية من الأخطاء ، ويعدم وجود أى مخالفات مالية أو إدارية ارتكبها المتهمين الثلاثة ، وأضاف بأنه توجد مكاتب إشراف قانونية وقضائية في جزر الكايمن تشرف على أعمال الصندوق ، وأن الصندوق لا يقدم عوائد مضمونة بالنسبة للاستثمار حيث أنه صندوق مغلق ويقدم عوائده عند التخارج ، وأن

الحكم رقم ١٤٩١/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمي ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

الصندوق قام بتعيين مدققين حسابات مستقلين وهم مكاتب عالمية ولهم ممثلين في الكويت ومسجلين لدى هيئة أسواق المال في الكويت ، وأن المعايير المتبعة في تدقيق بيانات وحسابات الصندوق هي معايير حسابية عالمية يجب إتباعها وقد تم اتباع تلك المعايير وتم إصدار تقرير سليم وفق تلك المعايير ، وأنه لا توجد مدة محددة للتخارج بالنسبة للصندوق ، وأن علاقة شركة بتروليتك في شركة الموانئ هي أنها شركة مستثمرة في الصندوق عن طريق شراء حصة الشركة الأهلية القابضة المشتركة في الاستثمار بالتأسيس ، وأن صندوق الموانئ لم يخالف نشرة الاكتتاب أو قوانين جزر الكايمن ، وكما وأن الشريك العام ومدير الاستثمار لم يرتكبا أي مخالفة لنشرة الاكتتاب أو لقوانين جزر الكايمن أو أي قوانين منظمة للصندوق ، وأن حصل تخارج من الصندوق الصندوق بقيمة ثلاثون مليون دولار عام ٢٠١٦ وتم توزيعها ومتبقي الآن المبلغ المحجوز عليه في بنك نور ولم يتم توزيع عوائد هذا المبلغ إلى الآن ، وأضاف بأنه أطلع على تقرير ديوان المحاسبة المقدم إلى النيابة العامة وأنه وجد به أخطاء جوهرية مثل ذكر مبلغ على أنه مليون دينار في حين أنه ألف دينار كما وأن التقرير أشار إلى أن أحد المبالغ دخل في الحساب الجاري على أنه مجهول المصدر في حين أنه مبلغ محول من وديعة ، وأنه جارى فى إعداد تقرير سوف يتم الانتهاء منه في بداية شهر ٢٠١٨/١٢ ويتم كتابته بتكليف من شركة بتروليتك القابضة بصفتها مساهم في صندوق الموانئ ، وأضاف بأن قيمة الاستثمار في صندوق الموانئ هو مائة وثمانية وثمانون مليون دولار وكان ذلك عند تأسيس الصندوق ، وأن أحرف TFD الواردة في كشوف الحساب أجاب تعني تحويل من وديعة ، وقررت المحكمة التأجيل لجلسة ٢٠١٨/١١/٥ للمرافعة وبتلك الجلسة حضر المتهم الثالث بشخصه ومعه محام ، ولم يتم إحضار المتهمين الأولى والثانية من محبسهما وحضر عن كل منهما محام ، وحضر محام عن المدعي بالحق المدني، وأجلت المحكمة الدعوى لجلسة ٢٠١٨/١٢/١٧ للمرافعة ولإحضار المتهمين الأولى والثاني من محبسهما ، وبجلسة ٢٠١٨/١٢/١٧ أحضر المتهمين الأولى والثاني من محبسهما وحضر مع كل منهما محام ، وحضر المتهم الثالث بشخصه ومعه محام ، وحضر محام عن المدعي بالحق المدني ، وحضر المترجم أسامة زهير البيطار وحلف اليمين القانونية بأن يقوم بترجمة كل ما يقال بالجلسة للمتهمة الأولى ، وقدم أحد المحامين الحاضرين مع المتهمة الأولى سند توكيل خاص صادر له من المتهمة الأولى بطلب رد رئيس وأعضاء الدائرة ، فتم وقف الدعوى لحين الفصل في طلب الرد ، وحيث تم الفصل في طلب الرد بالرفض فتم تحديد جلسة ٢٠١٩/٨/٥

١٣٨

لنظر الدعوى ، وبجلسة ٢٠١٩/٨/٥ حضرت المتهمة الأولى بشخصها وأحضر المتهم الثاني من محبسه وحضر مع كل منهما محام ، وغاب المتهم الثالث وحضر عنه محام ، وحضر المترجم أسامة زهير البيطار وحلف اليمين القانونية بأن يقوم بترجمة كل ما يقال بالجلسة للمتهمة الأولى بالصدق والأمانة ، وقرر المتهم الثاني أن المبلغ المحجوز عليه في بنك نور بدبي ومقداره أربعمائة وستة وتسعون مليون، وأربعمائة وتسعة وعشرون ألف وسبعمائة وسبعة وستون دولار أمريكي تم الإفراج عنه من قبل البنك المذكور وتم دخول هذا المبلغ في حساب صندوق الموانئ بالكامل وتوزيعه على جميع المستحقين ، وطلب التصريح باستخراج كشف حساب من البنك التجاري والبنك الأهلي المتحد لإثبات أن المبلغ دخل في حساب مؤسسة الموانئ الكويتية ومؤسسة التأمينات الاجتماعية، وقررت المتهمة الأولى بأن المبلغ سالف الذكر كان محجوز عليه في بنك نور بسبب الاتهامات في الدعوى الماثلة وأنها تؤيد جميع ما جاء على لسان المتهم الثاني وأنه ثبت لدى النيابة العامة في دولة الإمارات من خلال التحقيقات التي أجرتها أن المبلغ سالف الذكر سليم ولا توجد عليه أي جريمة وتم إبلاغ جميع المساهمين الدوليين بجميع الإجراءات التي تمت وأضافت أن الصندوق أنشئ في عام ٢٠٠٧ قبل الأزمة الاقتصادية العالمية وأنه بسبب تلك الأزمة تعرضت ٧٥% من الصناديق المشابه للخسارة وأن الصندوق محل الاتهامات لم يتعرض لخسارة بسبب الأزمة الاقتصادية العالمية وأن الاتهامات تم توجيهها رغم تحقيق أرباح وأنه بسبب وجود عملاء ومساهمين عالميين تم التدقيق والفحص على أعمال الصندوق وتبين عدم وجود أية مخالفات ، وقرر المحامي الحاضر مع المتهمين الأولى والثاني أن مؤسسة التأمينات الاجتماعية حققت أرباح بنسبة ١٠٠% ١٠٠ وأن مؤسسة الموانئ الكويتية كذلك حققت أرباح ، وأن الشاهد الرئيسي في الدعوى صدر ضده حكم نهائي بإدانته بتهمة التزوير في مستندات خاصة بالقضية الماثلة ، وقدم مذكرة بالطلبات وحافظة مستندات اطلعت عليهما المحكمة وألمت بهما وطلب التصريح له بما هو مسطر من طلبات في المذكرة مع رفع منع السفر عن المتهمة الأولى ، والحاضر الثاني مع المتهمة الأولى والمتهم الثاني قدم حافظة مستندات طالعتها المحكمة وألمت بها من ضمن ما طويت عليه صورة ضوئية من إشعار تحويل مترجم من اللغة الإنجليزية للغة العربية صادر عن بنك المشرق مؤرخ ٢٠١٦/١٠/١٣ ثابت به تحويل مبلغ وقدره /٥٥ و٤٥٥و٦٨٤و٧ دولار أمريكي لحساب المؤسسة العامة للتأمينات الاجتماعية لدى البنك الأهلي المتحد رقم GB30UBKL30190101522701 – صورة ضوئية من إشعار تحويل مترجم من اللغة

الإنجليزية إلى اللغة العربية صادر عن بنك المشرق بتاريخ ٢٠١٦/١١/١٦ ثابت منه تحويل مبلغ وقدره ١٥٣و٢٢٢و١١دولار أمريكى لحساب مؤسسة الموانئ الكويتية لدى البنك التجارى الكويتى رقم KW85COMB000000130302690100414013 – صورة ضوئية من إشعارات رسائل سويفت بتواريخ ٢٠١٧/١١/١٤ ، ٢٠١٧/١١/٢١ ، ٢٠١٧/١١/٢٢ مترجمة من اللغة الإنجليزية إلى اللغة العربية تضمنت أن صندوق الموانئ الاستثمارى تخارج من مشروع مدينة كلارك جلويل سيتى وذلك من خلال بيع كامل أسهمه فى المشروع وتحويل مبلغ التخارج وقدره ٧٦٧و٢٩و٤٩٦ دولار امريكى لحساب الشريك العام لصندوق الموانئ شركة بورت لينك جى بى لدى بنك نور فى دبى – صورة ضوئية من كشف حساب صادر من بنك نور بدبى مترجم من اللغة الإنجليزية للغة العربية يفيد أن مبلغ ٧٦٧و٢٩و٤٩٦ دولار امريكى بالإضافة إلى مبلغ ٢٩٧و٧٣٧دولار أمريكى كانت موجودة أصلاً فى الحساب قبل التحفظ عليه وقام البنك بإيداع تلك المبالغ بإجمالى مبلغ ٠٦٤و١٦٣و٤٩٧دولار امريكى فى حساب الشريك العام لصندوق الموانئ شركة بورت لينك جى بى بتاريخ ٢٠٠٩/٢/٥ – صورة ضوئية من إشعار تحويل مترجم من اللغة الإنجليزية للغة العربية صادر عن بنك نور بدبى تضمن قيام شركة بورت لينك جى بى الشريك العام لصندوق الموانئ بتحويل مبلغ ١٢٥ مليون دولار أمريكى لحساب مؤسسة الموانئ الكويتية لدى البنك التجارى الكويتى رقم KW85COMB000000130302690100414013 – وذلك فى ذات يوم ٢٠١٩/٢/٥ رفع التحفظ عن الأموال – صورة ضوئية من إشعار تحويل مترجم من اللغة الإنجليزية للغة العربية صادر عن بنك نور بدبى تضمن قيام شركة بورت لينك جى بى الشريك العام لصندوق الموانئ بتحويل مبلغ ٢و٧٩ مليون دولار أمريكى لحساب المؤسسة العامة للتأمينات الاجتماعية لدى البنك الأهلى المتحد رقم GB30UBKL30190101522701 – وذلك فى ذات يوم ٢٠١٩/٢/٥ رفع التحفظ عن الأموال – صورة ضوئية من الحكم الصادر فى الجنحة رقم ٢٠١٩/٣٥٣١ جنح مستانفة / ٧ ، ٢٠١٧/٢٩٢ جنح الصالحية ضد حمد أحمد العليان – صورة ضوئية من صحيفة الاتهام فى الجنحة رقم ٢٠١٧/٢٩٢ الصالحية – صورة ضوئية من تحقيقات الجنحة رقم ٢٠١٧/٢٩٢ الصالحية – صورة ضوئية من تحريات المباحث فى الجنحة سالفة البيان ، ويتلى الجلسة أجلت المحكمة الدعوى لجلسة ٢٠١٩/٩/٩ للمرافعة الختامية وصرحت باستخراج شهادتين من البنك التجارى والبنك الأهلى المتحد يفيدان بأن المبلغ سالف الذكر تم

١٤٠

تحويله لحساب مؤسسة الموانئ الكويتية ومؤسسة التأمينات الاجتماعية ، وبجلسة ختام المرافعة ٢٠١٩/٩/٩ حضرت المتهمة الأولى بشخصها وحضر معها مترجماً وقامت المحكمة بتحليفه اليمين القانونية ليترجم للمتهمة الأولى ما يتم بالجلسة بالصدق والأمانة ، وأحضر المتهم الثانى من محبسه وحضر المتهم الثالث بشخصه ،وحضر مع المتهمين الأولى والثانى ثلاثة محامين للدفاع عنهم ، وحضر مع المتهم الثالث محامياً للدفاع عنه ، وحضر محامى الحكومة عن مؤسسة الموانئ الكويتية ( المدعى بالحق المدنى ) وقدم حافظة مستندات طالعتها المحكمة وألمت بها من ضمن ما طويت عليه صورة كتاب موجه من مدير عام مؤسسة الموانئ الكويتية للنائب العام بتاريخ ٢٠١٩/٩/٨ تضمن طلب المؤسسة من النائب العام للإيعاز لمن يرى من السادة اعضاء النيابة العامة للتمسك أمام محكمة الجنايات المنظورة أمامها الجناية رقم ١٤٩٦/٢٠١٢ حصر أموال عامة بأن العوائد المقررة للمؤسسة الناجمة عن مشاركتها فى صندوق الموانئ وفقاً لما هو متوفر لديها من معلومات حتى تاريخه هى مبلغ ٥٠و٩٧٠و٤١٨و٥٥٣ دولار أمريكى ( خمسمائة وثلاثة وخمسون مليون وأربعمائة وثمانية عشر ألف وتسعمائة وسبعون دولار أمريكى وخمسون سنتاً ) فضلاً عن أى مبالغ تكون مستحقة للمؤسسة عن أى عمليات تخارج من باقى أصول الصندوق – كتاب موجه من مؤسسة الموانئ الكويتية لشركة كى جى إل للاستثمار بتاريخ ٢٠١٥/٤/١١ تضمن طلب المؤسسة الإفادة عن الإجراءات القانونية المتخذة من قبل إدارة الصندوق حيال استرداد أصل القرض الممنوح من صندوق الموانئ الاستثمارى إلى شركة كى جى إل الدولية للموانئ والتخزين متضمناً الفوائد المقررة عليه وبنسبة ٢٨% سنوياً كما هو مثبت فى البيانات المالية للصندوق – كتاب موجه من مؤسسة الموانئ الكويتية إلى شركة كى جى إل للاستثمار بتاريخ ٢٠١٩/٣/١٤ تضمن طلب المؤسسة الإفادة عن الإجراءات القانوتية المتخذة من قبل إدارة الصندوق حيال استرداد أصل القرض الممنوح من صندوق الموانئ الاستثمارى إلى شركة كى جى إل الدولية للموانئ والتخزين متضمناً الفوائد المقررة عليه وبنسبة ٢٨% سنوياً كما هو مثبت فى البيانات المالية للصندوق – صورة كتاب صادر من النيابة العامة مرسل لمدير عام مؤسسة الموانئ الكويتية بتاريخ ٢٠١٩/٨/٧ – صورة ضوئية من بلاغ مقدم من مدير عام مؤسسة الموانئ الكويتية للنيابة العامة بتاريخ ٢٠١٥/٦/٣٠ بشأن شبهة استيلاء شركة كى جى إل للاستثمار على مبلغ ٥٠/٨١٨و١٩٦و٤١٧ دولارأمريكى من الأموال العامة العائدة لمؤسسة الموانئ الكويتية، وعدل محامى الحكومة طلباته فى الدعوى المدنية إلى طلب إلزام

١٤١

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١ / ١١ / ٢٠١٩ جنايات ٣/

المتهمين بالعوائد المقررة للمؤسسة بمبلغ ٩٧٠/٥٠، ٤١٨و٥٣دولار أمريكى ( خمسمائة وثلاثة وخمسون مليون وأربعمائة وثمانية عشر ألف وتسعمائة وسبعون دولار أمريكى وخمسون سنتاً ، والمحامى الأول الحاضر مع المتهمين الأولى والثانى ترافع شفاهةً وشرح ظروف الدعوى وقدم حافظتى مستندات طالعتهما المحكمة وألمت بهما من ضمن ما طويتا عليه صورة ضوئية من قرار النائب العام فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة – صورة ضوئية من حكم محكمة استئناف منشور بإحدى الصحف – صورة ضوئية من صحيفة الدعوى رقم ٢٠١٧/٣٩٢٤ تجارى كلى /٢١ المرفوعة من مؤسسة الموانئ الكويتية ضد شركة كى جى إل للاستثمار بطلب الحكم بالزام الشركة بان تؤدى لها ما يزيد عن ٢٧٥ مليون دولار أمريكى وقيمة أصل الدين والأرباح بالإضافة إلى فوائد التأخير والتعويض عن الأذى– صورة ضوئية من الحكم التمهيدى الصادر فى الدعوى رقم ٢٠١٧/٣٩٢٤ تجارى كلى /٢١ – صورة ضوئية من تقرير الخبير المودع فى الدعوى رقم ٢٠١٧/٣٩٢٤ تجارى كلى /٢١ – صورة ضوئية من بيان صادر من ديوان المحاسبة منشور بجريدة الراى بتاريخ ٢٠١٥/٨/٢٣ بشأن حكم محكمة أول درجة فى الجناية رقم ٢٠١٥/١٩٤٢ ضد المتهمين – صورة ضوئية من الشكوى المقدمة من المتهم الثانى قبل وكيل ديوان المحاسبة – صورة ضوئية من الحكم الصادر فى الجنحة رقم ٢٠١٧/٢٩٢ جنح عادية والمستأنفة برقم ٢٠١٩/٣٥٣١ جنح مستأنفة /٧ والقاضى بجلسة ٢٠١٩/٥/٢٧ بحبس المتهم / حمد أحمد العليان لمدة ستة أشهر عن واقعة التزوير فى محرر عرفى وهى اصطناعه ثلاث محررات وأمهرها بتوقيع نسبه زوراً إلى المتهمة الأولى وهى الأوراق التى قدمها فى الجناية رقم ٢٠١٥ /١٩٤٢ – صورة بيان صادر من جهاز المحاسبة عن الحكم الصادر فى الجنحة رقم ٢٠١٧/٢٩٢ جنح عادية والمستأنفة برقم ٢٠١٩/٣٥٣١ جنح مستأنفة – صورة ضوئية من صفحة رقم ٤ من تقرير عضو ديوان المحاسبة – صورة ضوئية من صفحة ١٣ من تقرير عضو ديوان المحاسبة ثابت منها أنه ذكر تحت عنوان " أموال الصندوق لدى بنك HSBC وتحديداً أسفل الجدول أن هناك مبلغ مودع فى حساب الصندوق قدره سبعة مليون دينار وثمانمائة وخمسة وثلاثون ألف وثمانمائة وسبعة وأربعون دولار أمريكى مجهول المصدر مرفق معها صورة ضوئية أخرى لكشف الحساب البنكى ثابت منها أن المبلغ سالف الذكر مودع بتاريخ ٢٠٠٩/٥/٦ من قبل شركة كى جى إل للاستثمار – صورة ضوئية من الملحق المرفق بتقرير عضو ديوان المحاسبة المؤرخ ٢٠١٧/٢/١٥ جدول ص ٣ بعنوان المبالغ المسحوبة من حساب صندوق

١٤٢

الموانئ لدى البنك الأهلى الكويتى ثابت بها أنه ذكر تحويل مبلغ مليون دينار كويتى إلى حساب شركة كى جى إل إل للاستثمار بتاريخ ٢٠١٣/٥/١٦ والثابت فى كشف الحساب المرفق أن المبلغ المحول قدره ألف دينار كويتى وليس مليون دينار كويتى – صورة ضوئية من ص ٢٩٢ تحقيقات النيابة العامة فى القضية رقم ٢٠١٢/١٤٩٦ ثابت بها أن حمد العليان قرر بأن الصندوق لا يحق له منح قروض كما أفاد بتقريره بأن القرض مخالف لقانون هيئة أسواق المال مرفق معها صورة ضوئية أخرى لصفحة ٩٧ من نشرة الاكتتاب التى تنص على أنه وسيتم استكشاف أدوات الاستثمار الإبداعية مثل أدوات الدين القابلة للتحويل إلى أسهم – صورة ضوئية من أحد مرفقات تقرير عضو ديوان المحاسبة وارد فى ص ١ أن هناك مبلغ ١٠٠ ألف دولار أمريكى تم تحويله لحساب شركة كى جى إل إل للاستثمار لدى البنك الأهلى المتحد بتاريخ ٢٠١١/١٠/٣١ مرفق معها صورة ضوئية أخرى لكشف حساب بنكى تبين أن المبلغ حول من حساب الصندوق بالدولار لدى بنك HSBC إلى حساب الصندوق بالدينار الكويتى فى ذات البنك – صورة ضوئية من ص ١٣ من تقرير عضو ديوان المحاسبة المؤرخ ٢٠١٣/٥/٩ الذى أعده بناء على تكليف مجلس الأمة ثابت منها ذكره أن مخصصات أعضاء المجلس الاستشارى مبلغ ٥٠٠٠ دينار كويتى عن الاجتماع الواحد ويحد أقصى مرتين فى السنة إضافة إلى المصاريف وذلك طبقاً لميثاق المجلس الاستشارى للصندوق وتسدد المبالغ من الصندوق ثم قرر لاحقاً أمام النيابة العامة بأن التحويلات للمتهمة الأولى جريمة وركن إلى ذلك بتقرير الاتهام الأول – صورة ضوئية من ص ٧ لنشرة الاكتتاب مرفق بها ترجمتها للغة العربية ثابت منه أن الهدف من الصندوق إنشاء محفظة استثمارية تهدف إلى تحقيق معدل عائد داخلى ٣٠% على إجمالى الاستثمارات – صورة ضوئية من ص١٣ من تقرير عضو ديوان المحاسبة والذى تضمن أن هناك تضخم فى حركة الحساب فى حين أن الثابت بذات كشوفات الحساب التى أرفقها عضو ديوان المحاسبة أن حركة المبلغ فى حدود ٢٥ مليون دولار هو ناشىء عن وديعة – صورة ضوئية من الكتاب المؤرخ ٢٠١٦/٧/٢٥ والموجه من هيئة أسواق المال لمدير نيابة الأموال العامة – صورة ضوئية من تحقيقات النيابة العامة من ص ٢٥٣ حتى ص ٢٥٦ – صورة ضوئية من الصفحة رقم ٤٤ من مذكرة الاكتتاب الخاص لصندوق الموانئ مع ترجمة لها ثابت بها تعريف الشريك العام وأنه يتولى المسئولية المحاسبية لأعمال وشئون وإدارة الصندوق من جميع النواحى – صورة ضوئية من الصفحة رقم ٥٤ من مذكرة الاكتتاب الخاص لصندوق الموانئ مع ترجمة لها تضمنت تعريف المجلس

١٤٣

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمى ٤٧/٢٠١٣، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

الاستشارى وإجتماعاته- صورة ضوئية من الصفحات رقم ٥٢، ٥٣ من مذكرة الاكتتاب الخاص لصندوق الموانئ مع ترجمة لها تضمنت تحديد المصروفات التشغيلية والتنظيمية وتحمل الصندوق لهذه المصروفات والأتعاب بالكامل وتحمل الصندوق مصروفات التسويق – صورة ضوئية من قرار أعضاء مجلس إدارة الشريك العام المؤرخ ٢٧/١١/٢٠٠٧ والذى تضمن تحديد رواتب أعضاء مجلس إدارة الشريك العام بمبلغ ١٥٠٠دينار كويتى لكل عضو – صورة من الشروط المرجعية للمجلس الاستشارى والموقع عليها من جميع أعضاء المجلس الاستشارى بما فيهم ممثلى مؤسستى الموانئ والتأمينات الاجتماعية والتى تضمنت تحديد أتعاب أعضاء المجلس الاستشارى بقيمة خمسة آلاف دينار كويتى عن حضور كل اجتماع – صورة من اتفاقية التسويق لرأس مال صندوق الموانئ المبرم بين شركة كى جى إل للاستثمار وصندوق الموانئ بتاريخ ٢٠٠٩/٨/٣ – صورة من ترجمة اتفاقية الالتزام المبرمة بين صندوق الموانئ وشركة أم بى سى ثابت بها سداد صندوق الموانئ مبلغ ٢٥ مليون دولار لصالح شركة أم بى سى والاتفاق على تقسيط مبلغ الاستثمار – صورة اتفاقية قرض قابل للتحويل إلى أسهم محررة بين صندوق الموانئ وشركة كى جى إل الدولية للاستثمار للموانئ – نسخة من كتاب البنك التجارى المؤرخ ٢٠١٩/٨/١٩ رداً على تصريح المحكمة للمتهمين فى القضية الراهنة ثابت به إيداع مبلغ ٤٧٨/٣٢٥و٨٤٧و٣٧ دينار كويتى حساب مؤسسة الموانئ لدى البنك التجارى رقم ٢٠٣٠٢٦٩٠٠٢ بتاريخ ٢٠١٩/٢/٦ عن طريق حوالة سويفت بقيمة ١٢٥٠٠٠٠٠٠دولار أمريكى بأمر من شركة بورت لينك جى بى ، وكذلك إيداع مبلغ ٦٩٠/٨٨٢و١٧و٣ دينار كويتى بتاريخ ٢٠١٦/١١/٢٠ بحساب المؤسسة سالف البيان عن طريق حوالة سويفت بقيمة ١٠٧/٦٤و٢٢٢و١١ دولار أمريكى بأمر من شركة كلارك جيتواى انفسمنت جروب إلى بى – صورة ضوئية من تصريح المحكمة للمتهمين الأولى والثانى فيما يتعلق بالمبالغ المحولة للمؤسسة العامة للتأمينات الاجتماعية تم تقديمه للبنك الأهلى المتحد فرع لندن إلا أنه لم يتم الرد حتى تاريخه وسيستغرق الرد وقتاً – صورة ضوئية من تصريح المحكمة موجه للمؤسسة العامة للتأمينات الاجتماعية عن استخراج شهادة بالمبالغ المحولة إليها فى حسابها لدى البنك الأهلى المتحد لندن من صندوق الموانئ – صورة ضوئية من صفحتى رقمى ١١، ١٢ من تقرير عضو ديوان المحاسبة المقدم فى القضية الراهنة ٢٠١٣/٥٤٧ أموال عامة ثابت منهما إقراره بتحويل مبلغ٥٥/٤٥٤و٦٨٤و٧ دولار أمريكى من صندوق الموانئ بتاريخ ٢٠١٦/١٠/١٧ حساب المؤسسة العامة للتأمينات

الاجتماعية – صورة ضوئية من الصفحة الإلكترونية لوكالة الأنباء الكويتية ( كونا ) بعض فقرات من استجواب وزير المالية أمام مجلس الأمة بتاريخ ٢٠١٩/٦/١١ تضمنت إقراره بأن المؤسسة العامة للتأمينات الاجتماعية استردت مبلغ ٨و٨٦مليون دينار كويتى ( ٢٦٦ مليون دولار أمريكى ) من صندوق الموانئ – صور ضوئية من كتب صادرة عن مجموعة من السادة المساهمين فى صندوق الموانئ ( شركة بهبانى للاستثمار ، محمد على النقى ، شركة بترولينك ، ورثة يعقوب بهبهانى ) تضمنت شكرهم إدارة الصندوق على ما حققوه من نجاح ، كما قدم مستندات غير مفرزة طالعتها المحكمة وألمت بها من ضمنها نسخة من كتاب البنك التجارى المؤرخ ٢٠١٩/٨/١٩ لمدير إدارة كتاب المحكمة الكلية تنفيذاً لقرار المحكمة ثابت به إيداع مبلغ ٤٧٨/٣٢٥و٨٤٧و٣٧ دينار كويتى بحساب مؤسسة الموانئ لدى البنك التجارى رقم ٢٠٣٠٢٦٩٠٠٢ بتاريخ ٢٠١٩/٢/٦عن طريق حوالة سويفت بقيمة ١٢٥٠٠٠٠٠٠دولار أمريكى بأمر من شركة بورت لينك جى بى ، وكذلك إيداع مبلغ ٦٩٠/٨٨٢و٤١٧و٣ دينار كويتى بتاريخ ٢٠١٦/١١/٢٠ بحساب المؤسسة سالف البيان عن طريق حوالة سويفت بقيمة ١٠٧/٦٤و٢٢٢و١١ دولار أمريكى بأمر من شركة كلارك جيتو أى أنف سمنت جروب إل بى ، وأنه بالنسبة لحساب المؤسسة العامة للتأمينات الاجتماعية رقم ٠١٦٠٤٤٢٠٢٤ لا يوجد تحويلات واردة من شركة بورت لينك جى بى ليميتد أو شركة كلارك جيتو أى أنف سمنت جروب إل بى – إقرار موثق بشهادة القاضى لويس جيه فريه باللغة الأجنبية وترجمة لهذا الإقرار باللغة العربية ، كما قدم مذكرة بدفاعه طالعتها المحكمة وألمت بها تمسك فيها بالطلبات الآتية أ– إلزام النيابة العامة والمدعيين بالحق المدنى تقديم أصول كافة الصور الضوئية التى تضمنتها حوافظ المستندات المقدمة بتحقيقات النيابة العامة من مؤسسة الموانئ الكويتية ومنى عبدالمنعم محمود وديوان المحاسبة وجحد المتهمين لكافة الصور الضوئية المقدمة فى التحقيقات ، ب– التصريح للمتهمين الأولى والثانى باستخراج صورة طبق الأصل من محضر شهادة حمد أحمد العليان أمام لجنة حماية الأموال العامة بمجلس الأمة ، ج – تكليف النيابة العامة بتقديم أصول المستندات التى ركنت إليها فى توجيه الاتهام للمتهمين وترجمة معتمدة للمستندات المحررة باللغة الإنجليزية ، ٥– سماع شهود النفى كل من مشعل العثمان رئيس اللجنة الكشلة من قبل وزارة المواصلات لدراسة مساهمة مؤسسة الموانئ فى صندوق الموانئ الاستثمار كما أنه ممثل مدير الاستثمار فى المؤسسة العامة للتأمينات الاجتماعية ، وصفى قسام " من مكتب المطابقة لصندوق الموانئ " ، ورويرت بورغيسى " عضو فى المجلس

١٤٥

الاستشارى لصندوق الموانئ " ، وكيت بالزر " متخصص فنى ومالى فى أعمال الصناديق " ، ورويرت برنجر " متخصص صناديق استثمارية دولى " ، وتيم أونيل لورا " متخصص فى تدقيق عمليات غسيل الأموال " ، ومحمد النقى " مستثمر فى الصند وق " ، ودفع أولاً :- بعدم قبول الدعوى الجزائية فى الجناية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة والمنضم لها الجنايتين رقمى ٥٤٧/٢٠١٣ ، ١٧١٩/٢٠١٤ حصر أموال عامة وذلك لسابقة صدور قرار من النيابة العامة بحفظ التحقيق نهائياً فى الجناية رقم ٥٤٧/٢٠١٣ وإنتهاء قرار الحفظ إلى انتفاء جرائم العدوان على المال العام من الأوراق وقيدها وحفظها بدفتر الشكاوى الإدارية وفقاً للقرار المؤرخ فى ٢٠١٤/١٢/٣٠ إذ أن هذا القرار بالحفظ قد فصل فى ذات مضمون الشكوى الراهنة لتعلق الشكويين بذات عقد صندوق الموانئ وكليهما متعلق بالاستثمار فى الصندوق وقد تحصن هذا القرار وحاز الحجية بعدم الطعن عليه ، ثانياً :- بعدم قبول الدعوى الجزائية فى الجناية رقم ٥٤٧/٢٠١٣ حصر أموال عامة والتى تتعلق بمساهمة المؤسسة العامة للتأمينات الاجتماعية فى صندوق الموانئ وذلك لسابقة صدور قرار من النيابة العامة بحفظ التحقيق نهائياً لعدم الجريمة وفقاً للقرار المؤرخ ٢٠١٤/١٢/٣٠ ، ثالثاً :- بطلان قرار النيابة العامة الصادر فى ٢٠١٤/٣/٢٧ بإسناد مهمة أداء المأمورية إلى عضو ديوان المحاسبة بدلاً عن إدارة الخبراء بوزارة العدل لصدوره بالمخالفة للمادة ١ من القانون رقم ٤٠/١٩٨٠ فى شأن إصدار قانون الخبرة وتعديلاته وذلك باعتبار أن الشكوى حركت بناء على تقرير الديوان ولا يجوز أن يكون الديوان خصماً وحكماً فى آن واحد وقد كشف الديوان عن أنه طرف فى الشكوى بإصداره بيان يعرب فيه عن نجاح الديوان بصدور حكم ضد المتهمين بناء على جهوده فى قضية أخرى ولخلو قرار تكليف النيابة العامة للسيد / حمد أحمد العيان بإعداد تلك التقارير من بيان أسباب الاستعانة به بدلاً من إدارة الخبراء بوزارة العدل بالمخالفة للمادة١ من القانون رقم ٤٠/١٩٨٠ فى شأن إصدار الخبراء وتعديلاته ذلك أن الاستعانة بأى جهة أخرى لإجراء أعمال خبرة أمام النيابة العامة يعد طريقاً استثنائياً يجب أن يكون مسبباً ، رابعاً :- بطلان تقارير عضو ديوان المحاسبة وما ترتب عليها من اتهامات لعدم حلفه اليمين القانونية قبل أداء المأمورية المكلف بها بمحضر جلسة ٢٠١٥/٧/٢٦ ص ٢٥٣حتى ٢٥٦ التى أوكلت إليه بالمخالفة للمادة ١٠٠ من قانون الإجراءات الجزائية ، خامساً :- عدم توافر أركان الاتهام والجرائم الواردة فى تقرير الاتهام وعدم جدية الاتهام برمته إذ بنيت هذه الشكوى والاتهامات الواردة فيها على افتراض تبين عدم صحته إذ أن هذه الاتهامات برمتها قد أقيمت

على افتراض تبديد كافة المساهمة المالية التى أسهمت بها الدولة متمثلة فى مؤسسة الموانئ ومؤسسة التأمينات الاجتماعية وأن هذه المساهمة قد تبددت بالكامل ولما كانت مساهمة المؤسسة العامة للتأمينات الاجتماعية ٤٠ مليون دولار أمريكى ومؤسسة الموانئ الكويتية ٨٥ مليون دولار أمريكى وقد ثبت لاحقاً عدم صحة الاتهامات برمتها إذ ثبت فى مرحلة لاحقة من التقاضى أن أموال الصندوق هى أصول حقيقية وليست وهمية كما ورد فى تحقيقات النيابة العامة كما ثبت لاحقاً ويتاريخ شهر نوفمبر ٢٠١٦ وشهر فبراير ٢٠١٩ نجاح صندوق الموانئ فى التخارج والتوزيع على المستثمرين بما تحقق معه عودة أصل الاستثمار إلى الجهات العامة فضلاً عن أرباح مجزية حيث حصلت مؤسسة الموانئ الكويتية على مبلغ ١٥٣و٢٢٢و١٣٦ دولار أمريكى وحصلت المؤسسة العامة للتأمينات على مبلغ قدره ٦٤٧و٨٨٥و٨٦ دولار أمريكى وأنهما كانا مجتمعتين قد استثمرتا أموالاً بلغ إجماليها ١٢٥ مليون دولار أمريكى وقد حصلا على مبالغ فاقت ٢٢٣ مليون دولار أمريكى أى بريح هائل فاق مبلغه ٩٨ مليون دولار أمريكى مما تنهار معه الاتهامات الواردة فى تقرير الاتهام بعد ثبوت إثراء المال العام ، سادساً:- انتفاء صلة المتهمين الأولى والثانى بالواقعة وأن كل ما يتعلق بعمليات الصندوق والقرارات المتعلقة بإدارة الصندوق تصدر عن شركة بورت لينك كيان مستقل له مجلس إدارة يتولى إدارة الصندوق ويخضع الصندوق لعدد ثلاث جهات تدقيق واعتماد أية قرارات تكون من الشريك العام شركة بورت لينك جى بى وفقاً لنشرة الاكتتاب المعتمدة من كل المساهمين فضلاً عن قانون الكايمان الذى يخضع له الصندوق وأن القرارات المالية للصندوق تخضع للرقابة من مدقق الحسابات الخارجى المستقل وهو مكتب قيس النصف BDO والقرارات الإدارية تخضع لرقابة شركة تى أف أف موريشس والتدقيق القانونى على أعمال الصندوق من قبل مكتب وولكرز ، سابعاً:- مدنية النزاع ذلك أن ما سطر فى تقرير الاتهام وما قدم فى الدعوى من أوراق ومستندات سواء من المؤسسة الشاكية أو المدعوة / منى عبدالمنعم محمود أو السيد / حمد أحمد العليان وأيضاً ما قدم من المتهمين الأولى والثانى من مستندات ودفاع يؤكد على أن حقيقة الواقعة لا تخرج عن كونها نزاع مدنى بحت يحكمه نشرة الاكتتاب العام فى الصندوق واتفاقية الشراكة المحدودة وعقد الاكتتاب المبرم بين المؤسسة الشاكية وشركة كى جى إل للاستثمار باعتبار أن الأولى مساهم فى صندوق الموانئ الاستثمارى والثانية مسوق لهذا الصندوق داخل الكويت بدلالة أن المؤسسة الشاكية أقامت الدعوى رقم ٢٠١٧/٣٩٢ تجارى كلى /٢١ وموضوعها مطالبة شركة كى جى إل للاستثمار

بمبلغ وقدره / ٢٧٥ مليون دولار أمريكى حسبما تزعم به فى صحيفة دعواها ، ثامناً:- عدم صحة جميع الاتهامات التى نسبت للمتهمين الأولى والثانى فى تقرير الاتهام لانتفاء أركان جريمة الاستيلاء ذلك أن تلك الجريمة تتطلب انتزاع وتبديد المال العام بحيث يخرج من ملك الجهة العامة ويدخل فى ملك الغير دون سند صحيح ولما كان الثابت أن مساهمة الجهات العامة شأنها شان مساهمة باقى المستثمرين فى الصندوق قد دخلت فى عمليات تشغيلية واستثمارية وانتهت بانتهاء عملية التخارج من استثمارات الصندوق وترتب عليها عودة أصل الاستثمار مضافاً إليه أرباحاً كبيرة ومن ثم فقد أثرِى المال العام ولم يلحقه أى ضرر ولثبوت صحة إجراءات الصرف للمبالغ محل الاتهام وأن الاتهامات الواردة مقامة على افتراض خاطئ وأصبحت بمجملها واردة على غير محل ، تاسعاً:- انتفاء جريمة الإضرار بالمال العام أو الاشتراك فيه بحق المتهمين الأولى والثانى وذلك لانتفاء الركن المادى للجريمة وهو عنصر الضرر بالمال العام إذ أن المال العام فى الواقعة محل الاتهام قد أثرِى وزادت قيمته ولم يفتقر بازياد قيمة رأس مال صندوق الموانئ الاستثمارى بعد إتمام تخارج الصندوق من استثماراته ونجاح هذا الاستثمار فى تحقيق أرباح للمستثمرين ومن ثم فلم يلحق المال العام أى ضرر سواء كان فى حصة مساهمة مؤسسة الموانئ الكويتية أو المؤسسة العامة للتأمينات الاجتماعية ، عاشراً :- انتفاء جريمة الاستيلاء على المال العام أو تسهيل الاستيلاء عليه للغير أو الاشتراك فى تلك الجريمة بركنيها المادى والمعنوى ، حادى عشر :- ثبوت انتفاء واقعة الاستيلاء على المال العام أو تسهيل ذلك للغير أو الإضرار بالمال العام أو غسل الأموال أو الاشتراك فى تلك الوقائع بحق المتهمين من واقع أقوال الشهود الذين استمعت إليهم المحكمة وذلك من عدة وجوه الوجه الأول :- تأكيد مدقق الحسابات الخارجى المستقل لصندوق الموانئ والمعين من قبل المساهمين بالصندوق – شاهد النفى الذى استمعت إليه المحكمة الموقرة بهيئة سابقة وهو السيد / قيس محمد النصف – على القطع بنفى كافة الاتهامات المزعوم إسنادها للمتهمين الأولى والثانى وأكد على صحة الإجراءات وعمليات الصرف من الصندوق التى زعمت سلطة الاتهام بقيام المتهمة الأولى بها والواردة بتقرير الاتهام، الوجه الثانى :- تأكيد أقوال الشاهد دانييل برين من شركة وكز المستشار القانونى لصندوق الموانئ الاستثمارى منذ تأسيس الصندوق فى عام ٢٠٠٧ على القطع بنفى كافة الاتهامات المزعوم إسنادها للمتهمين الأولى والثانى واكد على صحة كافة الإجراءات وعمليات الصرف من الصندوق التى قامت بها المتهمة الأولى ، الوجه الثالث / شاهد النفى هشام

سرور عبدالله من شركة بيركلى وهى شركة مكلفة من قبل أحد المساهمين فى صندوق الموانئ لفحص حسابات الصندوق وما جاء فى تقرير ديوان المحاسبة والوقائع موضوع الاتهام والذى أكدت أقواله على القطع بنفى كافة الاتهامات المزعوم إسنادها للمتهمين الأولى والثانى وأكد على صحة كافة الإجراءات وعمليات الصرف من الصندوق المزعوم إسنادها للمتهمة الأولى ، الوجه الرابع :- الشاهد أيمن عبدالرحيم أحمد مرداس وهو مستشار قانونى مستقل معين من قبل صندوق الموانئ الاستثمارى ودوره توجيه الاستشارات القانونية للصندوق فى دبى وأن له دور استشارى فى توزيع حصيلة التخارج من الصندوق حيث أكدت أقواله على القطع بنفى كافة الاتهامات المزعوم إسنادها للمتهمين الأولى والثانى وأكد على صحة كافة الإجراءات وعمليات الصرف من الصندوق التى قامت بها المتهمة الأولى ، الثانى عشر :- عدم معقولية واستحالة قيام الواقعة المسندة للمتهمين الأولى والثانى من استيلاء أو تسهيل استيلاء أى من المتهمين أو غيرهم على أى أموال بدون وجه حق تعود لصندوق الموانئ الاستثمارى ذلك أن الصندوق يخضع وفقاً لقانون جزر الكايمان لعدة جهات رقابية على أعماله حماية للمستثمرين فى الصندوق إضافة إلى وجود مكتبى تدقيق محاسبى مستقلين من داخل الكويت ولم تكتشف أى من هذه الجهات الرقابية أى ملاحظات مالية أو غيرها على عمل الصندوق رغم إطلاعها على جميع المستندات ، الثالث عشر :- كيدية وتلفيق الاتهام من منى عبدالمنعم محمود مقدمة الشكوى بحق المتهمين وعدم جواز الاعتداد بشهادتها بحق المتهمين الأولى والثانى حيث ان البملغة سالفة الذكر على خلاف مع المتهمة الأولى وقامت بالاستيلاء على مبلغ مائة وستة وسبعون ألف وثمانمائة وثمانية وسبعون دينار و ٨٠٣ فلس من أموال المتهمة الأولى لدى بنك برقان وتم إدانتها بالحبس لمدة ثلاث سنوات مع الشغل والنفاذ بحكم جزئى نهائى مما يقطع بعدم أهليتها للشهادة وتعمدها الكيد للمتهمة الأولى والثانى وذلك من عدة أوجه الوجه الأول تعمد المدعوة / منى عبدالمنعم محمود عبدالوهاب الكيد للمتهمة الأولى والثانى وعدم اهليتها للشهادة ضدهما بالواقعة لصدور حكم جنائى نهائى ويات بحقها ، الوجه الثانى :- إقرار المدعوة / منى عبدالمنعم محمود بالتحقيقات بتعدد الخلافات السابقة بينها وبين المتهمين الأولى والثانى مما يقطع بكيدية شكواها وأقوالها ضد المتهمين فى الوقائع المسندة إليهما وأن أقوالها لا تصلح دليلاً بحق المتهمين نظراً لعدم انتفاء مظنة الكيد والتلفيق والانتقام ، الوجه الثالث :- تناقض المدعوة / منى عبدالمنعم محمود فى أقوالها بالتحقيقات يقطع بكيدية شكواها وتلفيق الاتهام للمتهمين

الحكم رقم ١٤٩١/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات /٣

الأولى والثانى بغرض الكيد لهما وتشويه سمعة المتهمين ، الوجه الرابع :- التأكيد على كذب وكيدية الاتهامات الواردة بالشكاوى المقدمة من المدعوة / منى عبدالمنعم محمود بدلالة التراخى فى البلاغات وعدم صحتها ، الرابع عشر :- عدم التعويل على أقوال المدعو / حمد أحمد العليان وكذا عدم صحة الإستناد إليها كدليل للإثبات بحق المتهمين وذلك من عدة أوجه :- الوجه الأول :- عدم جواز الاعتماد على تقرير وأقوال السيد / حمد احمد العليان بالتحقيقات وذلك لعدم فهمه المأمورية موضوع التداعى والقانون الذى يخضع له صندوق الموانئ الاستثمارى وعدم فهم الهيكل الإدارى للصندوق حيث أن السيد / حمد العليان أورد فى تقريره بأن شركة كى جى إل للاستثمار بصفتها صاحبة الترخيص ومدير الصندوق وشركة كى جى إل كايمان بصفتها مدير الاستثمار قد خالفت مواد القانون رقم ٢٠١٠/٧ بشأن إنشاء هيئة أسواق المال والمرسوم بقانون رقم ١٩٦٠/٣١ فى شان تنظيم تداول الأوراق المالية وإنشاء صناديق الاستثمار والقرار الوزارى رقم ١٩٩٢/١١٣ بإصدار اللائحة التنفيذية والقرارات اللاحقة له وكرر ذلك فى أكثر من موضع فى تقاريره وأخرها تقريره المؤرخ فى ١٥/٢/٢٠١٧ فى الصفحات ٢٦ ، ٢٨ ، ٢٩، ٣٠، ٤٠ ، ٤١، ٤٢ وذلك رغم أن الصندوق وعلى ما قرره سالف الذكر فى تقريره أيضاً مؤسس وفقاً لقانون جزر الكايمان ومن ثم فهو يخضع لقانون جزر الكايمان التابعة للتاج البريطانى ولا يخضع للقانون الكويتى وهو ما أكدت عليه هيئة أسواق المال وفقاً للثابت بكتاب الهيئة المرسل للنيابة العامة ، الوجه الثانى:- طرح تقرير ديوان المحاسبة وأقوال شاهد الديوان كدليل للاستدلال به بحق المتهمين الأولى والثانى لثبوت عدم صحة ما جاء بالتقرير وأقوال شاهده وإصدار ديوان المحاسبة بيان عن الحكم الصادر من محكمة أول درجة بالإشادة بالحكم ونسب فى البيان بأن صدور الحكم نجاح للديوان ومن ثم فقد الديوان صفته كجهة محايدة أو صفة موظفيه كشهود فى الواقعة ، إضافة لوجود خلافات بينه وبين شركة كى جى إل للاستثمار والمتهمين الأولى والثانى ووجود شكوى مقدمة من المتهم الثانى ضد ديوان المحاسبة إضافة لصدور حكم نهائى ضد عضو ديوان المحاسبة الذى أعد التقرير بالحبس لمدة ستة أشهر عن واقعة تزوير أوراق وأمرها بتوقيع منسوب للمتهمة الأولى ، الوجه الثالث :- طرح أقوال / حمد أحمد العليان كدليل للاستدلال بحق المتهمين لمخالفتها للمنطق والقانون وثبوت عدم صحة ما جاء فى تقريره جملةً وتفصيلاً ، خامس عشر :- عدم صلاحية السيد / حمد العليان للشهادة وإعداد تقارير وتناقض أقواله مع بعضها البعض ومخالفتها للثابت بالأوراق ، السادس عشر :-

طرح النيابة العامة أقوال الشهود الذين جزموا بعدم بيان تحقق ضرر بالمال العام إلا عند التخارج من صندوق الموانئ وكذا طرح ما أثبت بتقارير ديوان المحاسبة من إقرار مؤسسة الموانئ الكويتية بأن سداد قيمة الاستثمارات يكون عند إتمام كل عملية تخارج ، السابع عشر :- عدم قبول الإدعاء المدنى المقام من منى عبدالمنعم محمود لانتفاء صفتها فى الإدعاء المدنى وعدم تضررها من الوقائع محل الاتهام بأى صورة حيث أنها ليست من المشاركين فى صندوق الموانئ ، وطلب فى ختامها الحكم أولاً :- بعدم قبول الدعوى الجزائية لسبق صدور قرار فيها من النيابة العامة بحفظ التحقيق فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة ، ثانياً :- ببراءة المتهمين الأولى والثانية مما هو منسوب إليهما من اتهامات ويرفض كافة الدعاوى المدنية ضدهم وإلزام رافعيها بالمصروفات ومقابل الأتعاب الفعلية للمحاماة ، ثالثاً :- عدم قبول الإدعاء المدنى المقدم من المدعية بالحق المدنى / منى عبدالمنعم محمود لانتفاء صفتها فى الإدعاء المدنى وعدم تضررها من الوقائع محل الاتهام،  والمحامى الثانى الحاضر مع المتهمين الأولى والثانى ترافع شفاهةً وشرح ظروف الدعوى وقدم العديد من حوافظ المستندات طالعتهم المحكمة جميعاً وألمت بهم من ضمن ما طويت عليه صورة ضوئية من تحقيقات النيابة العامة ص ٢٢٣، ٢٢٤ فى القضية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة – صورة ضوئية من ص ٤٩ من تحقيقات النيابة العامة فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة – صورة ضوئية من الصفحات أرقام ٤١٣، ٤٢٥، ٤٢٦ من تحقيقات النيابة العامة مع المتهم الثانى فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة – صورة ضوئية من الصفحتين رقمى ٥٥٥، ٥٦٠ من تحقيقات النيابة العامة مع المتهمة الأولى فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة– صورة ضوئية من كتاب محامى المتهمة الأولى للنائب العام والمتضمن بأن تمسكها بأن السيد / حمد العليان لا يصلح لإعداد تقرير محايد – صورة ضوئية من الكتاب رقم ١٥٤ المؤرخ ٢٠١٤/٣/٢٤ الموجه من مدير نيابتى الأموال العامة والشئون التجارية لوكيل ديوان المحاسبة فى القضية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة – صورة ضوئية من كتاب وكيل ديوان المحاسبة المؤرخ ٢٠١٤/٤/١٠ الموجه  للسيد مدير نيابة الأموال العامة رداً على الكتاب سالف الذكر  –  صورة ضوئية من كتاب النائب العام المؤرخ ٢٠١٤/٥/١ الموجه لرئيس ديوان المحاسبة – صورة ضوئية من كتاب النائب العام المؤرخ ٢٠١٥/١/٢٩ الموجه لرئيس ديوان المحاسبة– صورة ضوئية من قرار النائب العام فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة – صورة ضوئية من قرار لجنة التحقيق

الخاصة بمحاكمة الوزراء فى البلاغ المقيد برقم ٢٠١٤/٧ حصر بلاغات وزراء الصادر بتاريخ ٢٠١٤/٩/١٧ – صورة ضوئية من كتاب هيئة أسواق المال المؤرخ ٢٠١٦/٧/٢٥ الموجه لمدير نيابة الأموال العامة – صورة ضوئية من صفحات من تقرير ديوان المحاسبة – صورة ضوئية من الملحق المرفق بتقرير عضو ديوان المحاسبة المؤرخ ٢٠١٧/٢/١٥ جدول ص ٣ بعنوان " المبالغ المسحوبة من حساب صندوق الموانئ لدى البنك الأهلى الكويتى ثابت منها أنه ذكر تحويل مبلغ مليون دينار كويتى إلى حساب شركة كى جى إل للاستثمار بتاريخ ٢٠١٣/٥/١٦ فى حين أن الثابت بالكشف أن المبلغ المحول بذات التاريخ ألف دينار كويتى – صورة ضوئية من ص ٢٩٩ من تحقيقات النيابة العامة فى القضية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة – صورة ضوئية من أحد مرفقات تقرير عضو ديوان المحاسبة رقم فى ص ١ أن هناك مبلغ ١٠٠ ألف دولار أمريكى تم تحويله لحساب شركة كى جى إل للاستثمار لدى البنك الأهلى المتحد بتاريخ ٢٠١١/١٠/٣١ مرفق معها صورة أخرى لكشف حساب بنكى ثابت به أن المبلغ حول من حساب الصندوق بالدولار لدى بنك HSBC إلى حساب الصندوق بالدينار الكويتى فى ذات البنك – صورة ضوئية من ص ١٣ من تقرير عضو ديوان المحاسبة المؤرخ ٢٠١٣/٥/٩ الذى أعده بناء على تكليف مجلس الأمة ثابت منها ذكره أن مخصصات أعضاء المجلس الاستشارى مبلغ ٥٠٠٠دينار كويتى عن الاجتماع الواحد ويحد أقصى مرتين فى السنة إضافة إلى المصاريف وذلك طبقاً لميثاق المجلس الاستشارى للصندوق وتسدد المبالغ من الصندوق ثم قرر لاحقاً أمام النيابة العامة بأن التحويلات للمتهمة الأولى جريمة وركن إلى ذلك بتقرير الاتهام الأول – صورة ضوئية من ص ٧ لنشرة الاكتتاب مرفق بها ترجمتها للغة العربية ثابت منه أن الهدف من الصندوق إنشاء محفظة استثمارية تهدف إلى تحقيق معدل عائد داخلى ٣٠% على إجمالى الاستثمارات وذلك خلافاً لما زعم به عضو ديوان المحاسبة بأن غاية الصندوق تحقيق هذا العائد – صورة ضوئية لبعض من المستندات المقدمة من المبلغة منى عبدالمنعم محمود – صورة ضوئية من قرار الحفظ فى القضية رقم ٢٠١٢/١٢٤٤ حصر أموال عامة – صورة ضوئية من البلاغ المقدم من الشاكية / منى عبدالمنعم محمود بتاريخ ٢٠١١/١٠/١٧ للنائب العام ضد المتهمين بتهمة تسهيل الاستيلاء على مبلغ أربعين مليون دولار امريكى من أموال المؤسسة العامة للتأمينات الاجتماعية – صورة ضوئية من قرار النائب العام فى القضية رقم ٢٠١٣/٠٤٧ حصر أموال عامة بحفظها – صورة ضوئية من البلاغ المقدم من الشاكية /

منى عبدالمنعم محمود بتاريخ ٢٠١٢/٦/٢٦ للنائب العام ضد المتهمين بتهمة تسهيل الاستيلاء على مبلغ خمسين مليون دولار امريكى من أموال مؤسسة الموانئ الكويتية – صورة ضوئية من تقرير اتهام صادر عن النيابة العامة فى القضية رقم ٢٠١٠/١٥٧٥ حصر أموال عامة – صور ضوئية من الأحكام ابتدائى واستئناف وتمييز فى القضية رقم ٢٠١٠/١٥٧٥ حصر أموال عامة ضد المبلغة – صورة ضوئية من الكتاب المقدم من المبلغة بتاريخ ٢٠١٣/١٠/٢٢ للنائب العام لاستصدار منع سفر قبل المتهمين – صور ضوئية من الكتابين المقدمين من المبلغة للنائب العام بتواريخ مختلفة فى القضية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة بطلب ندب إدارة الخبراء لتشكيل لجنة فنية من المتخصصين للإطلاع على ملف القضية وإعداد تقرير عن كافة المخالفات – صورة ضوئية من البلاغ رقم ٢٠١٤/١٧١٩ حصر أموال عامة المقدم من المبلغة / منى عبدالمنعم محمود ضد المتهمين بتاريخ ٢٠١٤/١١/٢٠ – نسخة من كتاب البنك التجارى المؤرخ ٢٠١٩/٨/١٩ لمدير إدارة كتاب المحكمة الكلية تنفيذاً لقرار المحكمة ثابت به إيداع مبلغ ٤٧٨/٣٢٥و٨٤٧و٣٧ دينار كويتى حساب مؤسسة الموانئ لدى البنك التجارى رقم ٢٠٣٠٢٦٩٠٠٢ بتاريخ ٢٠١٩/٢/٦ عن طريق حوالة سويفت بقيمة ١٢٥٠٠٠٠٠٠دولار أمريكى بأمر من شركة بورت لينك جى بى ، وكذلك إيداع مبلغ ٨٨٢/٦٩٠و٤١٧و٣ دينار كويتى بتاريخ ٢٠١٦/١١/٢٠ بحساب المؤسسة سالف البيان عن طريق حوالة سويفت بقيمة ١٠٧/٦٤و٢٢٢و١١ دولار أمريكى بأمر من شركة كلارك جيتو أى أنف سمنت جروب إل بى ، وأنه بالنسبة لحساب المؤسسة العامة للتأمينات الاجتماعية رقم ٠١٦٠٤٤٢٠٢٤ لا يوجد تحويلات واردة من شركة بورت لينك جى بى ليميتد أو شركة كلارك جيتو أى أنف سمنت جروب إل بى– صورة ضوئية من تصريح المحكمة فيما يتعلق بالمبالغ المحولة للمؤسسة العامة للتأمينات الاجتماعية تم تقديمة إلى البنك الأهلى المتحد فرع لندن إلا أنه لم يتم الرد حتى تاريخه – صورة ضوئية من تصريح المحكمة موجه للمؤسسة العامة للتأمينات الاجتماعية عن استخراج شهادة بالمبالغ المحولة إليها فى حسابها لدى البنك الأهلى المتحد لندن من صندوق الموانئ – صورة ضوئية من صفحتى رقمى ١١، ١٢ من تقرير عضو ديوان المحاسبة المقدم فى القضية الراهنة ٢٠١٣/٥٤٧ أموال عامة ثابت منهما إقراره بتحويل مبلغ ٤٥٤/٥٦و٦٨٤و٧ دولار أمريكى من صندوق الموانئ بتاريخ ٢٠١٦/١٠/١٧ حساب المؤسسة العامة للتأمينات الاجتماعية – صورة ضوئية من الصفحة الإلكترونية لوكالة الأنباء الكويتية ( كونا ) بعض فقرات من

١٥٣

استجواب وزير المالية أمام مجلس الأمة بتاريخ ٢٠١٩/٦/١١ تضمنت إقراره بأن المؤسسة العامة للتأمينات الاجتماعية استردت مبلغ ٨و٨٦مليون دينار كويتى ( ٢٦٦ مليون دولار أمريكى ) من صندوق الموانئ – صور ضوئية من كتب صادرة عن مجموعة من السادة المساهمين فى صندوق الموانئ ( شركة بهبانى للاستثمار ، محمد على النقى ، شركة بترولينك ، ورثة يعقوب بهبهانى ) تضمنت شكرهم إدارة الصندوق على ما حققوه من نجاح– صورة من تقرير الشال – إحدى الشركات الكبرى الكويتية فى مجال الاستثمار حول صندوق الموانئ – مؤرخ فى أكتوبر لعام ٢٠٠٩– نسخة عن تقرير الشال لمتابعة التقرير الأصلى مؤرخ فى أكتوبر عام ٢٠١١ – صورة من الصفحات من ٢٥٣ حتى ٢٥٧ من تحقيقات النيابة العامة فى القضية رقم ١٤٩٦/٢٠١٢ حصر أموال عامة – صورة ضوئية من صحيفة الدعوى رقم ١١٥٥٣/٢٠١٦ تجارى كلى حكومة /٧ – صورة ضوئية من حكم الإحالة للخبراء فى الدعوى رقم ٣٩٢٤/٢٠١٧ تجارى كلى /٢١ – صورة ضوئية من تقرير الخبير فى الدعوى رقم ٣٩٢٤/٢٠١٧ تجارى كلى /٢١– صورة ضوئية من تقرير الخبير فى الدعوى رقم ٦٥٨٢/٢٠١٦ تجارى كلى /٣ والمقامة من صندوق الموانئ ضد شركة كى جى إل الدولية للموانئ والتخزين – صورة ضوئية من شهادة صادرة من جدول المحكمة الكلية فى الدعوى رقم ٦٥٨٢/٢٠١٦ تجارى كلى /٣٨ ثابت بها أنها مؤجلة لجلسة ٢٠١٩/١١/٤ – صورة ضوئية من تقرير ديوان المحاسبة عن المؤسسة العامة للتأمينات الاجتماعية – تقرير بالشهادة صادر عن الخبير الأجنبى / لويس فريه مترجم من اللغة الإنجليزية للغة العربية – تقرير مالى بشأن المعاملات المالية محل الاتهامات فى القضية الراهنة ومرفقاته صادر عن شركة بيكر تلى للاستشارات ذ م م  عينت من قبل أحد المساهمين فى الصندوق شركة بترولينك القابضة لإعداد التقرير وموقع عليه من الشريك التنفيذى / هشام سرور " خبير " ثابت به أنه بالنسبة للمعاملة المالية موضوع الاتهام الأول فإن المبلغ المذكور فى تقرير الاتهام يتكون من أربع مجموعات من المبالغ المستحقة للمتهمة الأولى من حسابات الصندوق وهى المجموعة الأولى مبلغ ٩٩٠٠٠دينار كويتى وهى رواتب مستحقة بصفتها عضو مجلس إدارة فى شركة Port LINK GP LTD – الشريك العام عن الفترة من يوليو ٢٠٠٨ وحتى ديسمبر ٢٠١٤ باستثناء ١٢ شهر خلال السنة المالية ٢٠١٠ بإجمالى ٦٦ شهر وبواقع ١٥٠٠دينار كويتى لكل شهر ، والثانية مبلغ ٢٥ ألف دينار كويتى وهى مخصصات حضور مستحقة عن حضور عدد ٥ اجتماعات المجلس الاستشارى للصندوق

خلال الفترة من ٢٠١٠ إلى ٢٠١٤ ، الثالثة والرابعة استعاضة مصاريف إدارية تم دفعها من حسابها الشخصى خلال اجتماعات المجلس الاستشارى التالية مبلغ ٥٠٠٠دينار كويتى مصاريف سفر وإقامة – الاجتماعين رقمى ٢٠١/١، ٢٠١١/٢ ، ومبلغ ٤٤٢ دينار كويتى ومبلغ ٦٠٦٠دولار أمريكى مصاريف سفر وإقامة الاجتماعين رقمى ٢٠١٠/١ ، ٢٠١١/١ ، وأن نتيجة الفحص ١– أن كافة المعاملات الواردة فى الاتهام الأول قد تمت بما يتوافق مع نشرة الاكتتاب فى الصندوق وإتفاقية الشراكة المحدودة وعقد تأسيس الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها شبهة استيلاء بدون وجه حق ، ٢– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق وعكسها فى البيانات المالية المدققة للصندوق ، ٣– تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم صرفها قانونياً ووفق الأصول إلى لازاريفا ماريا العضو فى مجلس إدارة الشريك العام وعضو المجلس الاستشارى للصندوق وعليه لا يوجد استيلاء بدون وجه حق على هذه المبالغ ، وبالنسبة للمعاملة المالية موضوع الاتهام الثانى فإن المبلغ المذكور فى الاتهام قد تم تحويله إلى شركة كى جى إل للاستثمار ش م ك ( مقفلة ) بقيمة ٥٠٠،٠٠٠و٢ دولار أمريكى وذلك بتاريخ ١٢ أغسطس ٢٠١٠ مقابل مستحقات شركة كى جى إل للاستثمار ش م ك ( مقفلة ) لتسويق الاكتتاب التكميلى الأول ويواقع ٥% من قيمة المبالغ التى تم الاكتتاب فيها خلال الاكتتاب التكميلى الأول بقيمة ٥٠ مليون دولار أمريكى وقد تم تحويل المبلغ من حساب الصندوق لدى البنك الأهلى الكويتى رقم ٢٠١٧٢٣٥٩٠٦٠٣ وحيث أن المستفيد من المبلغ شركة كى جى إل للاستثمار ش م ك " مقفلة " قد استلمت المبلغ بموجب مستحقاتها لتسويق الاكتتاب لذا كان لها حق التصرف فى المبلغ لصرف مستحقات مترتبة عليها للسادة شركة المرابطون الدولية وسند ذلك أنه بتاريخ ٢٠٠٩/٨/٣ تم إبرام اتفاقية بين الصندوق وشركة كى جى إل للاستثمار ش م ك ( مقفلة ) لتسويق زيادة رأس مال الصندوق وقد نص البند ١و٣ – الصفحة ٢ من الاتفاقية المذكورة على استحقاق شركة كى جى إل للاستثمار ش م ك " مقفلة " نسبة ٥٥ من الأموال المكتتب فيها وتستحق هذه النسبة فى خلال ٥ أيام من استلام الأموال المكتتب فيها فى حسابات الصندوق وتسدد من أموال الصندوق ( المرفق رقم ٣ ) ، وبتاريخ ٢٠١٠/٧/١٤ تم إبرام عقد اكتتاب ومشاركة بين شركة كى جى إل للاستثمار بصفتها مسوق الصندوق ومؤسسة الموانئ الكويتية لتلتزم الأخيرة بالاكتتاب بمبلغ خمسين مليون دولار أمريكى فى صندوق الموانئ وتم دفع كامل المبلغ لحساب الصندوق

بتاريخ ٢٠١٠/٧/١٩، وعليه استحقت شركة كى جى إل للاستثمار ش م ك " مقفلة " –
مسوق الصندوق فى الكويت مستحقاتها مقابل تسويق زيادة رأس مال الصندوق وبنسبة ٥%
من المبلغ المكتتب فيه أى ما يعادل ٢،٠٠٥،٠٠٠ دولار أمريكى يعادل ١٠٠و ٧١٩ دينار
كويتى ( المرفق ٢ – ٤ ) ، وأن نتيجة الفحص ١– أن كافة المعاملات الواردة فى الاتهام
الثانى قد تمت بما يتوافق مع نشرة الاكتتاب فى الصندوق وإتفاقية الشراكة المحدودة وعقد
تأسيس الشريك العام والقرارات الصادرة من الشريك العام مع الرخصة الصادرة من وزارة التجارة
والصناعة فى الكويت والتى منحت شركة كى جى إل للاستثمار ش م ك " مقفلة " حق تسويق
الصندوق داخل دولة الكويت وكذلك الاتفاقية التجارية المبرمة بين الصندوق وشركة كى جى
إل للاستثمار ش م ك " مقفلة " بغرض تسويق زيادة رأس مال الصندوق  ولم يكن بها شبهة
استيلاء بدون وجه حق ، ٢– أن كافة التحويلات التى تمت من شركة كى جى إل للاستثمار
ش م ك " مقفلة " إلى شركة المرابطون الدولية ليس لها علاقة بأنشطة الصندوق ، ٣–
تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، ٣– تطابق
قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم صرفها قانونياً ووفق الأصول إلى
شركة كى جى إل للاستثمار ش م ك ( مقفلة )  وعليه لا يوجد استيلاء بدون وجه حق على
هذه المبالغ ، وبالنسبة للمعاملة المالية موضوع الاتهام الثالث فإن المبلغ المذكور فى تقرير
الاتهام يتكون من سبعة عشر مجموعة من المبالغ المحولة للشركات المذكورة فى تقرير
الاتهام من حسابات الصندوق حيث إنه ١– بالنسبة للمبالغ المحولة إلى شركة كى جى إل
للاستثمار ش م ك " مقفلة " – رسوم الاكتتاب الأولى وقدرها ٧٨٠،٠٠و ٣٧،٠و١ دولار
أمريكى فإنه بموجب نشرة الاكتتاب والصادرة فى أبريل ٢٠٠٧ فقد نصت أن رسوم الاكتتاب
بواقع ٣% من قيمة المبالغ المكتتب فيها وتستحق ل شركة كى جى إل للاستثمار من المكتتب
فى نفس تاريخ الاكتتاب وتدفع كمبلغ إضافى عن قيمة الالتزام أو يتم خصمها من مبلغ
الالتزام ( المرفق ٣–١ ) وفى أبريل ٢٠٠٧ تم ابرام اتفاقية الاكتتاب بين الشريك العام وشركة
كى جى إل للاستثمار والتى بموجبها تم تعيين شركة كى جى إل للاستثمار وكيلاً للاكتتاب (
المرفق ٣–٢ ) وبموجب الاكتتاب الأول فقد استحقت شركة كى جى إل للاستثمار مبلغ
٧٨٠،٠و ٣٧،٠و١ دولار أمريكى عن طريق تحويلين من حساب الصندوق رقم
١٦٠٠،٤ لدى بنك HSBC إلى حسابها رقم ١٠٩٤٩٩٥٧ بنك الخليج الأول
بتاريخ ٢أغسطس ٢٠٠٧ بمبلغ ٧٨٠٩و ٩٤٧ دولار أمريكى ، والثانى بتاريخ ٢٢أغسطس

٢٠٠٧ بمبلغ ٩٠٠٠٠دولار أمريكى ،٢- بالنسبة للمبالغ المحولة لشركة كى إل
للاستثمار ش م ك ك مقابل التسويق لزيادة رأس المال من خلال الاكتتاب التكميلى الأول
بالتزامن مع إصدار نشرة الاكتتاب فى أغسطس ٢٠٠٩ وذلك لحشد رؤوس أموال لصالح
الصندوق بقيمة تتراوح بين ٥٠ إلى ١٠٠ مليون دولار أمريكى خلال الاكتتاب التكميلى الأول
والإكتتاب التكميلى الثانى تم إبرام اتفاقية بين الصندوق وشركة كى جى إل للاستثمار بتاريخ
٣ أغسطس ٢٠٠٩ لتسويق زيادة رأس مال الصندوق وقد نص البند ١و٣ الصفحة ٢ من
الاتفاقية سالفة الذكر على استحقاق شركة كى جى إل للاستثمار نسبة ٥% من الأموال
المكتتب فيها يدفعها الصندوق وتستحق هذه النسبة خلال ٥ أيام من استلام الأموال المكتتب
فيها فى حسابات الصندوق ، وعليه فقد استحقت شركة كى جى إل للاستثمار مبلغ
٢٥٠٠,٠٠٠و٢ دولار أمريكى بواقع ٥ % من المبلغ المكتتب فيه بقيمة ٥٠,٠٠٠,٠٠٠دولار
أمريكى وتم تحويل مبلغ ٢٥٠٠,٠٠٠و٢ دولار أمريكى لشركة كى جى إل للاستثمار ش م ك
عن طريق تحويل بنكى من حساب الصندوق رقم ١٦٠٠٠٤٠٠١٠٠١ لدى بنك HSBC إلى
حسابها رقم ٠٦٠٣٧٢٣٥٤٩٢٠١ بالبنك الأهلى الكويتى  بتاريخ ١١أغسطس ٢٠١٠ ،
٣- بالنسبة للمبالغ المحولة لشركة كى جى إل للاستثمار مقابل التسويق لزيادة رأس المال
من خلال الاكتتاب التكميلى الثانى فإنه بالتزامن مع نشرة الاكتتاب فى أغسطس ٢٠٠٩ وذلك
لحشد رؤوس أموال لصالح الصندوق بقيمة تتراوح بين ٥٠ - ١٠٠ مليون دولار أمريكى خلال
الاكتتاب التكميلى الأول والإكتتاب التكميلى الثانى تم ابرام اتفاقية بين الصندوق وشركة كى
جى إل للاستثمار بتاريخ ٢٠٠٩/٨/٣ لتسويق وحدات الصندوق لزيادة رأس ماله وقد نص
البند ١و٣ من الاتفاقية على استحقاق شركة كى جى إل للاستثمار نسبة ٥% من الأموال
المكتتب فيها وتستحق هذه النسبة فى خلال ٥ أيام من استلام الأموال المكتتب فيها فى
حسابات الصندوق وعليه فقد استحقت شركة كى جى إل للاستثمار مبلغ ٢٦٥,٠٠٠و٢
دولار أمريكى بواقع ٥٥ من المبلغ المكتتب فى زيادة رأس المال خلال الإكتتاب التكميلى
الثانى وهو ٤٥,٣٠٠,٠٠٠ دولار أمريكى ، وعليه تم تحويل مبلغ ٢٦٥,٠٠٠و٢ دولار
أمريكى من حساب الصندوق رقم ١٦٠٠٠٤٠٠١٠٠١ لدى بنك HSBC إلى حساب شركة
كى جى إل رقم ٠٦٠٣٧٢٣٥٤٩٢٠١ بالبنك الأهلى الكويتى  بتاريخ ٢٠١٣/٧/١ ، ٤-
بالنسبة للمبالغ المحولة لشركة كى جى إل كأتعاب إدارة فإنه بموجب نشرة الإكتتاب الصادرة
٢٠ ص ٨ فقد نصت أن أتعاب الإدارة نسبة سنوية تقدر ٢ % من إجمالى

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٠٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

التزامات رأس المال وتنخفض النسبة إلى ١و٥ % فى حال تمديد أجل الصندوق لفترتين متتاليتين مدة كل منهما سنة واحدة ، وأن شركة كى جى إل للاستثمار كايمن هى مدير الاستثمار وطبقاً لما ورد فى البند ١، ٥ بالصفحة ٦ من نشرة الاكتتاب فإن مدير الاستثمار يستحق أتعاب الإدارة بنسبة ٢% من إجمالى التزامات رأس المال عن الفترة من تاريخ إغلاق الاكتتاب الأول وحتى ٣١ ديسمبر من السنة الخامسة بعد تاريخ الإغلاق الأول ومن ثم ١و٥% من إجمالى الالتزام للفترات اللاحقة وحتى إنتهاء أجل الصندوق لأى لمدة سنتين إضافيتين وإن هناك حوالة حق بين شركة كى جى إل للاستثمار كايمن وشركة كى جى إل للاستثمار تفوض فيها شركة كى جى إل للاستثمار باستلام أتعاب الإدارة مباشرة فى حسابها وعليه فإن شركة كى جى إل للاستثمار استحقت أتعاب إدارة قدرها ٣٤٠و١٢٥و٢٢ دولار أمريكى ، وتم تحويل مبلغ ٠٧٨و٨٣٢و١٦ دولار أمريكى أتعاب إدارة لشركة كى جى إل للاستثمار ، ٥- بالنسبة للمبالغ المحولة لشركة كى جى إل للاستثمار مصاريف تم استعاضتها وذلك بموجب نشرة الاكتتاب والصادرة فى أبريل ٢٠٠٧ ص١١٣ فقد نصت أن الصندوق يتحمل كافة المصاريف والرسوم المتعلقة بتشغيله( المرفق ٣ –٨) وقامت شركة كى جى إل للاستثمار بدفع مصاريف نيابة عن الصندوق ولصالح الصندوق وتم استعاضتها من حساب الصندوق بإجمالى مبلغ ٤٠٠٠٠دينار كويتى وأن المبلغ تم إدراجة فى تقرير الاتهام بقيمة خاطئة حيث أن قيمة المبلغ المحول هو ١٠٠٠دينار كويتى وليس مليون دينار كويتى( المرفق ٣-٩) ، ٦- بالنسبة للمبالغ المحولة إلى شركة كى جى إل للاستثمار استثمار إم بى سى جلويل للفرص الاستثمارية فإنه بموجب اتفاقية الاستثمار المبرمة بين صندوق الموانئ وإم بى سى جلويل للفرص الاستثمارية والمؤرخة ١٢ /٢٠٠٧/١١ فقد التزم صندوق الموانئ بالدخول فى الاستثمار بقيمة التزام ٢٥ مليون دولار أمريكى( المرفق ٣- ١٠) وبموجب الكتاب الوارد من إم بى سى جلويل للفرص الاستثمارية والذى ألزم الصندوق بسداد الدفعة الأولى بقيمة ٢٥٢٥٠٠ دولار أمريكى لذا فقد قام الصندوق بسداد المبلغ بتاريخ ١٢/٣/ ٢٠٠٧ ( المرفق رقم ٣- ١١) ، وبتاريخ ٢٠٠٧/٨/٢٩ قام الصندوق بتحويل مبلغ ٠٠٠و٠٠٩و٤ دولار أمريكى من حساب الصندوق رقم ١٦٠٠٠٤٠٠١٠٠١ لدى بنك HSBC إلى حساب شركة كى جى إل للاستثمار رقم ١٠٩٤٩٩٥٧ ببنك الخليج ومن ثم إلى الحساب رقم ٨٠٧٣٢٤٤ ببنك الخليج  وذلك للأغراض التالية مبلغ  ٤٧٥٠٠٠ دولار أمريكى حيث تم استخدام حساب شركة كى جى إل للاستثمار كحساب وسيط لسداد الدفعة الثانية المستحقة

إلى إم بى سى جلوبل للفرص الاستثمارية بمبلغ ٤٧٥٠٠٠ دولار أمريكى ، ودفعة على حساب النفقات والمصاريف المسدد من شركة كى جى إل للاستثمار عن الصندوق بمبلغ ١٥٠ ألف دولار أمريكى ، ويتاريخ ٢٠٠٨/٢/١٢ قامت شركة كى جى إل بتحويل مبلغ ٤٧٥٠٠٠ دولار أمريكى من حسابها رقم ١١٥٧٨٨٥٣ بينك الكويت والشرق الأوسط إلى حساب شركة إم بى سى جلوبل للفرص الاستثمارية بينك نيويورك وذكر فى هذا التحويل أنها نيابة عن الصندوق ( المرفق ٣- ١٣)، وسددت شركة كى جى إل للاستثمار عدة مصاريف عن صندوق الموانئ خلال الفترة من نوفمبر ٢٠٠٧ حتى سبتمبر ٢٠٠٨ حيث تم تحويل مبالغ إجمالية ٢١٣ و٤٢٧ دولار أمريكى مقابل الأعمال والخدمات المتعلقة بمشروعى جلوبال جيتواى ونيجيروز بالفلبين حيث كانت شركة بريجرين هى المقاول الرئيسى لمشروعين ويمثل المبلغ الوارد فى الاتهام دفعة من أصل مجموع النفقات والمصاريف التى دفعتها شركة كى جى إل للاستثمار نيابة عن الصندوق( المرفق رقم ٣-١٤) ، ٧- بالنسبة للمبالغ المحولة إلى شركة كى جى إل للاستثمار مقابل رد مبالغ تم إقراضها للصندوق نظراً لوجود نقص فى السيولة لدى الصندوق خلال الفترة من ٣١أكتوير ٢٠١٢ وحتى ١٦ يناير ٢٠١٣ فقد قامت شركة كى جى إل للاستثمار بتوفير السيولة اللازمة للصندوق وذلك من خلال عدد خمس تحويلات بنكية بإجمالى مبلغ ٧٧٧،٠٠٠ و٣ دولار أمريكى ( المرفق ٣- ١٥) ، وقد تم استرجاع نفس المبلغ لشركة كى جى إل للاستثمار ( المرفق ٣-١٦ ) ، ٨- بالنسبة للمبالغ المحولة إلى شركة كى جى إل للاستثمار رسوم خدمات تتعلق باتفاقية القرض القابل للتحويل إلى أسهم فى شركة دمياط الدولية للموانئ المبرم مع شركة كى جى إل الدولية للموانئ والتخزين والنقل فإنه بتاريخ ٢٠٠٧/٨/٢٢ تم إبرام اتفاقية القرض القابل للتحويل والمبرمة بين صندوق الموانئ الاستثمارى وشركة كى جى إل الدولية للموانئ والتخزين والنقل بشأن منح قرض بقيمة ٢٠ مليون دولار أمريكى ( المرفق ٣-١٧) ويدأت شركة دمياط الدولية للموانئ ( دييكو ) فى بناء الميناء بحيث تم استخدام الجزء الأكبر من رؤوس الأموال مما دفع الشركة للحصول على قرض بنحو ٤٨٠ مليون دولار أمريكى ولكن المشروع عانى من الأزمة المالية العالمية والربيع العربى وتم تعليق العمل بالمشروع ودخول شركة دييكو فى مفاوضات جمع الحكومة المصرية وقامت الحكومة المصرية بإلغاء لاتفاقية الامتياز من طرف واحد مع شركة دييكو ، وتسبب التأخير فى زيادة المصروفات وأعاق عملية سحب دفعات القرض مما أدى إلى نفاد أموال المشروع بحلول الربع الأول من عام ٢٠٠٩ حيث تم تعيين إدارة وفرق

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمي ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

تشغيل جديدة وإلتزمت الشركة بزيادة إضافية لرأس المال بمبلغ ١١٥ مليون دولار أمريكى فى صورة نقد وخطابات واعتمادات وسندات وتوصلت شركة دمياط للموانئ إلى اتفاق مع وزارة المواصلات والمقاولين والموردين للمضى قدماً بالمشروع وذلك لضمان حجز ٢،٥ مليون وحدة مكافئة لعشرين قدم (TEU) عندما يبدأ العمل بالميناء خلال عام ٢٠١٠ ، وأنه لغاية البحث وإيجاد سبل التخارج وإعادة هيكلة استثمار الصندوق فى ديبكو على ضوء التطورات تم تعيين شركة كاندلوود فى أوائل عام ٢٠٠٩ لوضع خيارات الصندوق وسواها من الخدمات المتعلقة باستثمار الصندوق فى شركة ديبكو قرض قابل للتحويل لأسهم فى شركة ديبكو وتم تسديد مبلغ ١٠٠٠٠٠ دولار أمريكى لشركة كاندلوود بارتنرز أل أل سى مقابل خدماتها بواسطة شركة كابيتال لينك القابضة التابعة لشركة كى إل للاستثمار ، وبتاريخ ٢٠١٠/٧/٢٥ تم استعاضة هذه المدفوعات من الصندوق بتحويل مبلغ ١٠٠٠٠٠٠ دولار أمريكى من حساب الصندوق رقم ١٦٠٠٠٤٠٠١٠٠١ لدى بنك HSBC إلى حساب شركة كى جى إل رقم ٠٦٠٣٧٢٣٥٤٩٢٠١ بالبنك الأهلى الكويتى   ( مرفق ٣-١٩) ، ٩- بالنسبة للمبالغ المحولة إلى شركة كى جى إل للاستثمار بمجموع ٢٩٠و١٠٥و٢ دولار أمريكى على حساب المصاريف – استعاضة مصاريف تم دفعها نيابة عن الصندوق حيث سدد شركة كى جى إل مجموعة من المصاريف تتجاوز مبلغ ٨٠٧و٤٦٥و٣ دولار أمريكى ( المرفق رقم ٣-٢٠) ، وبتاريخ ٢٠١٣/٦/٢٧ أخطأ البنك بتنفيذ تحويل إلى شركة كى جى إل للاستثمار بقيمة ٠٠و٢٦٥و٢ دولار أمريكى ويعدها تم التحقق بأن هذا المبلغ تم صرفه خطأ وبالتالى تم رده إلى حسابات الصندوق من حساب كى جى إل للاستثمار بتاريخ ٢٠١٣/٦/٣٠ ، وبتاريخ ٢٠١٠/١٠/٣١ قام الصندوق بتنفيذ تحويل بقيمة ١٠٠٠٠٠ دولار أمريكى من حساب الصندوق بالدولار الأمريكى لدى بنك HSBC رقم ١٦٠٠٠٤٠٠١٠٠١ إلى حساب الصندوق بالدينار الكويتى فى بنك HSBC رقم ٠٠١٠٠٤٠٠١٠٠١ بينما أدرج فى تقرير الاتهام هذا المبلغ بالخطأ على أنه تم تحويله لشركة كى إل للاستثمار ( المرفق رقم ٣-٢٣) ، ١٠ – بالنسبة للمبالغ المحولة إلى رابطة الكويت والخليج للنقل – تكلفة خدمات استشارية فقد قامت شركة رابطة الكويت والخليج للنقل بتقديم خدمات استشارية لصندوق الموانئ فيما يتعلق بالتقييم المبدئى لعملية الاندماج المقترح ما بين قطاع الشحن بشركة أبوظبى لنظم الشحن وشركة نيجروز نافيجيشن والذين تم إندماجهما لاحقاً تحت كيان 2GO والذى تخارج منه صندوق الموانئ لاحقاً بأرباح متميزة ، وبتاريخ ٢٠١١/٩/٧ تم

١٦٠

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٣/١٧١٩، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

استلام فاتورة من شركة رابطة الكويت والخليج مقابل الخدمات المذكورة أعلاه ( المرفق ٣ –
٢٣ ) ، وبتاريخ ٢٠١١/١٠/٣١ تم تحويل مبلغ ٢٠٠٠٠دينار كويتي من حساب الصندوق
بالدولار الأمريكى لدى بنك HSBC رقم ٠٠١٠٠٤٠٠١٠٠١ إلى حساب شركة رابطة الكويت
والخليج ، ١١– بالنسبة للمبالغ المحولة إلى شركة كى جى إل للموانئ الدولية والتخزين
والنقل – استثمار ميناء دمياط الدولية للموانئ – بتاريخ ٢٠٠٧/٨/٢٢ تم إبرام اتفاقية
القرض القابل للتحويل إلى أسهم فى شركة دمياط الدولية للموانئ والمبرمة بين الصندوق
وشركة كى جى إل الدولية للموانئ والتخزين والنقل بقيمة ٢٠كليون دولار أمريكى ( المرفق
٣–١٧ ) ، وبموجب استثمار الصندوق فى مشروع ميناء دمياط عن طريق اتفاقية القرض
القابل للتحويل إلى أسهم فإن المقرض صندوق الموانئ يتوجب عليه سنداد رسوم اكتتاب بنسبة
٣% من قيمة القرض أى بما يعادل ٦٠٠٠٠٠دولار أمريكى ، وبتاريخ ٢٠٠٧/٨/٢٧ تم
تحويل مبلغ ٢٠,٦٠٠٠٠٠دولار أمريكى إلى شركة كى جى إل الدولية للموانئ والتخزين
والنقل من حساب الصندوق بالدولار الأمريكى لدى بنك HSBC رقم ١٦٠٠٠٤٠٠١٠٠١
إلى حساب شركة كى جى إل الدولية للموانئ والتخزين والنقل بالبنك الأهلى الكويتى رقم
٠,٠٠٠٢٤٢٦٥٩٠٣١ ، ١٢– بالنسبة للمبالغ المحولة إلى شركة كى جى إل أم هولدنج –
استثمار نيجروس للملاحة – فإنه خلال عام ٢٠٠٨ بدأ الصندوق فى دراسة الدخول فى
مشروع نيجروس للملاحة بالفلبين بإجمالى استثمارات بلغت ٢٨و٥مليون دولار أمريكى ، وقد
عين الصندوق مجموعة من المستشارين لإعداد هيكل ملكية ما يتناسب مع احتياجات
المشروع المالية والقانونية والضريبية وخلال عام ٢٠٠٨ قامت شركة كى جى إل إم أن
القابضة بتملك شركة نيجروس للملاحة عن طريق ملكية ٨٠% منها وكانت ٢٠% الأخرى
مملوكة لشركة الإدارة وجاءت ملكية الصندوق للمشروع كالتالى تملك الصندوق بالكامل شركة
كى جى إل للاستثمار كويبر اتف – هولندا والتى بدورها تملكت شركة KGL Investment
BV– هولندا والتى تملكت ٨٠% من شركة كى جى إل أم القابضة حيث أن الأخيرة تملك
شركة نيجروس للملاحة ، وفى نهاية عام ٢٠١٠ قام الصندوق الصينى آسيان بضخ ١٠٠
مليون دولار فى شركة كى جى إل أم إن القابضة مقابل ٦٠% فيها فأصبحت ملكية الصندوق
بنسبة٣٢% فى هذه الشركة وملكية الإدارة بنسبة ٨% فحصلت بذلك شركة نيجروس
للملاحة على أموال تمكنها من التوسع فى السوق الفلبينى وبالفعل تم استخدام رؤوس الأموال
الجديدة فى الاستحواذ على ٩٨% من أسهم شركة Aboitiz Transport System إيه

تى إس ATS بالفلبين ليتكون بذلك أكبر عملاق لوجستى فى الفلبين ( انماج نيجروس و Aboitiz Transport System ) والذى سمى لاحقاً 2GO GROUP( المرفق ٣ – ٢٥ ) ، وقبل دخول الصندوق الصينى آسيان كمستثمر قام الصندوق بتحويل مبالغ إجماليها ٣٤و٧٣٣و٧١١و١٧ دولار أمريكى لشركة كى جى إل أم إن القابضة الفلبين كونها الشركة المالكة لشركة نيجروس للملاحة – الفلبين ( المرفق ٣-٢٦ ) ، وفى أغسطس ٢٠١٦ قام الصندوق بالتخارج من الاستثمار فى نيجروس للملاحة طبقاً لتقرير التخارج الصادر فى نوفمبر ٢٠١٦ ويلغت صافى قيمة التخارج ٦٢٨و٩٤٠و٩١ دولار أمريكى أى بما يعادل نسبة ٢٢٢% عائد بالإضافة لمبلغ الاستثمار ( المرفق ٣-٢٧) ، وفى ٢٠١٦/١٠/٣ قامت شركة تى أم أف القائم على الإدارة للصندوق بإبلاغ الشريك العام عن نتيجة التخارج والتوزيعات المقترحة للشركاء المحدودين بالصندوق والتى بلغت ٣٠٠٠٠٠٠٠دولار أمريكى على الشركاء المحدودين بالصندوق بعد استخدام المبلغ المتبقى لسداد الالتزامات على الصندوق وأن المبلغ الخاص بالمؤسسة العامة للتأمينات الاجتماعية بلغ مبلغ ٤٥٥و٦٨٤و٧ دولار امريكى ، والمبلغ الخاص بمؤسسة الموانئ الكويتية قدره ١٥٣و٢٢٢و١١ دولار أمريكى وحصل الشركاء المحدودين الآخرين بالصندوق على نصيبهم من هذا التخارج ( المرفق رقم ٣-٢٨ ) ، ١٣– بالنسبة للمبالغ المحولة إلى شركة بترولينك القابضة – رد مبلغ للاستثمار – فإنه بتاريخ ٢٠١٢/١٠/١٧ قامت شركة بترولينك القابضة بدفع مبلغ مليون دولار امريكى يغرض الاستثمار وذلك أثناء الاكتتاب فى مرحلة الاكتتاب التكميلى الثانى وذلك بموجب تحويل بنكى إلى حساب الصندوق بالدولار الأمريكى لدى بنك HSBC رقم ١٦٠٠٠٤٠٠١٠٠١ ، ولم يستعرض تقرير الاتهام المبلغ سالف الذكر والمحول من شركة بترولينك القابضة إلى الصندوق ، ويعد دفع المبلغ أبدت شركة بترولينك تراجعها عن الاستثمار ورغبتها فى استرداد المبلغ المدفوع فقام الصندوق برد مبلغ الاستثمار مليون دولار أمريكى إلى شركة بترولينك القابضة بتاريخ ٢٠١٣/٤/١٧ بتحويل من حساب الصندوق لدى بنك الأهلى الكويتى رقم٠٠١ ٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة بترولينك رقم ١١٠١٠١٤١٥١١ بينك الكويت الدولى ( المرفق ٣-٢٩ ) ، ١٤ – بالنسبة للمبالغ المحولة إلى شركة كى جى إل آسيا لاستعاضة مصروفات فإن شركة كى جى إل آسيا هى أحد الشركات التابعة لشركة كى جى إل للاستثمار وقد تم استخدام حساباتها البنكية لسداد بعض المصروفات نيابة عن الصندوق ، ويتوجب الفاتورة الصادرة من إدارة الضريبة بدولة الفلبين والمؤرخة ٢٠١٣/٩/٤ وذلك لسداد

الضريبة المستحقة وإستصدار شهادة براءة ذمة ضريبية لصالح شركة  KGL Investment BV– والمملوكة بالكامل للصندوق فقد قام الصندوق بتحويل مبلغ ١٠٠٠٠٠دولار أمريكى إلى شركة كى جى إل آسيا بموجب تحويل بنكى من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠٦٠٣٤٩٣٢٨٣ ٠٠١  إلى حساب شركة كى جى إل آسيا  ببنك جزر الفلبين رقم ١٩٢٤١١٨٩١١  ( المرفق ٣ –٣٠-)، كما قام الصندوق بتحويل مبلغ ١٠٠٠٠٠دولار أمريكى إلى شركة كى جى إل آسيا يمثابة سلفة على المصاريف بموجب تحويل بنكى من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠٦٠٣٤٩٣٢٨٣ ٠٠١  إلى حساب شركة كى جى إل آسيا  ببنك جزر الفلبين رقم ١٩٢٤١١٨٩١١  ( المرفق ٣–٣١)  ، وأثناء النزاع بين شركة  GGDC  – أحد الشركات المملوكة للصندوق بالكامل – والمقاول الرئيسى للمشروع فقد تطلب الأمر استصدار كفالة بنكية بقيمة ٦.٥٠٠.٠٠٠ مليون دولار أمريكى لصالح المحكمة المختصة فقام الصندوق بتحويل مبلغ ٦.٥٠٠.٠٠٠ دولار أمريكى من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠٦٠٣٤٩٣٢٨٣ ٠٠١  إلى حساب شركة كى جى إل آسيا  ببنك جزر الفلبين رقم ١٩٢٤١١٨٩١١  ، وقد تمكنت شركة  GGDC  بحل الأمر دون الكفالة البنكية فقامت شركة كى جى إل آسيا برد إجمالى المبلغ بقيمة ٦.٤٩٩.٩٨٩.٠٠ دولار أمريكى بتحويل هذا المبلغ إلى حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠١ ٠٠٦٠٣٤٩٣٢٨٣( المرفق ٣– ٣٢) ، ١٥– بالنسبة للمبالغ المحولة إلى شركة كابيتال لينك – استثمار أم بى سى جلويل للفرص الاستثمارية – فإنه فى ضوء التزام الصندوق تجاه الاستثمار فى أم بى سى جلويل للفرص الاستثمارية بقيمة ٢٥ مليون دولار أمريكى فقد حاول الصندوق تحويل إحدى الدفعات بقيمة ٦٠و٨٤١و١٣٢ دولار أمريكى من حسابات الصندوق إلا  أن البنك المستفيد ( BANK OF NEW YORK ) لم يقبل تنفيذ أمر التحويل نظراً لأسباب فنية ولدواعى التزام لم يتم التحقق منها وعليه فقد استخدم الصندوق حساب شركة كابيتال لينك كحساب وسيط لتحويل المبلغ إلى MPC GLOBAL فقام بتاريخ ٢٠١٤/٤/٩ بتحويل مبلغ ٦٠و٨٤١و١٣٢ دولار أمريكى من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠١ ٠٠٦٠٣٤٩٣٢٨٣  إلى حساب شركة كابيتال لينك بالبنك الأهلى الكويتى رقم ٠٦٠٣٧٥٥٩٩١٠٠٢  ( المرفق ٣– ٣٣) ، ويعد تحويل المبلغ من شركة كابيتال لينك إلى إم بى سى جلويل للفرص الاستثمارية إلا أن الشركة الأخيرة رفضت استلام المبلغ لعدم تعرفها على المرسل فقامت شركة كابيتال لينك بإرجاع المبلغ ٦٠و٨٤١و١٣٢

دولار أمريكى لحساب الصندوق بتاريخ ٢٠١٤/٤/٢٢ بتحويل من حسابها بالبنك الأهلى
الكويتى رقم ٠٦٠٣٧٥٥٩٩١٠٠٢ إلى حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠١
٠٠٦٠٣٤٩٣٢٨٣ ( المرفق ٣-٣٣) ، ولنفس السبب الفنى المتعلق بصعوبة التحويل عن
طريق (BANK OF NEW YORK ونظراً لاستحقاق مجموعة من الفواتير مقابل خدمات
استشارية لصالح الصندوق فقد تم استخدام حساب شركة كابيتال لينك كحساب وسيط لصرف
المبالغ المستحقة حيث تم صرف مبلغ ٨،٠١٧و١٠ دولار أمريكى مستحقة لشركة
إنترنست بموجب فواتير ( المرفق ٣-٣٤) ، وبتاريخ ٢٠١٤/١٢/٢٦ قام الصندوق بتحويل
مبلغ ٨،٠١٧و١٠ دولار أمريكى من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠١
٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة كابيتال لينك بالبنك الأهلى الكويتى رقم
٠٦٠٣٧٥٥٩٩١٠٠٢ ، ومن ثم قامت شركة كابيتال لينك بتاريخ ٢٠١٤/١٢/٢ بتحويل
نفس المبلغ من حسابها بالبنك الأهلى الكويتى رقم ٠٦٠٣٧٥٥٩٩١٠٠٢ إلى حساب شركة
إنترنست ببنك نيويورك رقم ٠١٢١٠٠٣٩٠٩٨ ( المرفق ٣- ٣٥)، ١٦- بالنسبة للمبالغ
المحولة إلى Clark Gateway Investment Group – استثمار فى مشروع جلويال
جيتواى للخدمات اللوجستية فإن شركة Clark Gateway Investment Group –هى
شركة ذات مسئولية محدودة ومملوكة من الصندوق بالكامل تم تأسيسها فى جزر كايمان
بواسطة صندوق الموانئ لتكون بمثابة وسيلة للتخارج من Global Gatway
Development ( GGDC) والذى يملك مشروع مدينة صباح الأحمد اللوجستية (
المرفق ٣-٣٦) ، ونظراً لأن المشروع كان فى ذلك الوقت قيد الإنشاء ويتطلب أموال لذا قام
الصندوق بتحويل مبلغ ٢٠٠٠٠٠٠دولار أمريكى لشركة Clark Gateway Investment
Group للاستثمار فى المشروع وهما (أى كلاً من Global Gatway Development)
(GGDC وClark Gateway Investment Group ) مملوكتين بالكامل إلى صندوق
الموانئ ( مرفق ٣-٣٧) ، ١٧- بالنسبة للمبالغ المحولة إلى شركة كى جى إل البترولية –
استثمار فى مشروع جلويال جيتواى للخدمات اللوجستية – فقد تم استخدام حسابات شركة كى
جى إل البترولية لسداد التزام الصندوق تجاه Global Gatway Development " مشروع
مدينة صباح الحمد اللوجستية " مشروع مملوك للصندوق بالكامل ، وقام الصندوق بتحويل
مبالغ بلغ إجماليها ٠٠٠و٠٩٠و٧ دولار أمريكى من حساب الصندوق لدى بنك الأهلى
الكويتى رقم ٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة كى جى إل البترولية بالبنك الأهلى

١٦٤

الحكم رقم ١٤٩٦/٢٠١٢ حصر لأموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمى ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

الكويتى رقم  ٠٦٠٣٤٧٩٦٦٣٠٠١ ( المرفق رقم ٣-٣٨) وعليه قامت شركة كى إل جى البترولية بتحويل نفس المبلغ إلى حساب شركة Global Gatway Development ببنك جزر الفلبين رقم ١٩٢٤١١٠٧٣٩ ( المرفق رقم ٣-٣٩) ، وأن نتيجة فحص المعاملات المالية موضوع الاتهام الثالث أن :- ١- كافة المعاملات الواردة فى الاتهام الثالث  قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها تسهيل استيلاء أو استيلاء بدون وجه حق ، ٢- تطابق القيم الواردة فى المستنندات الداعمة مع السجلات المحاسبية للصندوق ، ٣- تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم صرفها قانوناً ووفق الأصول إلى الشركات المذكورة فى الاتهام باستثناء المبالغ التالية :- أ- مبلغ يخص استعاضة مصروفات تم دفعها عن طريق شركة كى جى إل للاستثمار نيابة عن الصندوق ولصالح الصندوق حيث ورد فى نص الاتهام أن المبلغ بقيمة ٠٠٠٠٠و٠٥٩و١ دينار كويتى بينما القيمة الفعلية هى ٦٠٠٠٠دينار كويتى وذلك من واقع كشوف الحسابات البنكية التى جاءت مطابقة أيضاً للسجلات المحاسبية للصندوق ، ب- مبلغ يخص استعاضة مصاريف تم دفعها نيابة عن الصندوق حيث ورد فى تقرير الاتهام بأن المبلغ بقيمة ٥٥٥و٢٠٧و٢ دولار أمريكى بينما القيمة الفعلية هى ٢٩٠و١٠٥و٢ دولار أمريكى من واقع كشوف الحسابات البنكية ومن والاقع السجلات المحاسبية للصندوق كما تم تنفيذ تحويل إلى شركة كى جى إل للاستثمار بقيمة ٢٦٥و٢ دولار أمريكى وبعدها تم التحقق بأن هذا المبلغ تم صرفه خطأً وبالتالى تم رده إلى حسابات الصندوق من حساب شركة كى جى إل للاستثمار بتاريخ ٢٠١٣/٦/٣٠ وكذلك ورد خطأ فى تقرير الاتهام بأن هناك تحويل من الصندوق بتاريخ ٢٠١٠/١٠/٣١ بمبلغ ١٠٠٠٠٠دولار أمريكى لشركة كى جى إل للاستثمار والصحيح هو تحويل مبلغ  ١٠٠٠٠٠دولار أمريكى من حساب الصندوق بالدولار الأمريكى إلى حساب الصندوق بالدينار الكويتى وبالتالى يصبح مجموع المبالغ المحولة بالدولار الأمريكى بقيمة ٢٠٢و٢٤٠و٦٦٢و٨٩ دولار أمريكى بدلاً من ٨٨و٥٣٣و٧٦٤و٨٩ دولار أمريكى وعليه لا يوجد استيلاء بدون وجه حق على هذه المبالغ، وبالنسبة للمعاملة المالية موضوع الاتهام الرابع فإن المبلغ المذكور فى تقرير الاتهام يتكون من مجموعتين من المبالغ المستحقة لشركة إم بى سى جلوبال للفرص الاستثمارية من حسابات الصندوق فقد تم تحويل مبلغ ٥٩و٣٠٧ دينار كويتى من الصندوق إلى شركة إم بى سى جلوبال ، كما تم تحويل

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمى ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١ /١١ /٢٠١٩ جنايات ٢/

ثلاث مبالغ من حساب الصندوق إلى شركة إم بى سى جلويال بإجمالى مبلغ ٤٠١و١٣٧و٠٠ دولار أمريكى وسند ذلك فقد قامت شركة إم بى سى جلويال للفرص الاستثمارية بدعوة المستثمرين ومن ضمنهم صندوق الموانئ لزيادة رأس مال الاستثمار ليصبح إجمالى الاستثمارات بقيمة ١و٢٨٨مليون دولار أمريكى بهدف الاستثمار فى قطاع النقل البحرى وكان المستثمرون فى شركة إم بى سى جلويال للفرص الاستثمارية يتألفون من شركات معروفة ، ويموجب اتفاقية الاستثمار المبرمة بين الصندوق وإم بى سى جلويال للفرص الاستثمارية والمؤرخة ١٢ نوفمبر ٢٠٠٧ فقد التزم الصندوق بالدخول فى الاستثمار بقيمة التزام ٢٥ مليون دولار أمريكى ونظراً لوضع سوق النقل الانتقائى العالمى بالأزمة المالية فقذ تم المفاوضة لتقليل قيمة الالتزام عدة مرات لتنتهى بتسوية نهائية وتقسيط المبلغ المستحق ومن هذه الدفعات المبلغ المدفوع وقدره / ٣٠٧و٠٩٥ دينار كويتى من حساب الصندوق لدى بنك الأهلى الكويتى رقم١ ٠٠١ ٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة شركة إم بى سى جلويال ببنك فرنكفورت رقم ٢٧٥٠٠٦٠٤٠٠٠٠١٤٠٤٦١٢١ DE ( مرفق رقم ٤–١) ،والمبلغ المدفوع ٤٠١و١٣٧و٠٠ دولار أمريكى  من حساب الصندوق لدى بنك الأهلى الكويتى رقم١ ٠٠١ ٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة شركة إم بى سى جلويال ، وأنه نظراً للخلاف القائم مع إم بـلا سى جلويال مما دفع الصندوق للاستمرار فى المفاوضات وصولاً للمصادقة على التخارج النهائى وصرف أخر دفعة من التزاماته المستحقة عليه بتاريخ ٣أغسطس ٢٠١٦ أى بعد انتهاء أجل الصندوق فى ٣١ ديسمبر لعام ٢٠١٤ حيث أن الصندوق قد انهى كافة الالتزامات على الصندوق الواجب اتخاذها من ضمن إجراءات تصفية الاستثمارات والتزامات الصندوق  وأن نتيجة فحص المعاملات المالية موضوع الاتهام الرابع أن :– ١– كافة المعاملات الواردة فى الاتهام الرابع  قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها تسهيل استيلاء أو استيلاء بدون وجه حق ، ٢– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، ٣– تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم دفعها بشكل قانونى ووفق الأصول من الصندوق إلى شركة إم بى سى جلويال للفرص الاستثمارية إلى وعليه لا يوجد استيلاء وبدون وجه حق على هذه المبالغ ، وبالنسبة للمعاملة المالية موضوع الاتهام الخامس فإن المبلغ المذكور فى الاتهام يتكون من تحويل واحد بقيمة ٠٠٠و٦٠٠و٢٠ دولار أمريكى

١٦٦

فإن المبالغ المذكورة فى الاتهام تم تحويلها إلى شركة كى جى إل الدولية للموانئ والتخزين والنقل وذلك لاستثمار صندوق الموانئ فى مشروع شركة دمياط الدولية للموانئ وهو يعتبر من أكبر المشروعات التنموية والاقتصادية فى جمهورية مصر العربية والشرق الأوسط بالكامل حيث تم تأسيس شركة دمياط الدولية لموانئ برأس مال ٢٠٠ مليون دولار أمريكى وتضم قائمة مساهميها كبرى الشركات العالمية ، والمشروع يقوم على الحصول على حق امتياز على أساس البناء والتشغيل وتحويل الملكية ( BOT ) مع هيئة موانئ دمياط ولكون الصندوق تم تأسيسه فى جزر كايمان وأن قوانينها لا تمنع من تقديم قروض للغير وطبقاً لما ورد فى نشرة الاكتتاب صفحة ٩٧ ( المرفق ٥-١ ) ، وبتاريخ ٢٠٠٧/٨/٢٢ تم إبرام اتفاقية القرض القابل للتحويل والمبرمة بين الصندوق وشركة كى جى إل للموانئ والتخزين والنقل بشأن الاستثمار بالمشروع عن طريق منح قرض قابل للتحويل بقيمة ٢٠مليون دولار أمريكى مضافاً إليها رسوم إكتتاب ( كونه أداة استثمارية ) بمبلغ ٦٠٠٠٠٠ دولار امريكى ( أى بواقع ٣% من مبلغ الاستثمار البالغ ٢٠ مليون دولار أمريكى ) ( المرفق ٣-١٧ ) ، وبتاريخ ٢٠٠٧/٨/٢٧ تم تحويل مبلغ ٢٠,٦٠٠,٠٠٠ دولار امريكى إلى شركة كى جى إل الدولية للموانئ والتخزين والنقل من حساب الصندوق لدى بنك الأهلى الكويتى رقم ٠٠١ ٠٠٦٠٣٤٩٣٢٨٣ إلى حساب شركة كى جى إل الدولية للموانئ والتخزين والنقل بالبنك الأهلى الكويتى رقم ٠٠٠٢٤٢٦٥٩٠٣١ (المرفق رقم ٣-٢٤) ونظراً لما ورد فى نشرة الاكتتاب صفحة ١٢٠ والتى أوضحت للمكتتبين بأن كافة استثمارات الصندوق تصنف بدرجة مرتفع المخاطر (المرفق رقم ٥-٢ ) وقد بدأت شركة دمياط الدولية للموانئ فى بناء الميناء بحيث تم استخدام الجزء الأكبر من رؤوس الأموال مما دفع الشركة للحصول على قرض بنحو ٤٨٠ مليون دولار ولكن عانى المشروع من الأزمة العالمية والربيع العربى وتم تعليق العمل بالمشروع ودخول شركة دييكو فى مفاوضات مع الحكومة المصرية وتسبب التأخير فى زيادة المصروفات وأعاق عملية سحب دفعات القرض مما أدى إلى نفاذ أموال المشروع بحلول الربع الأول من عام ٢٠٠٩ حيث تم تعيين إدارة وفرق تشغيل جديدة والتزمت الشركة بزيادة إضافية لرأس المال بمبلغ ١١٥ مليون دولار أمريكى وتوصلت شركة دمياط للموانئ إلى اتفاق مع وزارة المواصلات والمقاولين والموردين للمضى قدماً بالمشروع وذلك لضمان حجز ٢,٥ مليون وحدة مكافئة لعشرين قدم TEU عندما يبدأ العمل بالميناء خلال عام ٢٠١٠ إلا أنه خلال الربيع الأول من عام ٢٠١٠ تم تعليق العمل بالمشروع نظراً لتعرض شركة دمياط الدولية للموانئ لظروف

قهرية بسبب الأحداث التى أثرت بالبيئة الاجتماعية والاقتصادية بمصر وحاولت شركة دمياط الدولية للتواصل لتسويات والحصول على امتيازات وتسهيلات تعوض معها المعوقات والتأخير الحاصل وتعيد ثقة البنوك بتمويل المشروع إلا أن جميع المحاولات باءت بالفشل ولم يتمكن الطرفين من الاتفاق فقامت الحكومة المصرية بسحب الامتياز من شركة دمياط الدولية لموانئ وبالمقابل تم اللجوء للتحكيم الدولى للحصول على تعويض عن المشروع ولا زالت القضية منظورة ، وقد اقام الصندوق دعوى قضائية ضد شركة كى جى إل للموانئ الدولية والتخزين والنقل لاسترداد قيمة الالتزام وفوائده وما زالت منظورة وأن نتيجة فحص المعاملات المالية موضوع الاتهام الخامس أن :- ١- كافة المعاملات الواردة فى الاتهام الخامس قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها تسهيل استيلاء أو استيلاء بدون وجه حق ، ٢- تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، ٣- تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم تحويلها بشكل قانونى إلى شركة كى جى إل للموانئش والتخزين والنقل وعليه لا يوجد استيلاء بدون وجه حق على هذه المبالغ، وبالنسبة للمعاملة المالية موضوع الاتهام السادس فإن المبالغ المذكورة فى هذا الاتهام تتكون من مجموعتين مدفوعة من حساب الصندوق للشركة الموحدة للنقل والخدمات اللوجستية وأنه بالنسبة لخطاب الضمان – الكفالة البنكية على البنك الكويتى الأردنى – لصالح الشركة الموحدة للنقل والخدمات اللوجستية الأردنية بقيمة ٩٠٠٠٠٠ دولار أمريكى فهى بشأن استثمار الصندوق فى مشروع ميناء العقبة فالشركة الموحدة للنقل هى شركة زميلة لشركة كى جى إل للاستثمار تملك فيها شركة كى جى إل أسهم بنسبة ٤٢% وتم الاعتراف بالشركة الموحدة للنقل ضمن الاستثمارات فى شركات زميلة ضمن البيانات المالية لشركة كى جى إل للاستثمار ، وأن المتهم الثانى لا يملك أى أسهم فى الشركة الموحدة للنقل وإنما شغل منصب رئيس مجلس إدارة الشركة الموحدة للنقل والخدمات اللوجستية الأردنية ممثلاً عن شركة كى جى إل للاستثمار فى الفترة من منتصف شهر يوليو ٢٠٠٧ وحتى نهاية أبريل ٢٠١١ ( المرفق رقم ٦-١) ، وأنه لرغبة الصندوق فى الدخول فى استثمار بشأن تطوير ميناء العقبة بالمملكة الأردنية الهاشمية بنظام التصميم والبناء والتمويل والتشغيل والتحويل لمدة ٣٠ عام ( BOT) المشار إليه باسم ميناء العقبة فقد تم تكوين تحالف استثمارى تشغيلى بقيادة شركة كى جى إل للاستثمار وفى ٢٠٠٨/٧/٧ قامت شركة

كى جى إل للاستثمار بمخاطبة شركة تطوير العقبة الحكومية حيث أبدت رغبتها فى المشاركة
فى تقديم العروض ( مرفق ٦-٢) ، وبتاريخ ٢٠٠٨/٧/١٥ قامت شركة تطوير العقبة بدعوة
شركة كى جى إل للاستثمار بصفتها قائد التحالف لتقديم مستندات التأهيل وقد أرفقت ضمن
دعوتها قائمة بعدد ٥٠ شركة من أكبر الشركات العالمية فى مجال تصميم وبناء وتشغيل
الموانئ والأنشطة الأخرى والتى أبدت رغبتها بالمشاركة فى المشروع ( مرفق ٦-٣) ، وتم
التفاوض بين الصندوق والشركة الموحدة للنقل والخدمات اللوجستية الأردنية لتكون مشاركة
الصندوق فى مشروع تطوير العقبة من خلال تملك أسهم فى الشركة الموحدة للنقل وعليه فقد
أصدر الصندوق كفالة مالية بتاريخ ٢٠٠٨/١١/١٣ بقيمة ٩٠٠٠٠٠ دولار أمريكى كفالة
بنكية صحيحة حتى ٢٠٠٩/٥/٢٧ ومشروطة بإعطاء الخيار للصندوق فى الاكتتاب بزيادة
رأس مال الشركة الموحدة وبالقيمة الاسمية للأسهم وذلك فى حالة إبداء الصندوق الرغبة فى
ذلك وبالمقابل وخلال فترة الكفالة تم الاتفاق على تحميل مبلغ الكفالة فوائد لصالح الصندوق
وتم إبرام اتفاقية بين الصندوق والشركة الموحدة للنقل لتمديد صلاحية الكفالة مع تمتع
الصندوق بفائدة سنوية قدرها ٦% من قيمة الكفالة وفى حال تسييل الكفالة ترتفع الفائدة إلى
٩% عن كل مبلغ تم تسييله لحين السداد بالكامل ( المرفق ٦-٤) ، وبتاريخ ٢٠٠٨/٩/٢٩
قامت شركة تطوير العقبة بدعوة شركة كى جى إل للاستثمار بصفتها قائد تحالف استثمارى
مؤهل لتقديم العرض الفنى والمالى الخاص بالمشروع وتحدد موعد تسليم العطاءات النهائى
بتاريخ ٣٠ يونيو ٢٠٠٩ وبالفعل تم تقديم العروض الفنية والمالية موضحاً فى كتاب التقديم
بحيث يشمل مشاركة الشركة الموحدة للنقل والخدمات اللوجستية لحصة من رأس مال شركة
المشروع فضلاً عن امتيازات اخرى كانت ستتحصل عليها الشركة الموحدة خلال فترة بناء
المشروع من خلال إعطائها حقوق النقل لجميع مواد بناء المشروع وإمتيازات أخرى بالميناء
خلال فترة الامتياز كونها الناقل الأول والوحيد فى الأردن الذى يملك حصة فى مشروع العقبة (
المرفق ٦-٥) ، وبتاريخ ٢٠٠٩/٨/١ أخطرت شركة تطوير العقبة التحالف الذى تقوده شركة
كى جى إل للاستثمار بأن تحالفهم قد حاز على أعلى نسبة تقييم للعروض المقدمة بشأن
المشروع وتم اعتماد التحالف بالمناقص المفضل وأن الطرفين ( اى شركة تطوير العقبة
وتحالف مجموعة بوابة العقبة بقيادة شركة كى إل للاستثمار ) سيبدأن مرحلة التفاوض
على الشروط التعاقدية والقانونية ( المرفق ٦-٦) ، وبتاريخ ٢٠٠٩/١١/١١ قامت شركة
تطوير العقبة بإخطار شركة كى جى إل للاستثمار برغبتها بإعادة طرح المشروع مرة أخرى

١٦٩

وبالتالى إنهاء التفاوض مع قائد التحالف شركة كى إل للاستثمار ( المرفق رقم ٦-٧) وخلال عام ٢٠١٠ ولعدم رغبة الصندوق بالاستثمار فى الشركة الموحدة للنقل والخدمات اللوجستية وخصوصاً بعد عدم تمكن الشركة الموحدة من تملك حصة بمشروع ميناء العقبة والذى قامت الحكومة الأردنية بإلغائه قام الصندوق باسترداد مبلغ قيمة الكفالة بالكامل بالإضافة إلى رسوم والفوائد البنكية والمصاريف بمبلغ إجمالى ١٠٠٠٠٠٠ دولار أمريكى ( المرفق ٦-٨) ، وتم إثبات الكفالة الممنوحة ضمن بند النقد والنقد المعادل فى السجلات المحاسبية والبيانات المالية المدققة للسنوات ٢٠٠٨-٢٠١٠ ( المرفق ٦-٩)، وإنه بالنسبة لمبلغ ٢٠٠٠٠٠ دينار كويتى فإنه بفحص كشوف وحسابات الصندوق البنكية لم يتم الاستدلال على هذا المبلغ على الإطلاق حيث لم يتم التوصل لوجود تحويل مبلغ ٢٠٠٠٠٠ دينار كويتى من اى من حسابات الصندوق إلى الشركة الموحدة للنقل والخدمات اللوجستية ، وأن نتيجة فحص المعاملات المالية موضوع الاتهام السادس أن :- ١- لم تتطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ الخاصة بالتعاملات الإستثمارية بين الصندوق بالشركة الموحدة للنقل والخدمات اللوجستية الأردنية حيث تم إصدار كفالة بنكية بقيمة ٩٠٠٠٠٠ دولار أمريكى فى حين لم يتم تحويل أى مبالغ من الصندوق للشركة المواحدة ، كما ان مبلغ ٢٠٠٠٠٠ دينار كويتى لم يتم الاستدلال عليه على الإطلاق حيث لم يتم تحويل هذات المبلغ من الصندوق إلى الشركة الموحدة ، ٢- أن كافة المعاملات الواردة فى الاتهام السادس قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن هناك تسهيل استيلاء بدون وجه وقد استرد الصندوق كامل المبلغ مع فوائده وكافة رسومه إلى حساب الصندوق ويمبلغ ١٠٠٠٠٠٠ دولار أمريكى كما هو متفق عليه ، ٣- تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يوجد تسهيل استيلاء بدون وجه حق على هذه المبالغ، ويالنسبة للمعاملة المالية موضوع الاتهام السابع فإن المبلغ المذكور فى هذا الاتهام ليس له أى أساس من الصحة حيث إنه لم يتم تحويل مبلغ بقيمة ٣٥٠ ألف دينار كويتى من اى حساب من حسابات الصندوق إلى المتهم الثانى كما لم يتضمن تقرير الاتهام على هذا التحويل ضمن قوائم التحويلات البنكية من حساب الصندوق إلى المتهم الثانى ( المرفق ٧-١) وأن نتيجة فحص المعاملة المالية موضوع الاتهام السابع أن :- ١- المبلغ الوارد فى تقرير الاتهام لا يتطابق مع كشوف حسابات

الصندوق ، ٢– أن المبلغ المذكور لم يكن له أساس من الصحة ضمن معاملات الصندوق البنكية لذا لم يكن تسهيل استيلاء بدون وجه حق ، ٣– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يوجد تسهيل استيلاء بدون وجه حق على هذا المبلغ، وبالنسبة للمعاملات المالية موضوع الاتهام الثامن   فإن شركة   Clark Gateway Investment Group – هى شركة مملوكة بنسبة ١٠٠% للصندوق وليس للمتهم الثانى أو المتهمة الأولى أية ملكية مباشرة أو غير مباشرة بهذا الاستثمار وقد أكد على هذه الحقيقة مكتب المحاماة (WALKERS) المعين من طرف صندوق الموانئ الاستثمارى بان هذا الاستثمار مملوك بنسبة ١٠٠% للصندوق ( المرفق ٨– ١) وإن المبلغ المذكور فى تقرير الاتهام هو جزء من إجمالى استثمارات الصندوق فى مشروع مدينة صباح الأحمد اللوجستية بدولة الفلبين وذلك من إجمالى استثمارات بقيمة ١٠٠،٠٤٠،٠٠٠ دولار أمريكى تم تحويلها من حسابات الصندوق إلى شركة جلويال جيتواى للتطوير وأن إجمالى الاستثمارات فى مشروع مدينة صباح الأحمد اللوجستية قد تم تحويلها إلى شركة جلويال جيتواى للتطوير من خلال ٥١ عملية تحويل بقيمة إجمالية ١٠٠،٠٤٠،٠٠٠دولار أمريكى ( المرفق ٨– ٢) وأن نتيجة فحص المعاملة  المالية موضوع الاتهام الثامن أن :– ١– المبلغ الوارد فى تقرير الاتهام هو يخص أحد استثمارات الصندوق وتم التخارج من هذا الاستثمار حيث أنه بتاريخ ١٤ نوفمبر ٢٠١٧ وردت قيمة متنصلات تخارج المشروع إلى بنك نور بدبى بمبلغ ٤٩٦ مليون دولار أمريكى إلا أنه نتيجة لما أثير فى مواقع التواصل الاجتماعى عن الصندوق ولوجود قضية ضد القائمين على إدارة الصندوق قامت النيابة العامة فى دبى ويطلب من الكويت بالحجز على المبلغ ويعد أن يقوم الصندوق بسداد جميع قروضه ومصاريف التخارج وسداد كافة التزاماته التعاقدية يتوقع أن يسجل صافى قيمة تخارج للشركاء المحدودين من هذه الصفقة لوحدها بمبلغ يفوق ٣٠٠مليون دولار أمريكى أى بريح يفوق ٢٠٠ مليون دولار أمريكى بالإضافة إلى مبلغ الاستثمار ١٠٠،٠٤٠مليون دولار أمريكى ، ٢– أن كافة المعاملات الواردة فى الاتهام الثامن  قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها  تسهيل استيلاء بدون وجه حق  ، ٣– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يوجد تسهيل استيلاء بدون وجه حق على أى مبلغ ، وبالنسبة للمعاملات المالية موضوع الاتهام التاسع

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٢/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقم ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

فإن مبلغ الإتهام البالغ قدره ٧٤٦ و٠٠٩ و١٦٦ دولار أمريكى يشمل جميع المبالغ والمعاملات المالية الواردة بالاتهامات السابقة على اعتبار أن الصندوق قد خسر رأس ماله وأن نتيجة فحص المعاملة والمطابقة مع أحكام ومستندات الصندوق قد خلصت إلى الأتى :١- أن أموال الصندوق تم استخدامها فى الاستثمارات والمعاملات التى تتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص بالصندوق وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بهاإضرار بالمال العام ولا تسهيل استيلاء بدون وجه حق ولا استيلاء بدون وجه حق  ، ٢- إن صندوق الموانئ قد قام بالتخارج بنجاح من مشروع نيجروز نافيجيشن بالفلبين وتم توزيع مبلغ ٣٠ مليون دولار أمريكى إلى جميع المستثمرين بالصندوق ومنهم مؤسسة الموانئ الكويتية التى حصلت على مبلغ ٤٤ و١٥٢ و٢٢٢ و١١ دولار أمريكى – أى ما يعادل ٢و١٣% من إجمالى التزامها والمؤسسة العامة للتأمينات الاجتماعية والتى حصلت على مبلغ ٥٦ و٥٤٠ و٢٨٤ و٧ دولار أمريكى أى ما يعادل ٢و١٩% من إجمالى التزامها كما وان جميع المبالغ المذكورة سابقاً بما فيها مبلغ التخارج من نيجروز محددة فى البيانات المالية المدققة للصندوق ، ٣- أن جميع المعلومات والبيانات المالية لصندوق الموانئ الاستثمارى تثبت ملكية مشروع مدينة صباح الحمد اللوجستية وفى شهر نوفمبر تم التخارج منه بنجاح حيث أبلغ الصندوق شركائه المحدودين عن توزيعات بقيمة تفوق ال٣٠٠مليون دولار امريكى ، ٤- فى حال تمت التوزيعات من هذا التخارج فإنه سيكون قد حصل الشركاء المحدودين على مبلغ يفوق ٣٣٠ مليون دولار أمريكى ( إجمالى التخارج الأول والثانى ) من أصل رأس ما الصندوق الابلغ ٠٠٠ و١٥٢ و١٨٨ دولار امريكى ويالتالى لم يكن هناك إضرار بالمال العام ولا تسهيل استيلاء بدون وجه حق ولا استيلاء بدون وجه حق ، ويالنسبة للمعاملات المالية موضوع الاتهام العاشر فإن المبلغ المذكور فى الاتهام يتكون من أربعة مبالغ الأول المدفوع لشركة المرايطون الدولية بقيمة ٧١٩٠٠٠دينار كويتى فقد تم دفع هذا المبلغ من حساب الصندوق لشركة كى جى إل للاستثمار ثم التحويل من شركة كى جى إل للاستثمار لشركة المرايطون الدولية وفقاً لأحكام اتفاقية تجارية منفصلة ما بين شركة كى جى إل للاستثمار وشر كة المرايطون والمبرمة فى ٢٠٠٨/٨/٢٥ وهى اتفاقية سابقة على التحويل بعامين وذلك من اجل تقديم الخدمات والاستشارات الفنية والإدارية لمشروع ميناء العقبة الجديد التابع لهيئة ميناء العقبة فى الأردن وخلال عام ٢٠١٠ تم الوفاء بالتزامات شركة كى جى إل للاستثمار لشركة

المرابطون عن طريق ٣ تحويلات بنكية تحويل لسداد ٤٠٠ ألف دينار كويتى فى ٢٠١٠/٦/٣٠ ، وتحويلين لسداد مبلغ ٤١٠ ألف دينار كويتى ومبلغ ٣٠٩ ألف دينار كويتى ( المرفق ١٠-١ )، لا يوجد ارتباط بين ما دفعه الصندوق لشركة كى جى إل مقابل تسويق وحدات الصندوق بنسبة ٥% من المبلغ المكتتب فيه خلال الإكتتاب التكميلى الأول ( ما يعادل ٥,٠٠٠و٢ دولار أمريكى ) ( يعادل ٧١٩١٠٠دينار كويتى ) والمبلغ الذى دفعته شركة كى إل للاستثمار لشركة المرابطون ، ونظراً لأن المبلغ المذكور قد تم صرفه إلى شركة كى جى إل للاستثمار بشكل قانونى ويستند على أحقيتها فى هذا المبلغ فإنه لم يكن به أية أوجه الاستيلاء بدون وجه حق لذا فإن تصرف شركة كى جى إل للاستثمار فى تلك الأموال لا يمكن بأى حال من الأحوال وصفه أو تصنيفه بجريمة غسل أموال ، والثانى المبلغ المدفوع لشركة كابيتال لينك القابضة بقيمة ١٠٠٠٠٠٠دينار كويتى فإنه لم يتم صرف المبلغ المذكور من حسابات الصندوق والصحيح أن هذا التحويل هو تحويل داخلى من شركة كى جى إل للاستثمار لصالح شركة كابيتال لينك القابضة والمملوكة بنسبة ٩٦% لشركة كى جى إل للاستثمار ولا يوجد ما يمنع التحويل بين الشركات التابعة ولا توجد أى علاقة بهذا التحويل بالصندوق حيث قامت شركة كى جى إل للاستثمار بتاريخ ٢٠١٠/٩/٢ بتحويل مبلغ مليون دينار كويتى من حسابها بالبنك الأهلى الكويتى رقم ٠٦٠٣٧٢٣٥٤٩٢٠١ لحساب شركة كابيتال لينك بالبنك الأهلى الكويتى رقم ٠٦٠٣٧٥٥٩٩١٠٠١ ( المرفق ١٠-٢) ونظراً لأن المبلغ المذكور لم يتم تحويله من الصندوق بل تم تحويله بشكل رسمى وقانونى بين الشركة الأم إلى شركة تابعة ومملوكة لها فلا يوجد به أية أوجه استيلاء بدون وجه حق على مال عام لذا فإن تصرف شركة كى جى إل للاستثمار فى تلك الأموال لا يمكن بأى حال من الأحوال وصفه أو تصنيفه بجريمة غسل أموال ، والثالث المبلغ المدفوع إلى شركة رابطة الكويت والخليج للنقل بقيمة ٢٠٠٠٠دينار كويتى فإنه لم يتم صرف المبلغ المذكور من حساب الصندوق بل صرف المبلغ المذكور من حساب شركة كى جى إل للاستثمار إلى حساب شركة رابطة الكويت والخليج للنقل مقابل حصة شركة كى جى إل للاستثمار بتزويد وتجهيز وتركيب معدات أمن وسلامه وكاميرات مشتراه للمبنى حيث كان يقع مقر شركة كى جى إل للاستثمار فى مبنى شركة رابطة الكويت والخليج للنقل ، ولا يوجد أيضاً أى ارتباط بين هذه المعاملة وصندوق الموانى ( المرفق ١٠-٣) ، ونظراً لأن المبلغ المذكور لم يتم صرفه من حساب الصندوق بل تم أن صرفه من حساب شركة كى جى إل للاستثمار إلى شركة رابطة الكويت

والخليج للنقل كان بشكل رسمى وقانونى ويستند على أحقيتها فى هذا المبلغ فلم يكن أية أوجه للاستيلاء بدون وجه حق لذا فإن هذا التحويل لا يمكن بأى حال من الأحوال وصفه أو تصنيفه بجريمة غسل أموال ، والرابع المبلغ المدفوع للمتهم الثانى بقيمة ٣٥٠ ألف دينار كويتى فإنه تم تحويل هذه المبالغ من شركة كى جى إل لاستثمار ولم تحول من حسابات الصندوق على الإطلاق فلا يخالف القانون وليس له علاقة بأموال الصندوق بل هو تنفيذاً لأحكام عقد استشارات مبرم بين شركة كى جى إل للاستثمار والمتهم الثانى / سعيد دشتى بتاريخ ٢٠٠٩/١/٤ فيما يتعلق بالاستحواذ على شركة مقاولات الخليج للشحن والتفريغ فى المملكة العربية السعودية ولا يوجد أى ارتباط بين هذه المعاملة وصندوق الموانئ وفقاً لما هو ثابت بالمرفقات ،  ونظراً لأن المبلغ المذكور قد تم صرفه بشكل رسمى وقانونى فلم يكن به أية أوجه للاستيلاء بدون وجه حق لذا فإن هذا التحويل لا يمكن بأى حال من الأحوال وصفه أو تصنيفه بجريمة غسل أموال، وأن نتيجة فحص المعاملة  المالية موضوع الاتهام العاشر الأتى  – ١– تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم صرفها ، ، ٢– أن كافة المعاملات الواردة فى الاتهام العاشر  قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها  شبهة استيلاء بدون وجه حق ، ٣– فى ضوء قانونية وصحة المبالغ المحولة إلى شركة كى جى إل للاستثمار فإن تصرف شركة كى جى إل للاستثمار فى أموالها بغض النظر عن المستفيد سواء أفراد أو شركات فهو أمر قانونى لا يشويه جريمة غسل أموال على الإطلاق ،  ٤– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يمكن بأى حال من الأحوال وصف التحويلات أو تصنيفها بجريمة غسل أموال كما أنه لا يوجد هناك جريمة غسل أموال وأيضاً لا يوجد تسهيل استيلاء أو استيلاء بدون وجه حق على أى مبلغ ، وبالنسبة للمعاملات المالية موضوع الاتهام الأول المنسوب للمتهم الثانى فإن الردود التى تم تناولها فى هذا التقرير قد تناولت مرجعية المبالغ وكافة المستندات الداعمة لقانونية وصحة أوجه الصرف وأن نتيجة فحص المعاملة  المالية موضوع الاتهام الأول المسند للمتهم الثانى أن ١– أن كافة المعاملات الواردة فى الاتهام الأول  قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص وإتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها  تسهيل استيلاء أو  استيلاء بدون وجه حق ، ٢– تطابق القيم

الحكم رقم ٢٠١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٢ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١ / ١١ /٢٠١٥ جنايات ٣/

الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يوجد تسهيل استيلاء أو استيلاء بدون وجه حق على أى مبلغ ، وبالنسبة للمعاملات المالية موضوع الاتهام الثانى المنسوب للمتهم الثانى فإن نتيجة فحص المعاملة المالية – ١ – أن كافة المعاملات الواردة فى الاتهام الثانى قد تمت بما يتوافق مع أحكام ومستندات الصندوق ونشرة الاكتتاب الخاص واتفاقية الشراكة المحدودة وعقد تأسيس شركة الشريك العام والقرارات الصادرة من الشريك العام ولم يكن بها استيلاء أو شبهة استيلاء بدون وجه حق ٢٠، – فى ضوء قانونية وصحة المبالغ المحولة إلى شركة كى جى إل للاستثمار فإن تصرف شركة كى جى إل للاستثمار فى أموالها بغض النظر عن المستفيد سواء أفراد أو شركات فهو أمر قانونى لا يشوبه جريمة غسل أموال على الإطلاق ، ولا يمكن بأى حال وصفه أو تصنيفه بجريمة غسل أموال   ٣– تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق ، وعليه لا يمكن بأى حال من الأحوال وصف التحويلات أو تصنيفها بجريمة غسل أموال كما انه لا يوجد هناك جريمة غسل أموال وأيضاً لا يوجد تسهيل استيلاء أو استيلاء بدون وجه حق على أى مبلغ ، كما قدم مذكرة بدفاعه طالعتها المحكمة وألمت بها دفع فيها أولاً:- بعدم جواز نظر الدعوى لسابقة صدور قرار بحفظ التحقيق فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة ، ثانياً:- بطلان تقرير عضو ديوان المحاسبة وبطلان كل دليل مستمد من أعماله ونتائجه وذلك من عدة وجوه الوجه الأول عدم حلف عضو ديوان المحاسبة اليمين القانونية قبل مباشرة المامورية بالمخالفة لنص المادة ١٠٠ من قانون الإجراءات الجزائية ، الوجه الثانى :- افتقار عضو ديوان المحاسبة المنتدب من جانب النيابة العامة للمهنية والدراية اللازمة لإبداء الرأى فى الواقعة وأن الثابت من تحقيقات القضية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة أن المتهمين قد سبق لهم التمسك أمام النيابة العامة بندب جهة محايدة لبحث أوراق القضية وما بها من مستندات لانطوائها على العديد من الأمور تتطلب خبرات فنية مؤهلة ومتخصصة فى الجوانب المالية والمحاسبية للصناديق الاستثمارية وهو ما لا يتوافر فى عضو ديوان المحاسبة والذى تقتصر خبرته على التفتيش والرقابة على المؤسسات المالية الحكومية والتى تختلف قواعدها المحاسبية بالكلية عن القواعد والمعايير المحاسبية الخاصة بالمؤسسات المالية والاستثمارية ومن ثم فإنه من غير المستساغ أن يكلف عضو ديوان المحاسبة بإعداد تقرير فنى عن أحد أهم وأضخم الصناديق الاستثمارية على مستوى العالم وأن تأخذ النيابة العامة بنتائجه هو فقط وتهدر كل ما ورد فى التقارير

الاستشارية الأخرى لا سيما وأنه قد ثبت أمام النيابة العامة مراراً وتكراراً عدم دراية عضو ديوان المحاسبة بالعديد من الأمور الجوهرية فى المسألة موضوع البحث، الوجه الثالث :- سابقة إبداء عضو ديوان المحاسبة لرايه فى الواقعة من خلال تكليف سياسى وليس قضائى ، الوجه الرابع :- تمسك النيابة العامة بندب عضو ديوان المحاسبة يدل على أن جهة التحقيق سعت إلى إدانة المتهمين واختلاق أدلة الثبوت فتكليف حمد العليان لمباشرة المأمورية له دلالة واضحة على أن النيابة العامة عمدت فى مسلك غير مبرر إلى اختلاق أدلة الثبوت فى القضية ودليل ذلك أن رئيس النيابة العامة بعد أن استمع لأقوال حمد العليان بالتحقيقات وشهادته طلب صراحة من الرئاسة إحالة الأوراق إلى إدارة الخبراء بوزارة العدل لفحصها وإعداد تقرير عن المخالفات المنسوبة للمتهمين إلا أن الرئاسة رفضت وطلبت استكمال التحقيقات بتكليف عضو ديوان المحاسبة بإعداد تقرير تكميلى حول المخالفات ولما كانت النيابة العامة قد خالفت المادة الولى من قانون الخبرة ولم تبين الأسباب التى دعتها إلى انتداب عضو ديوان المحاسبة بدلاً من ندب إدارة الخبراء وهو ما يمثل إهدار من النيابة العامة لضمانة من الضمانات التى كفلها القانون مما يترتب عليه بطلان الدليل المستمد من هذا الإجراء الباطل وبطلان شهادة من أجراه ، الوجه الخامس :- الخطأ المهنى الجسيم فى عمل عضو ديوان المحاسبة لتطبيقه قواعد واشتراطات هيئة أسواق المال على معاملات الصندوق على الرغم من عدم خضوع الصندوق لتلك القواعد ، ثالثاً:- كيدية الاتهامات وتلفيقها من جانب الشاهدة الأولى وذلك من عدة وجوه الوجه الأول سابقة وجود خلافات بين المتهمة الأولى وشاهدو الإثبات كانت الدافع على تقديم البلاغ موضوع الاتهام الراهن ، الوجه الثانى :- التناقض والتهاتر فى أقوال شاهدة الإثبات مما مؤداه عدم جواز التعويل على أقوالها كدليل إثبات ضد المتهمين ، رابعاً:- بطلان الدليل الجنائى المستمد من الصور الضوئية والأوراق غير المترجمة ، خامساً:- مدنية وتجارية النزاع وإنفاق أموال الصندوق فى أصول تعود ملكيتها له ، سادساً:- انتفاء أركان الجرائم المسندة للمتهمين الأولى والثانى ،سابعاً :- بطلان تقرير الاتهام فى جرائم تسهيل الاستيلاء موضوع التهمة السابعة لخلوه من البيانات الجوهرية عملاً بالمادة ١٣٠من قانون الإجراءات الجزائية ، ثامناً :- عدم دستورية الفقرة الأولى من المادة ٢١ من القانون رقم ١٩٩٣ لسنة فى شأن حماية الأموال العامة ، تاسعاً:- عدم دستورية المادة الثانية من القانون رقم ١٠٦ لسنة٢٠١٣ فى شأن مكافحة غسل الأموال وتمويل الإرهاب وطلب فى ختامها الحكم أولاً:- أصلياً:- ١- براءتهما مما هو منسوب إليهما من

اتهامات ورفض كافة الدعاوى المدنية ضدهما وإلزام رافعها بالمصروفات ومقابل أتعاب المحاماة الفعلية ، ٢- عدم جواز نظر الدعوى فى الجناية رقم ٢٠١٣/٥٤٧ حصر أموال عامة وعدم قبول الدعوى الجنائية بشأنها لسبق صدور قرار فيها من النيابة العامة بحفظ التحقيق ، ٣- عدم قبول الدعوى الجزائية فى الجناية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة لارتباطها بالجناية رقم ٢٠١٣/٥٤٧ حصر أموال عامة والصادر فيها قرار من النيابة العامة بحفظ التحقيق حيث أنها تتعلق بذات موضوع صندوق الموانئ ، ٤- عدم قبول الإدعاء المدنى المقدم من المدعية بالحق المدنى / منى عبدالمنعم محمود عبدالوهاب لانتفاء صفتها فى الإدعاء المدنى وإلزام رافقته بالمصروفات ومقابل أتعاب المحاماة الفعلية ، ثانياً:- احتياطياً:- وقف نظر الدعوى وإحالة الدفع بعدم دستورية الفقرة الأولى من المادة ٢٠ من القانون رقم ١لسنة١٩٩٣ فى شأن حماية الأموال العامة للمحكمة الدستورية للفصل فى دستورية النص ، ٢- وقف نظر الدعوى وإحالة الدفع بعدم دستورية المادة الثانية من القانون رقم ١٠٦لسنة٢٠١٣ فى شأن مكافحة غسل الأموال وتمويل الإرهاب للمحكمة الدستورية للفصل فى دستورية النص ، ثالثاً:- وعلى سبيل الاحتياط الكلى :- تحقيق كافة طلبات المتهمين الأولى والثانى السابق تقديمها ملف الدعوى وهى ١- تكليف النيابة العامة بتقديم أصول المستندات التى قدمت فى ملف القضية ، وتكليف النيابة العامة بتقديم ترجمة رسمية للمستندات المحررة باللغة الإنجليزية ، ٢- إلزام مؤسسة الموانئ الكويتية بتقديم صورة رسمية من التقرير النهائى للجنة المشكلة بموجب القرار الوزارى رقم م م ك و/٧-٢٠١٥ الصادر بتاريخ ٢٠١٥/٤/٧ الخاص باكتتاب المؤسسة فى صندوق الموانئ الاستثمارى أو التصريح بتصوير هذا التقرير من مؤسسة الموانئ الكويتية / ٣- استدعاء السيد / مشعل عبدالعزيز عبدالوهاب العثمان رئيس اللجنة المشكلة بموجب القرار الوزارى رقم م م ك و /٧- ٢٠١٥ الصادر بتاريخ ٢٠١٥/٤/٧ الخاص بتكليف اللجنة المذكورة مراجعة إجراءات إنهاء المؤسسة فى صندوق الموانئ الاستثمارى لسماع شهادته فى القضية لما يترتب على سماع شهادته إثبات سلامة أداء عمل صندوق الموانئ والقائمين عليه وعدم صحة ما نسب إليهم من اتهامات ، والمحامى الثالث الحاضر مع المتهمين الأولى والثانى انضم للمحامين المدافعين عن المتهمين الأولى والثانى فى دفاعهما ، والمحامى الحاضر مع المتهم الثالث ترافع شفاهة وشرح ظروف الدعوى وقدم حافظة مستندات طالعتها المحكمة وألمت بها من ضمن ما طويت عليه صورة ضوئية من عقد اكتتاب ومشاركة مؤسسة الموانئ الكويتية فى

١٧٧

صندوق الموانئ الاستثمارى المؤرخ ٢٠١٠/٧/١٤ والموقع من المتهم الثالث – صورة ضوئية من ملحق للعقد سالف البيان والمؤرخ ٢٠١٣/٤/٩ – صورة ضوئية من الحكم الصادر من لجنة التحقيق الخاصة بمحاكمة الوزراء الصادر بجلسة ٢٠١٤/٩/١٧ – صورة ضوئية من مذكرة مقدمة من مدير الإدارة القانونية لمؤسسة الموانئ الكويتية مؤرخة ٢٠١٤/١/١٥ للعرض على مدير عام المؤسسة ، كما قدم مذكرة بدفاعه طالعتها المحكمة وألمت بها دفع فيها أولاً:- بعدم جواز وعدم قبول الدعوى العمومية الماثلة تجاه المتهم الثالث وذلك لسابقة صدور قرار ضمنى بألا وجه لإقامة الدعوى العمومية ضد وزير المواصلات / سالم مثيب الأذينة باعتبار أن قرار الموافقة على اعتبار مساهمة مؤسسة الموانئ الكويتية فى المشاركة فى صندوق الموانئ الاستثمارى من تاريخ نشأته فى ٢٠٠٧ وليس من تاريخ المساهمة فى ٢٠١٠ قد صدر من السيد / وزير المواصلات المذكور ويتوقيعه بموجب ملحق للعقد وهو محل الاتهام المسند إلى المتهم الثالث وإذ صدر قرار لجنة التحقيق الخاصة بمحاكمة الوزارة بتاريخ ٢٠١٤/٩/١٧ فى البلاغ المقدم ضد الوزير بحفظ البلاغ نهائياً لانتفاء المسئولية الجزائية وانتفاء الجريمة الأمر الذى يعد ذلك قراراً ضمنياً بألا وجه لإقامة الدعوى وهى ما ينسحب بالتبعية على المتهم الثالث ، ثانياً:- بإنتفاء المسئولية الجزائية وانتفاء الجريمة وبالتالى بطلان قرار إحالة المتهم إلى المحاكمة من قبل النيابة العامة لانتفاء الدليل على ارتكاب المتهم للواقعة محل الاتهام وأن من أصدر قراره بالموافقة على اعتبار مساهمة مؤسسة الموانئ الكويتية فى صندوق الموانئ للاستثمار من تاريخ إنشاءه فى ٢٠٠٧ وليس من تاريخ المشاركة الفعلية ( موضوع ومحل الاتهام ) وهو السيد / سالم مثيب الأذينة وزير المواصلات أنذاك وذلك استناداً إلى القاعدة العامة فى المسئولية الجزائية بشخصيه الجريمة وشخصية العقوبة ، ثالثاً:- خلو الأوراق من ثمة دليل على هذا الاتهام ولوجود دليل من بين الأوراق يثبت أنه لم يعتمد احتساب مشاركة مؤسسة الموانئ الكويتية فى صندوق الاستثمار بأثر رجعى من تاريخ إنشاء الصندوق عام ٢٠٠٧ وليس من تاريخ مساهمة المؤسسة الفعلية فيه عام ٢٠١٠ ، رابعاً:- مخالفة سلطة الاتهام للثابت فى الأوراق وإتيانها اتهامه وكما جاء بأدلة الثبوت على تقرير ديوان المحاسبة والذى جاء مرسلاً لا يسانده دليل بل جاء متناقضاً مع نتيجة فحصه ، خامساً:- عدم وجود جريمة تجاه المتهم الثالث عند توقيعه على العقد الأصلى لقيام سبب من أسباب الإباحة وهو استعمال لسلطته كنائب لرئيس مجلس إدارة مؤسسة الموانئ الكويتية وتنفيذه لأمر يجب إطاعته وهو التفويض الصادر له من رئيس

مجلس إدارة المؤسسة ( وزير المواصلات )، سادساً:- انتفاء أركان الجريمة المسندة للمتهم الثالث ، وطلب فى ختامها الحكم أصلياً:- بعدم قبول الدعوى الماثلة وعدم جواز النظر فيها لسابقة صدور ( قرار بألا وجه لإقامة الدعوى ) ضد وزير المواصلات سالم مثيب الأذينة والذى يمتد أثره للمتهم الثالث بالتبعية ، واحتياطياً:- عدم وجود جريمة تجاه المتهم الثالث لقيام سبب من أسباب الإباحة والمتمثلة فى عدم مساءلة المرؤوس عن تنفيذه لأوامر صادرة من الرئيس طالما فى حدود القانون عملاً بأحكام المواد ٢٦، ٢٧، ٢٨ من قانون الجزاء ، وعلى سبيل الاحتياط الكلى :- براءة المتهم من الاتهام المسند إليه لانتفاء المسئولية الجنائية وعدم توافر أركان الجريمة فى حقه ، وحيث قررت المحكمة حجز الدعوى ليصدر فيها الحكم بجلسة اليوم .

وحيث إنه عن الدفع المبدى من دفاع المتهمين الأولى والثانية بعدم قبول الدعوى الجزائية فى الجناية رقم ١٤٩٦/٢٠١٢ حصر أموال عامة والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧ ، ٢٠١٤/١٧١٩ حصر أموال عامة ، ويعدم جواز نظرها وذلك لسابقة صدور قرار من النيابة العامة بحفظ التحقيق نهائياً فى الجناية رقم ٢٠١٣/٥٤٧ وانتهاء قرار الحفظ إلى انتفاء جرائم العدوان على المال العام من الأوراق وقيدها وحفظها بدفتر الشكاوى الإدارية وفقاً للقرار المؤرخ فى ٢٠١٤/١٢/٣٠ ، فلما كان من المقرر بقضاء التمييز أن " " لا يجوز محاكمة الشخص عن فعل واحد مرتين ذلك أن الازدواج فى المسئولية الجزائية عن الفعل الواحد أمر يحرمه القانون وتتأذى به العدالة، وأن الدفع بعدم جواز نظر الدعوى لسابقة الفصل فيها . جوهري تقضي به المحكمة من تلقاء نفسها.تعلقه بالنظام العام .جواز التمسك به فى أية حالة كائنت عليها الدعوى ولو أمام محكمة التمييز " .

( الطعن رقم ١٨٤/ ٢٠٠٧ جزائي جلسة ٢٠٠٩/٥/١٩ )

(الطعن رقم ٩٠٧ لسنة ٢٠١٦ جزائي٣ جلسة ٢٠١٧/٣/١٦ )

ومن المقرر فى قضاء محكمة التمييز أنه " لما كانت المادة ١٠٣ من قانون الإجراءات والمحاكمات الجزائية قد جرى نصها على أن قرار حفظ التحقيق يترتب عليه وقف السير في الدعوى ووقف التحقيق إلى أن تظهر أدلة جديدة تستوجب إعادة فتح التحقيق وإكماله وأن قوام الدليل الجديد هو أن يلتقى به المحقق لأول مرة بعد التقرير بحفظ التحقيق " .

(الطعن بالتمييز رقم ٤٤٠ لسنة٢٠١٤ جزائى/٢ جلسة ٢٠١٦/١/١٨ )

الطعن رقم ٢٥٠ لسنة٢٠١٧ جزائى /٢ جلسة ٢٠١٨/٧/٩ )

١٧٩

ومن المقرر بقضاء التمييز أن " حفظ التحقيق يترتب عليه وقف السير في الدعوى ووقف التحقيق إلى أن تظهر أدلة جديدة تستوجب إعادته وإكماله. المادة ١٠٣ من قانون الإجراءات والمحاكمات الجزائية ."

ومن المقرر أن " سلطة التحقيق هي المنوطة بحفظ التحقيق لأسباب موضوعية أو قانونية". ومن المقرر أن " قرار حفظ التحقيق المؤقت أو النهائي بمثابة الحكم الصادر في موضوع الدعوى. العدول عنه. جائز شرط ذلك: ظهور أدلة جديدة تستوجب إعادة التحقيق وإكماله". ومن المقرر أن " الدليل الجديد. ماهيته. تقديره من الجهة المنوط بها تحقيق الدعوى تحت إشراف محكمة الموضوع. حد ذلك."

ومن المقرر أن " انتهاء الحكم المطعون فيه لعدم قبول الدعوى لسبق صدور قرار نهائي بحفظ التحقيق وعدم ظهور أدلة جنائية جديدة. الطعن بالتمييز عليه جائز. علة ذلك. أنه حكم منهي للخصومة ومانع من السير فيها ".

( الطعن رقم ٢٠٠٧/٦٤٨ جزائي جلسة ٢٠٠٨/٦/١٠ )

ومن المقرر بقضاء التمييز أن " قرار الحفظ المؤقت أو النهائي. العدول لظهور أدلة جديدة. جائز. تقدير ما إذا كانت هذه الأدلة تستوجب إعادة فتح التحقيق وإكماله للوصول للحقيقة. من سلطة جهة التحقيق تحت إشراف محكمة الموضوع ."

( الطعن/ ٥٧/ ١٩٨٩ جزائي جلسة ١٩٨٩/٤/١٢ القسم الثاني  –المجلد الرابع ص ٢٠١ )

ومن المقرر في قضاء محكمة التمييز أن " قوام الدليل الجديد هو أن يلتقي المحقق الجديد به لأول مرة بعد صدور قرار حفظ التحقيق ، أو يكون تحقيق الدليل بمعرفته غير ميسر له من قبل، إما لخفاء الدليل نفسه أو فقدانه أحد العناصر التي تعجز المحقق عن استيفائه ، وتقدير ما إذا كانت تستوجب إعادة فتح التحقيق وإكماله وأن من شأنها الوصول الى الحقيقة هو تستقل بتقديره سلطة التحقيق تحت إشراف محكمة الموضوع ".

( الطعن بالتمييز رقم ١٩٨٩/٥٧ جزائي جلسة ١٩٨٩/١٢/٤ )

ومن المقرر بقضاء النقض المصري أن " الأمر الصادر من النيابة العامة بأن لا وجه لإقامة الدعوى– أي بعد التحقيق الذي تجريه بمعرفتها أو يقوم به أحد رجال الضبط القضائي بناء على انتداب منها – لا يمنع من العودة إلى التحقيق إذا ظهرت أدلة جديدة وذلك قبل انتهاء المدة المقررة لسقوط الدعوى الجنائية ، وقد حددت محكمة النقض الضابط في اعتبار الدلائل جديدة بأنه التقاء المحقق بها لأول مرة بعد التقرير في الدعوى بأن لا وجه لإقامتها، ويعد

من الدلائل الجديدة شهادة الشهود والمحاضر والأوراق الأخرى التي لم تعرض على المحقق ويكون من شأنها تقوية الدلائل التي وجدت غير كافية أو زيادة الإيضاح المؤدي إلى ظهور الحقيقة ، وسلطة التحقيق هي التي تقدر أن للدلائل الجديدة هذا الشأن وأنها تجيز إلغاء الأمر بأن لا وجه لإقامة الدعوى ، تحت رقابة محكمة الموضوع التي عليها أن تتحقق من ظهور دلائل جديدة عقب الأمر بأن لا وجه لإقامة الدعوى " .

(الطعن رقم ٧٣٢٢ لسنة ٨٠ق جلسة ٢٠١١/١٢/٤)

وحيث استقر ما تقدم وبالبناء عليه ، وكان الثابت من الجناية رقم ٢٠١٣/٥٤٧ حصر أموال عامة بشأن مساهمة المؤسسة العامة للتأمينات الاجتماعية الكويتية فى صندوق الموانئ الاستثمارى أن السيد المستشار النائب العام  قد أمر بتاريخ ٢٠١٤/١٢/٣٠ بعد تحقيق قضائى باشرته النيابة العامة بمقتضى سلطتها المخولة لها في القانون أولاً:- باستبعاد شبهة جرائم العدوان على المال العام من الأوراق  ، ثانياً:- قيد الأوراق بدفتر الشكاوى الإدارية وحفظها إدارياً ، ثالثاً:- إعلان كل من مجلس الوزراء ، والمؤسسة العامة للتأمينات الاجتماعية ، والمشكو فى حقهم / ماريا لازاريفا ، وسعيد إسماعيل دشتى ، ومهدى إسماعيل على الجزاف ، وطارق عدنان إسماعيل، بما مفاده أن  السيد المستشار النائب العام  أمر بتاريخ ٢٠١٤/١٢/٣١ بحفظ التحقيق نـهائياً ، ثم  ورد كتاب رئيس ديوان المحاسبة بالإنابة للسيد المستشار النائب العام المؤرخ ٢٠١٦/٧/٢٥ والمتضمن بأن الديوان يفيد بوجود بعض المستجدات المتعلقة بالقضية ورغبته تضمينها لإفاداته السابقة فى القضية ويما يحقق الصالح العام وذلك بمناسبة إطلاع الديوان بأعمال الفحص على حسابات وسجلات المؤسسة العامة للتأمينات الاجتماعية خلال قيام الديوان باختصاصاته المقررة فى قانون إنشائه رقم ٣٠ لسنة ١٩٦٤ وتعديلاته ، وكان الثابت أن كتاب ديوان المحاسبة أنف البيان قد ورد للنيابة العامة وذلك عقب إيداع ديوان المحاسبة تقريره بشأن التجاوزات والمخالفات المالية التى أسفر عنها الفحص الدفترى لصندوق الموانئ الاستثمارى تنفيذاً لقرار النيابة العامة فى الجناية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة بشأن مساهمة مؤسسة الموانئ الكويتية فى صندوق الموانئ ، وعقب انتهاء السيد / حمد أحمد حمد العليان – مدير إدارة المرافق الاقتصادية والخدمية بديوان المحاسبة – معد تقرير الفحص – من الإدلاء بشهادته بتحقيقات النيابة العامة بشأن المخالفات المالية والجرائم المرتكبة من قبل القائمين على صندوق الموانئ الاستثمارى المتهمين – فى الجناية رقم ٢٠١٢/١٤٩٦ حصر أموال عامة ، حيث كانت

١٨١

أخر أقوال أدلى بها أمام النيابة العامة بجلسة تحقيق ٢٠١٥/١٠/٢٦ ، ويعد العرض من السيد المحامى العام الأول السيد المستشار النائب العام بتاريخ ٢٠١٦/٧/٢٧ باستخراج القضية موضوع الواقعة من الحفظ وإتخاذ اللازم قانوناً بشأن المعلومات الجديدة لدى ديوان المحاسبة حسبما هو ثابت من تأشيرته ، فتم استخراج القضية من الحفظ وإجراء التحقيقات فى ضوء ما استجد ، ولما كانت هذه الأدلة سالفة البيان تعد من قبل الأدلة الجديدة التى لم تعرض على النيابة العامة وقت التحقيق وعند إصدارها قرار الحفظ النهائى ، وكان من شأن هذه الأدلة الجديدة إيضاح الأمر المؤدى إلى ظهور الحقيقة وقد ظهرت بعد صدور قرار الحفظ النهائى ، ومن ثم فإن هذه الأدلة الجديدة تجيز للنيابة العامة استخراج القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة من الحفظ والعودة إلى التحقيق فيها ويطلق حقها في رفع الدعوى الجنائية على المتهمين فيها بناء على ما ظهر من تلك الأدلة التى وجدت أمامها ، ومن ثم يكون هذا الدفع فى غير محله ترفضه المحكمة وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

وحيث إنه عن الدفع المبدى من دفاع المتهمين الأولى والثانى ببطلان قرار النيابة العامة الصادر فى ٢٠١٤/٣/٢٧ بإسناد مهمة أداء المأمورية إلى عضو ديوان المحاسبة بدلاً عن إدارة الخبراء بوزارة العدل لصدوره بالمخالفة للمادة ١ من القانون رقم ١٩٨٠/٤٠ فى شأن إصدار قانون الخبرة وتعديلاته ، ويطلان تقارير عضو ديوان المحاسبة وما ترتب عليها من اتهامات لعدم حلفه اليمين القانونية قبل أداء المأمورية المكلف بها التى أوكلت إليه بالمخالفة للمادة ١٠٠ من قانون الإجراءات الجزائية ، فلما كان من المقرر بقضاء التمييز أن " لا تثريب على الحكم إن هو لم يرد على دفاع الطاعنين في هذا الخصوص بحسبانه دفاعاً قانونياً ظاهر البطلان ويضحى منعاهما في غير محله".

(الطعن رقم ١٥٠٦ لسنة ٢٠١٧ جزائي جلسة ٢٠١٨/٦/٢٥)

لما كان ما تقدم ، ولما كانت التحقيقات التى تجريها النيابة العامة استلزمت الفحص المالى والدفترى لصندوق الموانئ الاستثمارى للوقوف على المخالفات المرتكبة والتجاوزات المالية ومرتكبيها والضرر المادى المترتب عليها فأمرت النيابة العامة بتاريخ ٢٠١٤/٥/١ بندب عضو ديوان المحاسبة  /حمد أحمد حمد العليان لأداء المأمورية المبينة بقرار النيابة العامة خلال كون عضو ديوان المحاسبة سالف الذكر سبق وأن قام بإعداد تقرير ديوان المحاسبة الخاص بالملاحظات التى شابت مساهمة مؤسسة الموانئ الكويتية فى عقد اكتتاب والمشاركة

فى صندوق الموانئ الاستثمارى ، وإعداد تقرير ديوان المحاسبة بشأن التجاوزات والمخالفات المالية التى أسفر عنها فحص صندوق الموانئ الاستثمارى الخاص بمساهمة مؤسسة الموانئ الكويتية  بناء على طلب لجنة الميزانيات والحساب الختامى بمجلس الأمة ، ولكون ديوان المحاسبة هى الجهة المنوط بها فحص ومراجعة ميزانيات وأعمال الوزارات والمؤسسات والجهات العامة  طبقاً لإختصاصاته  المقررة للديوان فى قانون إنشائه رقم ٣٠ لسنة ١٩٦٤ وتعديلاته ، وبتاريخ ٢٠١٥/٣/١ قام السيد رئيس النيابة المحقق بتحليف السيد /حمد أحمد حمد العليان – عضو ديوان المحاسبة – اليمين القانونية لأداء المأمورية المكلف بها من النيابة العامة فى القضية رقم ١٤٩٦/٢٠١٢ حصر أموال عامة قبل أدائه الماموريه ، كما أنه وبتاريخ ٢٠١٧/١/٣ تم تحليف السيد /حمد أحمد حمد العليان – عضو ديوان المحاسبة– اليمين القانونية أمام النيابة العامة لأداء المأمورية المكلف بها من النيابة العامة فى القضية رقم ٢٠١٣/٥٤٧ حصر أموال عامة قبل أدائة المأمورية ومن ثم فإن ما  يثيره دفاع المتهمين فى هذا الصدد لا يخرج عن كونه جدلاً موضوعياً فى سلطة محكمة الموضوع فى تقدير الدليل ووزن عناصر الدعوى وإستنباط معتقدها، الأمر الذى يكون معه ما ينعاه دفاع المتهمين  فى هذا الخصوص دفعاً ظاهر الفساد حرياً بالاطراح ، تلتفت عنه المحكمة ومن ثم يكون هذا الدفع خليقاً بالرفض وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

<u>وحيث إنه عن الدفع المبدى  من دفاع المتهمين الأولى والثانى ببطلان تقرير الاتهام فى</u> جرائم تسهيل الاستيلاء موضوع التهمة السابعة لخلوه من البيانات الجوهرية عملاً بالمـادة ١٣٠من قـانـون الإجـراءات الجزائيـة ، فلمـا كـان مـن المقرر بـنص المـادة ١٣٠ مـن قـانـون الإجراءات والمحاكمات الجزائية  أنه "ترفع الدعوى الجزائية إلى المحكمة المختصة بصحيفة اتهام تحتوى، إلى جانب البيانات الواجب ذكرها فـي كـل ورقـة مـن أوراق المرافعـات، علـى البيانات الآتية:

١. تعيين المدعي ببيان اسمه وصفته.

٢. تعيين المتهم، ويكون ذلك عادة بذكر الاسم والسن ومحل الإقامة وغير ذلك من البيانات التي تكون ضرورية لتعيين الشخص.

٣. بيان الجريمة موضوع الدعوى، بذكر الأفعال المنسوب صدورها إلى المتهم من حيث طبيعتها وزمانها، ومكانها، وظروفها، وكيفيـة ارتكابهـا، ونتائجهـا، وغيـر ذلـك ممـا يكـون ضرورياً لتعيين الجريمة.

١٨٣

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمنضم لها الجنايتين رقمى ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

٤- الوصف القانوني للجريمة، وذلك بذكر المواد القانونية التي تنطبق عليها، والاسم الذي يطلقه القانون عليها إن وجد، مع ذكر ما يرتبط بها من ظروف مشددة أو وقائع مكونة لجرائم أخرى.

٥- بيان الأدلة على وقوع الجريمة ونسبتها إلى المتهم، بذكر أسماء الشهود أو القرائن المادية أو الأشياء المضبوطة، مع الإشارة إلى إجراءات الشرطة أو المحققين بشأن هذه الدعوى وما انتهت إليه وقت رفع الدعوى.

ولا يعتبر إغفال أي من هذه البيانات أو الخطأ فيه جوهرياً، إلا إذا كان من شأنه تضليل المتهم تضليلاً تختل معه الأغراض التي توخاها القانون من ذكر هذه البيانات.

ومن المقرر بقضاء التمييز أن " قانون الإجراءات و المحاكمات الجزائية إذ نص في المادة ١٣٠ منه على البيانات الواجب ذكرها في صحيفة الأتهام التى ترفع بها الدعوى الجزائية و منها بيان الجريمة موضوع الدعوى بذكر الأفعال المنسوب صدورها إلى المتهم و كل ما هو ضروري لتعيين الجريمة و بيان الوصف القانوني لها ، لم يتطلب صياغة هذه البيانات في صحيفة الأتهام على وجه معين مما مؤداه أنه يكفي أن يتضح من صياغتها الأفعال المطلوب محاكمة المتهم عنها فإذا كان كل فعل منها يكون جريمة قائمة بذاتها طبقاً للقواعد المقررة في القانون فإن التهم المنسوبة للمتهم تتعدد بالتعدد الحقيقى المادي لهذه الجرائم و لا يقدح في ذلك جمعها في صحيفة الأتهام تحت وصف واحد لتماثلها نوعاً – كما هو الحال في الدعوى المطروحة – و عدم أفراد كل منهما بوصف مستقل مادام أن الواضح من وقائع الأتهام أن كلا منها محل تهمة مستقلة ".

( الطعن رقم ٣٦ – لسنة ١٩٩٢ – جلسة ٩ / ١١ / ١٩٩٢ – مكتب فني ٢٠ )

ولما كان ما تقدم ، وكان من المقرر قانوناً أن الأصل في النصوص القانونية ألا تحمل علي غير مقاصدها وألا تفسر عباراتها بما يخرجها عن معناها ويفصلها عن سياقها أو يخرجها عما أتجهت إراده المشرع وأنه لا محل للإجتهاد إزاء صراحة نص القانون الواجب تطبيقه وأنه متى كانت عباره القانون واضحه لا لبس فيها فإنها يجب أن تعد تعبيراً صادقاً عن إراده الشارع ولا يجوز الإنحراف عنها عن طريق التفسير أو التاويل أياً كان الباعث علي ذلك ولا الخروج علي النص متي كان واضحاً جلي المعني قاطعاً في دلالته علي المراد منه ، ولما كان البين من استقراء نص المادة ١٣٠ من قانون الإجراءات والمحاكمات الجزائية في صريح عباراتها ووضوح دلالتها يبين منه أن المشرع نص في المادة ١٣٠ على البيانات الواجب

ذكرها في صحيفة الاتهام التي ترفع بها الدعوى الجزائية وهى تعيين المتهم وبيان الجريمة موضوع الدعوى بذكر الأفعال المنسوب صدورها إلى المتهم و كل ما هو ضروري لتعيين الجريمة و بيان الوصف القانوني لها ، ولم يتطلب صياغة هذه البيانات في صحيفة الأتهام على وجه معين مما مؤداه أنه يكفي أن يتضح من صياغتها الأفعال المطلوب محاكمة المتهم عنها ، وكان البيّن للمحكمة من مطالعة صحيفة اتهام الدعوى المطروحة أنها تضمّنت بياناً باسم المتهمين الأولى والثاني وجنسيتهما  ورقم بطاقتهما المدنية  بما يكفي لتعيين شخصيهما كما وتضمّنت بياناً بالجريمة موضوع التهمة السابعة بذكر الأفعال المنسوب صدورها للمتهمين الأولى والثانية   من حيث طبيعتها وزمانها فضلاً عن الوصف القانوني للجرائم  والمواد القانونية التي تنطبق عليها؛ بما يكفل تعيين الجريمة ويرسم حدود الدعوى التي تتقيّد بها المحكمة ويضع الأُسُس التي تعتمد عليها في عملها، وإذ أُرفق بصحيفة الاتهام قائمة بمؤدى أقوال الشهود وأدلة الإثبات، فإن الصحيفة بذلك تكون مستوفاة للشروط المتطلبة واللازمة قانوناً ويمنأيّ عن أي تضليل تختل معه الأغراض التي توخاها المشرع من ذكر بياناتها مارة الذكر سيما وأن المتهمين الأولى والثاني اللذين  أجريا معهما التحقيق فى النيابة العامة؛ هما من حضرا للمحاكمة ؛ مما يفضي بطريق اللزوم العقلي إلى صحة تعيينهما  ذلك أنه إذا زالت العلّة زال الحكم، فالأخير يدور مدار العلّة ، الأمر الذي يكون معه ما ينعاه دفاع المتهمين الأولى والثاني  في هذا الخصوص ظاهر الفساد حرياً بالاطراح تلتفت عنه المحكمة  ،ومن ثم يكون هذا الدفع خليقاً بالرفض وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

وحيث إنه عن الدفع المبدى من دفاع المتهمين الأولى والثاني بوقف نظر الدعوى وإحالة الدفع بعدم دستورية المادة الثانية من القانون رقم ١٠٦ السنة ٢٠١٣ فى شان مكافحة غسل الأموال وتمويل الإرهاب للمحكمة الدستورية للفصل فى دستورية النص، فلما كان من المقرر بقضاء التمييز أن مقتضى قاعدة شرعية الجريمة والعقاب أن القانون الجزائي يحكم ما يقع في ظله من جرائم إلى أن تزول عنه القوة الملزمة بقانون لاحق ينسخ أحكامه ، وهذا هو ما قننته المادة ١٤ من قانون الجزاء بنصها ( يعاقب على الجرائم طبقا للقانون المعمول به وقت ارتكابها ، ولا يجوز أن توقع عقوبة من أجل فعل ارتكب قبل نفاذ القانون الذي قرر عقوبة على هذا الفعل ) وإن ما أوردته المادة ١٥ في فقرتها الأولى   –من أنه ومع هذا : ( إذا صدر بعد ارتكاب الفعل وقبل أن يحكم فيه نهائياً قانون أصلح للمتهم ، وجب تطبيق هذا القانون دون غيره – (.إنما هو استثناء من الأصل العام يؤخذ في تفسيره بالتضييق ويدور

وجوداً وعدماً مع العلة التي دعت إلى تقريره ، لأن المرجع فى فض التنازع بين القوانين من حيث تطبيقها هو قصد الشارع الذى لا تجوز مصادرته فيه ، وكان من المقرر أنـه لا محل للاجتهاد إزاء صراحة نص القانون ، وإن النص العام يعمل به على عمومه ما لم يخصص بدليل ".

( الطعن رقم ٤٢٦ / ٢٠١٤ جزائى٢ جلسة ٢٠١٥/٤/٢٠ ) .

ولما كان من المقرر قانوناً إنـه طبقاً لنص المادة ٣٢ من الدستور والمادة ١٤من قانون الجزاء  أنه لا عقاب إلا على الأفعال اللاحقة لنفاذ القانون الذى ينص عليها، ولا يترتب عليها أثر فيما وقع قبلها وذلك طبقاً للقواعد الأساسية لمشروعية العقاب من أنه لا يجوز تأثيم الفعل بقانون لاحق، إذ أن القوانين الجنائية لا ينسحب أثرها إلى الأفعال التى لم تكن مؤثمـة قبل إصدارها .

ومن المقرر بقضاء التمييز أن " التفات الحكم عن الرد على الدفع القانونى ظاهر البطلان لا يعيبه "..

(الطعن/٦٨٣ /٢٠٠٥جزائى جلسة ٢٠٠٦/٤/٤ القسم الخامس المجلد الثالث عشر)

ولما كان ما تقدم ، ولما كانت النيابة العامة قدمت المتهمين الأولى والثانى بصحيفة الاتهام للمحاكمة الجزائية مبينا بها وصف التهم المنسوب صدورها إليهما  ومواد  الاتهام التى تطالب النيابة العامة بمعاقبتهما بموجبها ، وكان من ضمن هذه التهم المسندة للمتهمين الأولى والثانى ارتكاب المتهمة الأولى لجريمة غسل أموال مبلغ إجمالى ٢٠٨٩٠٠٠دينار كويتى " مليونين وتسعة آلاف وثمانون ألف دينار كويتى " ، واشتراك المتهم الثانى بطريقى الاتفاق والمساعدة مع المتهمة الأولى فى ارتكاب هذه الجريمة ، وكانت النيابة العامة تطلب عقاب المتهمين عن هذه التهمة المسندة إليهما بمقتضى نصوص المواد ١/١،٢ ، ٢، ٦، ٧من القانون رقم ٣٥لسنة ٢٠٠٢ فى شأن مكافحة غسل الأموال والذى تم إلغاءه ، ولم تطلب عقابهما بموجب القانون رقم ١٠٦ السنة٢٠١٣ فى شأن مكافحة غسل الأموال وتمويل الإرهاب ، ولما كان القانون رقم ١٠٦ السنة٢٠١٣ فى شأن مكافحة غسل الأموال وتمويل الإرهاب لا يعد قانوناً أصلح للمتهمين إذ أن نصوصه تضمنت عقوبة أشد عن التهمة المنسوبة للمتهمين من القانون السابق الملغى رقم ٣٥لسنة٢٠٠٢ ، ومن ثم فلا محل لإعماله وتطبيقه على التهمة المسندة للمتهمين سيما وأن واقعة غسل الأموال المنسوبة للمتهمين تمت فى ظل القانون رقم ٣لسنة٢٠٠٢ فى شأن مكافحة غسل الأموال الملغى  ، ولم تكن لها صفة

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧ ، ١٧١٩/٢٠١٤ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

الاستمرار، ومن ثم فإن ما ينعاه دفاع المتهمين الأولى والثانى بشأن الدفع بعدم دستورية المادة الثانية من القانون رقم ١٠٦ لسنة٢٠١٣ فى شان مكافحة غسل الأموال وتمويل الإرهاب دفعاً ظاهر الفساد حرياً بالاطراح تلتفت عنه المحكمة ومن ثم يكون هذا الدفع خليقاً بالرفض ، وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

وحيث إنه عن الدفع المبدى من دفاع المتهمين الأولى والثانى بوقف نظر الدعوى وإحالة الدفع بعدم دستورية الفقرة الأولى من المادة ٢٠ من القانون رقم ١لسنة١٩٩٣ فى شان حماية الأموال العامة للمحكمة الدستورية للفصل فى دستورية النص ،ولما كان من المقرر قانوناً بنص المادة الأولى من القانون رقم ١٤ لسنة ١٩٧٣ بإنشاء المحكمة الدستورية على أن " تنشأ محكمة دستورية تختص – دون غيرها – بتفسير النصوص الدستورية وبالفصل في المنازعات المتعلقة بدستورية القوانين والمراسيم بقوانين واللوائح .." والنص في المادة الرابعة منه على كيفية تحريك الدعوى أمام نلك المحكمة بأن ترفع المنازعات أمامها بإحدى الطريقتين الآتيين أ– بطلب من مجلس الأمة أو مجلس الوزراء ، ب– إذا رأت المحكمة أثناء نظر قضية من القضايا سواء من تلقاء نفسها أو بناء على دفع جدى تقدم به أحد أطراف النزاع أن الفصل في الدعوى يتوقف على الفصل في دستورية قانون أو مرسوم بقانون أو لائحة توقف نظر القضية وتحيل الامر إلى المحكمة الدستورية للفصل فيه" ، ومن ثم فإن الفقرة ب من المادة الرابعة سالفة البيان منحت محكمة الموضوع حال نظر الدعوى أمامها إذا دفع بعدم دستورية نص فى قانون أو لائحة أن تقدر مدى جدية الدفع فإذا رأت أنه غير جدى التفتت عنه واستمرت فى نظر الدعوى ، وكان من المقرر أن محكمة الموضوع وحدها هى الجهة المختصة بتقدير جدية الدفع بعدم الدستورية ، وكان مبدأ المساواة أمام القانون الذى يكفله الدستور الكويتى للمواطنين كافة مؤداه ألا تقر السلطة التشريعية أو التنفيذية تشريعاً يخل بالحماية القانونية المتكافئة للحقوق جميعاً وبمراعاة أن الحماية المتكافئة أمام القانون التى اعتد الدستور بها لا تتناول القانون بمفهوم مجرد وإنما بالنظر إلى أن القانون تعبير عن سياسة محددة أنشأتها أوضاع لها مشكلاتها وأنه تغيا بالنصوص التى ضمنها تحقيق أغراض بذواتها من خلال الوسائل التى حددها كما أن مبدأ المساواة ليس مبدأ تلقينياً جامداً ولا هو بقاعدة صماء تنبذ صور التمييز جميعها ولا بكامل الدقة الحسابية التى تقتضيها موازين العدل المطلق بين الأشياء فيجوز للسلطة التشريعية أن تتخذ ما تراه ملائماً من التدابير لتنظيم موضوع معين وأن تغاير من خلال هذا التنظيم وفقاً لمقاييس منطقية بين مراكز لا تتحد

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنائتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

معطياتها فى الأسس التى يقوم عليها ، لما كان ذلك وكانت جرائم المال العام لها آثار مدمرة وعواقب وخيمة لذا فقد حرص المشرع على تغليظ العقوبات والضرب بقسوة على كل يد تمتد للعبث بالمال العام لا سيما وأن الواجب الوطنى العام الذى نص به دستور البلاد فى المادة ١٧ منه على أن " للأموال العامة حرمة وحمايتها واجب على كل مواطن " ورغبة من المشرع فى الحفاظ على المال العام واسترداد الأموال محل جرائم المال العام بكل السبل فقد نص فى المادة ٢٠/١ من قانون حماية الأموال العامة رقم السنة١٩٩٣ على منع إعمال المادة ٨١ من قانون الجزاء الكويتى ما لم يبادر الجانى إلى رد الأموال المشار إليها قبل قفل باب المرافعة وعندئذ يجوز للمحكمة إعمال النص السابق إذ وجدت لذلك محلاً ، ومن ثم فإن نص المادة سالفة البيان جاء تماشياً مع نص المادة ١٧ من الدستور الكويتى ولم يتضمن ما يناقض مبدأ المساواة والمنصوص عليه في المادتين ٧، ٢٩ من الدستور ، ولم يغل يد القاضى عن تفريد العقوبة ومن ثم فإن ما يثيره دفاع المتهمين الأولى والثانى بشأن نص المادة ٢٠ من قانون حماية الأموال العامة من إخلالها بمبدأ المساواة وأنه يغل يد القاضى عن تفريد العقوبة غير سديد ويكون الدفع بعدم الدستورية غير جدى تلتفت عنه المحكمة ، ومن ثم يكون هذا الدفع خليقاً بالرفض ، وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

<u>وحيث إنـه الدفع المبدى من دفـاع المتهم الثالث بعدم جواز وعـدم قبول الدعـوى العموميـة</u> الماثلة تجاه المتهم الثالث وذلك لسابقة صدور قرار ضمنى بألا وجه لإقامة الدعوى العموميـة ضد وزير المواصلات / سالم مثبب الأذينة حيث صدر قرار لجنة التحقيق الخاصة بمحاكمـة الـوزراء  بتـاريخ ٢٠١٤/٩/١٧ فـى البـلاغ المقدم ضد الـوزير بحفظ البـلاغ نهائياً لانتفـاء المسئولية الجزائية وإنتفاء الجريمة وهو ما ينسحب بالتبعية على المتهم الثالث ،فلما كان من المقرر بقضاء التمييز  أن " عدم صدور قرار حفظ من النيابـة العامـة بالنسبة إلى متهم في جناية لا يفيد حفظها ولا مانع من رفعها عليه حال رفعها الدعوى على أحد المتهمين".

( الطعن ٤١/ ١٩٩٨ جزائى جلسة ١٩٩٨/١٢/٢٩ القسم الرابع  –المجلد السابع )

ومن المقرر بقضاء التمييز أن "  " الأمر الصادر بعدم وجود وجه لإقامة الدعوى الجزائيـة تأسيساً على أسباب عينية  –كعدم وقوع الجريمة أصلا أو أنها غير معاقب عليها  –يكتسب حجيتـه كـأحكام البراءة بالنسبة إلى جميع المساهمين فيها. أما إذا كـان مبنياً على أحـوال خاصـة بأحد المساهمين دون الآخرين. لا يحوز حجيته إلا في حق من صدر لصـالحه .

( الطعن ٣٣٦/ ٢٠١٢ جزائي جلسة ٢٠١٣/٧/٢١ )

ومن المقرر بقضاء التمييز أن " الاختصاص الولائي للجنة التحقيق الدائمة الخاصة بمحاكمة الوزراء ومن بعدها محكمة الوزراء  –شرطة: قيام اتهام ضد الوزير. توافره: بلاغ أو طلب مسبب من صاحب الصفة شاملاً كافة الوقائع المنسوبة إليه وتعيين اسم الوزير تعييناً نافياً للجهالة. طبيعة هذا الشرط: أنه قيد إجرائي" .

ومن المقرر أن " " لا يقوم الاتهام ضد الوزير حقيقة أو حكماً إلا إذا توافرت ضده أدلة كافية لمحاكمته أمام محكمة الوزراء مع الفاعلين الأصليين أو الشركاء ".

ومن المقرر أن " قرار لجنة التحقيق الخاصة بمحاكمة الوزراء بحفظ التحقيق لأسباب تحول دون السير في الدعوى. أثره: فك الارتباط بين التهم المنسوبة للوزير والتهم المنسوبة للمتهمين الآخرين. مثال بشأن حفظ لجنة التحقيق بالنسبة للوزير وإحالة النيابة العامة المتهمين الآخرين إلى محكمة الجنايات ".

( الطعن ٢٣٣٦/٢٠١٢ جزائي جلسة ٢٠١٣/٧/٢١ )

ومن المقرر بقضاء النقض المصرى أن "الأمر بألا وجه لإقامة الدعوى الجنائية و إن جاز أن يستفاد إستنتاجاً من تصرف أو إجراء آخر يدل عليه ، إلا أنه لا يصح أن يفترض أو يؤخذ فيه بالظن ".

(الطعن رقم ١٣٠٦ لسنة ٤٥ جلسة ١٩٧٦/١/٢٦س ٢٧ ص ١١٣ ق ٢٤ )

وحيث استقر ما تقدم وبالبناء عليه ، ولما كانت النيابة العامة قدمت المتهم الثالث بصحيفة الاتهام  للمحاكمة الجزائية مبينا بها وصف التهمة المنسوبه إليه ومادة الاتهام الذى تطالب بعقابه بموجبها ، وأرفق بها قائمة بأدلة الإثبات وبالتالي تكون اتصلت بالمحكمة اتصالا صحيحاً وبالطريق الذي رسمه القانون وينعقد الاختصاص لهذه المحكمة ولائياً بنظرها، ولما كان الاختصاص الولائى للجنة التحقيق الدائمة الخاصة بمحاكمة الوزراء ومن بعدها محكمة الوزراء بأي فاعلين أصليين أو شركاء مشروط بقيام الاتهام ضد الوزير ، ولا يقوم الاتهام ضد الوزير حقيقة أو حكماً إلا إذا توافرت ضده أدلة كافية تمهيداً لمحاكمته أمام المحكمة المختصة مع الفاعلين الأصليين أو الشركاء ، ولما كانت الثابت أن لجنة التحقيق الخاصة بمحاكمة الوزراء أصدرت القرار رقم ٧ لسنة ٢٠١٤ بجلسة ١ / ٩/ ٢٠١٤ بحفظ التحقيق في شأن الواقعة التي أثيرت ضد وزير المواصلات السابق / سالم مثيب الأذينة لانتفاء المسئولية الجزائية ، ومن ثم يترتب على هذا القرار فك أى ارتباط بين التهمة المنسوبة للوزير – إن وجد وزير التهمة المنسوبة للمتهم الثالث ، ولما كان قرار حفظ لجنة التحقيق الخاصة بمحاكمة

الحكم رقم ١٢/١٤٩٦ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمي ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١ /٢٠١٩ جنايات ٣/

للوزراء للواقعة التى أثيرت قبل الوزير / سالم مثيب الأذينة لم يذكر فيه شيئاً عن دور المتهم الثالث فى الواقعة المبلغ عنها كفاعل أصلى أو شريك فيها فلم يرد اسمه فى قرار الحفظ  ومن ثم فلا ينصرف أثر هذا القرار للمتهم الثالث إذ أن حفظ الواقعة قبل الوزير لا ينطوى على أمر ضمنى بألا وجه لإقامة الدعوى الجنائية قبل المتهم الثالث يحول دون تحريك الدعوى الجزائية قبله ومن ثم يحق للنيابة العامة التحقيق فى الواقعة المنسوبة للمتهم الثالث ،ورفع الدعوى الجنائية ضده ومن ثم يكون هذا الدفع فى غير محله ترفضه المحكمة وتكتفى المحكمة بإيراد ذلك بالأسباب دون المنطوق .

وحيث إنه عن التهمة المسندة للمتهم الثالث ، فلما كان من المقرر فى قضاء التمييز أن " لمحكمة الموضوع أن تكون عقيدتها مما تطمئن إليه من أدلـه وعناصـر فـى الـدعوى وأن تأخـذ مـن أيـة قرينـة أو بينـة ترتـاح إليهـا دليـلاً لحكمهـا إذ العبـرة فـى المواد الجزائيـة هـى باقتنـاع المحكمة بناء على الأدلة المطروحة بإدانة المتهم أو بيزاءته ".

(الطعن رقم ١٩٩٦/١٠١ جزائى – جلسه ١٩٩٧/١/١٢)

ومن  المقرر فى قضاء التمييز أن " يكفى فى المحاكمات الجزائية أن يتشكك القاضى  فى صحة إسناد الاتهام إلى المتهم لكى تقضى لـه بالبراءة  ، إذ مرجح الأمر فى ذلك إلى مـا تطمئن إليه فى تقدير الدليل مادام الظاهر من الحكم ، أنه أحاط بالدعوى عن بصر وبصيرة ، وكانت مدونات الحكم – على نحو مـا سلف – تكشـف عـن أن المحكمـة لـم تقـض بـالبراءة ألا بعد أن ألمت بظروف الدعوى ومحصت الأدلة التى قام الاتهام عليها على نحو ينبئ عن أنها فطنت أليها وقامت بما ينبغى عليها من تدقيق البحـث ، ثـم أفصحت عن عدم اطمئنانها إلى أدلة الثبوت للأسباب السائغة التى أوردتها فى حكمها " .

( الطعن رقم ٢٠٠٥/٥٢٨ جزائى – جلسة ٢٠٠٦/٤/١١ )

وكما أن من المقرر  بقضاء محكمة التمييز أن "العبرة فى المحاكمات الجزائيـة هـى باقتنـاع القاضى بناء على الأدلة المطروحة عليه بإدانة المتهم أو بيراءته ولا يصح مطالبتـه بالأخـذ بـدليل دون أخر ، وأنـه يكفى فى المحاكمات الجزائيـة أن يتشكك القاضى فى صحة إسناد التهمة إلى المتهم لكى يقضى له بالبراءة إذ ملاك الأمر فى ذلك إلى مـا يطمئن إليه ووجدانـه فى تقدير الدليل مادام الحكم يشتمل على مـا يفيد أن المحكمـة محصت الدعوى وأحاطت بظروفها وبأدلة الثبوت التى قام عليها الاتهام عن بصر وبصيرة ووازنت بينها وبين أدلة النفى

١٩٠

الحكم رقم ١٤٩٢/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمي ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١، ٢٠١٩/١١ جنايات ٣/

فرجحت دفاع المتهم أو داخلتها الريبة في صحة عناصر الإثبات ولا يصح النعي عليها أنها قضت بالبراءة بناء على احتمال ترجح لديها بدعوى قيام احتمالات قد تصح لدى غيرها" .

(الطعن رقم ٩٦/١١٨٠ جزائي جلسة ١٩٩٦/١٢/١٦)

(الطعن رقم ٢٠٠٢/٣٤٧ جزائي جلسة ٢٠٠٣/٩/٩ )

ومن المقرر بقضاء التمييز أن " جريمة إضرار الموظف بمصلحة الدولة أو إحدى الهيئات العامة المكلف بالمحافظة عليها في صفقة أو عملية أو قضية ليحصل على ربح لنفسه أو لغيره المنصوص عليها بالمادة ١١ من القانون رقم ١ لسنة ١٩٩٣ فى شأن حماية الأموال العامة تتحقق متى كان الجاني موظفاً عاماً أو مستخدماً كلف بالمحافظة على مصلحة الدولة أو إحدى الهيئات العامة في صفقة أو عملية أو قضية وأضر بهذه المصلحة في سبيل الحصول على ربح لنفسه أو لغيره، والقصد الجنائي في هذه الجريمة يتوافر بإتجاه إرادة الجاني إلى الإضرار بالمصلحة المعهودة إليه ليحصل من وراء ذلك على ربح لنفسه أو لغيره".

( الطعن رقم ٢٠٠٨/٨٨ جزائي جلسة ٢٠٠٩/١/٢٧ )

ومن المقرر بقضاء التمييز أن " العبرة في المحاكمات الجزائية هي باقتناع القاضي بناءً على الأدلة المطروحة عليه بإدانة المتهم أو ببراءته، وأن لمحكمة الموضوع أن تكون عقيدتها مما تطمئن إليه من أدلة وعناصر الدعوى، وأن تأخذ من أي بينة أو قرينة ترتاح إليها دليلاً لحكمها، ولها أن تستخلص – من أقوال الشهود وسائر العناصر المطروحة أمامها على بساط البحث – الصورة الصحيحة لواقعة الدعوى حسبما يؤدى إليها اقتناعها، وأن تطرح ما يخالفها من صور أخرى لم تقتنع بها ما دام استخلاصها سائغًا مستندًا إلى أدلة مقبولة في العقل والمنطق ولها أصلها الثابت في الأوراق، وأن وزن أقوال الشهود والتعويل عليها – مهما وُجه إليها من مطاعن وحام حولها من شبهات – مرجعه إلى محكمة الموضوع، تنزلها المنزلة التي تراها وتقدرها التقدير الذي تطمئن إليه بغير معقب، وأنها متى أخذت بأقوال شاهد، فإن ذلك يفيد إطراحها لجميع الاعتبارات التي ساقها الدفاع لحملها على عدم الأخذ بها".

(الطعن رقم ٧١٤ لسنة ٢٠٠٩ جزائي جلسة ٢٠١٠/١٢/١٤)

ومن المقرر بقضاء التمييز أن " من حق محكمة الموضوع أن تجزئ شهادة الشاهد فتأخذ بما تطمئن إليه منها وتطرح ما عداه لتعلق ذلك بسلطتها في تقدير أدلة الدعوى" .

( الطعن رقم ٢٠١٥/٢٥١ جزائى ١/ جلسة ٢٠١٧/١/١٥ )

ومن المقرر أيضاً أن " الحكم بالإدانة يجب أن يبنى على الجزم واليقين الذي يثبته الدليل المعتبر ولا يؤسس على الظن والاحتمال وكان من اللازم في أصول الاستدلال أن يكون الدليل الذي يعول عليه الحكم مؤدياً إلى ما رتبه عليه من غير تعسف في الاستنتاج ولا يتنافر مع حكم العقل والمنطق " .

(الطعن رقم ١١٤ لسنة ٢٠١٦ جزائي/ ٢جلسة ٢٠١٦/١١/٢٨)

ومن المقرر بقضاء التمييز أن " لما كانت المحكمة لا تلتزم في حالة القضاء بالبراءة بالرد على كل دليل من أدلة الاتهام مادامت قد داخلتها الريبة في عناصر الإثبات " .

(الطعن ٢٠٠١/٥٨٩ جزائي جلسة ٢٠٠٣/١/٢٨)

وحيث إنه بالبناء على ما تقدم وهدياً به  ، وكانت المحكمة بإستقرائها لوقائع الدعوى وظروفها وملابساتها وإحاطتها بها وبأدلة الثبوت التي قام عليها الاتهام عن بصر وبصيرة ووازنت بينها وبين أدلة النفي فإنها لا تساير النيابة العامة فيما ذهبت إليه من إسناد الاتهام إلى المتهم  الثالث ذلك أن الأدلة التي ساقتها وارتكنت إليها في إثبات الاتهام في حقه تحوطها ظلال كثيفة من الشك والريبة إذ خلت الأوراق من دليل يقيني تطمئن إليه المحكمة يقطع بارتكاب المتهم للواقعة ،وآية ذلك ودليله ما شهد به / شعلان عبيد حواس الشمرى – مدير الإدارة القانونية بمؤسسة الموانئ الكويتية بتحقيقات النيابة العامة – بأن مؤسسة الموانئ الكويتية ساهمت بتاريخ ٢٠١٠/٧/١٤ فى رأس مال صندوق الموانئ الاستثمارى الذى أنشأته شركة كى جى إل للاستثمار بمبلغ ٥٠ مليون دولار أمريكى " خمسون مليون دولار أمريكى" وهو ما يمثل ٣٥% من أموال الصندوق بعد أن حصلت المؤسسة على الموافقات اللازمة من الجهات المختصة وإستوفت الإجراءات والأوضاع التى رسمها القانون فى هذا الشأن حيث عرض أمر مساهمة مؤسسة الموانئ فى الصندوق على مجلس إدارة المؤسسة والذى أحاله للجنة التنفيذية المنبثقة والمفوضة من مجلس الإدارة والمشكلة من المتهم الثالث رئيساً للجنة ، وعضوية  كلاً من /عصام محمد البحر ، وعصام أحمد البدر ، ومنصور محمود حياة ، وإجتمعت هذه اللجنة التنفيذية بتاريخ ٢٠٠٩/١٢/١٧ الاجتماع رقم ٢٠٠٩/٦ وقررت تشكيل فريق لدراسة عملية المشاركة فى صندوق الموانئ وقد تم تشكيل فريق العمل من/ منصور محمود حياة ، وعصام أحمد البدر ، وعبدالله بدر الشمالى وقام فريق العمل بمباشرة مهمته بأن قام بإستدعاء ممثل شركة الشال للاستشارات الاقتصادية وممثل عن شركة كى جى إل للاستثمار لتوضيح بعض النقاط المتعلقة بالصندوق حيث أفاد ممثل شركة

الشمال فى الاجتماع الذى عقد لهذا الغرض بتاريخ ٢٠٠٩/١٢/٢١ بأنه تم الإطلاع على المستندات وتقارير مدقق الحسابات وتبين أن رأس مال الصندوق مدفوع بالكامل وأن هناك فرص جيدة للاستثمار بمراعاة أهمية التنويع للاستثمارات المحلية وأن الصندوق لديه دعم من المؤسسات الكبيرة مثل مؤسسة التأمينات الاجتماعية وهيئة الخليج للاستثمار وأن مدير الصندوق مستثمر بنسبة ٢٠% من رأس المال ويأن الصندوق ذو مخاطر محدودة بالنسبة للصناديق الاستثمارية الأخرى ، وأن الاستثمارات فى الصندوق جيدة وارتفاع العائد على الأموال المستثمرة فى الصندوق وأن إيجابيات الاستثمار فى الصندوق عديدة وأهمها أن الصندوق ليس لديه أية التزامات مالية خارجية ، كما استمع فريق العمل إلى ممثل الصندوق من شركة كى جى إل ٍ للاستثمار عن الفرص الاستثمارية المستهدفة فى الصندوق وبين أنه سوف يتم الاستثمار فى مشروع ميناء دمياط  بجمهورية مصر العربية  ، وشركة أم بى سى و شركة NEGROS بالفلبين و شركة جلوبال جيتواى بالفلبين ، كما استمع فريق العمل إلى ممثل مكتب التدقيق بى كى أف وشركاه وشرح تفصيلى منه حول الصندوق ومميزاته وبناء على ما سبق فقد رفع فريق العمل توصية بالموافقة على مشاركة مؤسسة الموانئ فى استثمار الصندوق بمبلغ خمسين مليون دولار أمريكى ، وقد عرضت هذه التوصية على اللجنة التنفيذية سالفة الذكر فى اجتماعها ووافقت على هذه التوصية بدورها ثم قامت برفع الأمر لمجلس إدارة مؤسسة الموانئ والذى قرر مشاركة المؤسسة بهذا المبلغ فى الصندوق ثم رفع الأمر لمجلس الوزراء بوصفه الجهة المختصة وأطلع مجلس الوزراء فى اجتماعه رقم ٢٠١٠/٢٢ بتاريخ ٢٠١٠/٦/١٣ على توصية مجلس إدارة المؤسسة وأصدر قراره رقم ٩٠٣ التالى نصه " أحيط المجلس علماً بالإجراءات التى اتخذتها مؤسسة الموانئ فى شأن توجه المؤسسة نحو الاستثمار فى صندوق الموانئ الاستثمارى فى إدارة عمل الموانئ والأعمال المرتبطة بها على أن يتم الالتزام بإتباع كافة الإجراءات القانونية اللازمة فى هذا الشأن واستيفاء كافة الموافقات المطلوبة لدى الجهات الرقابية وذلك حسبما جاء بكتاب الأمانة العامة لمجلس الوزراء ، ثم عقب ذلك تم مخاطبة الفتوى والتشريع عدة مرات للحصول على موافقتها وتم إرسال مسودة العقد لإدارة الفتوى للتشريع وقامت بمراجعته وإبداء ملاحظاته عليه والتى تم أخذها بعين الاعتبار من قبل المؤسسة وبعد استيفاء جميع الشروط والملاحظات أصدرت الإدارة الفتوى والتشريع كتابها بالموافقة على تعاقد مؤسسة الموانئ الكويتية مع شركة كى جى إل للاستثمار بشرط الحصول على موافقة ديوان المحاسبة على التعاقد قبل إبرام العقد ،

١٩٣

ويمخاطبة ديوان المحاسبة مرتين أفاد بكتابين صادرين منه بعدم اختصاصه فى ذلك الشأن وأنه سيقوم بدوره الرقابى اللاحق على ما تم إتخاذه من إجراء فى هذا الشأن من قبل المؤسسة ومراجعة العقد بعد إبرامه ، وعلى أثر ذلك تم إبرام  العقد المؤرخ فى ٢٠١٠/٧/١٤ والمحرر بين مؤسسة الموانئ الكويتية ويمثلها نائب رئيس مجلس إدارة المؤسسة المتهم الثالث / محمد عبدالمحسن عبداللطيف العصفور وبين شركة كى جى إل للاستثمار ويمثلها / يعقوب عبدالله الوزان رئيس مجلس إدارتها ،  ونفاذاً لهذا العقد فقد أودعت مؤسسة الموانئ المبلغ أنف البيان فى حسابات الصندوق ، ثم بعد ذلك وافقت اللجنة التنفيذية المنبثقة من مجلس الإدارة فى اجتماعها رقم ٢٠١٢/٣ بتاريخ ٢٠١٢/٣/١٤ على زيادة رأس مال المؤسسة بهذا الصندوق بمبلغ ٣٥ مليون دولار أمريكى على أن يعرض الأمر على مجلس الوزراء للنظر فيه والأمر بما يلزم وقد صدق مجلس إدارة المؤسسة فى اجتماعه رقم ٢٠١٢/٣ بتاريخ ٢٠١٢/٥/١٧ على محضر اللجنة التنفيذية سالف البيان ويعرض الأمر على مجلس الوزراء صدر قراره رقم ٢٦٥فى الاجتماع رقم ٢٠١٣/٩ بتاريخ ٢٠١٣/٢/١٨ بالموافقة على زيادة رأس مال المؤسسة بمبلغ خمسة وثلاثين مليون دولار أمريكى فى صندوق الموانئ الاستثمارى ، فأصبحت مساهمة مؤسسة الموانئ الكويتية فى الصندوق بما يمثل ٨١و٤٢% من أموال الصندوق ، وما ثبت من إطلاع المحكمة على كتاب الأمين العام لمجلس الوزراء والذى تضمن بأن مجلس الوزراء أطلع فى اجتماعه رقم ٢٠١٠/٢٢ بتاريخ ٢٠١٠/٦/١٣ على توصية مجلس إدارة المؤسسة وأصدر قراره رقم ٩٠٣ التالى نصه " أحيط المجلس علماً بالإجراءات التى اتخذتها مؤسسة الموانئ فى شأن توجه المؤسسة نحو الاستثمار فى صندوق الموانئ الاستثمارى فى إدارة عمل الموانئ والأعمال المرتبطة بها على أن يتم الالتزام بإتباع كافة الإجراءات القانونية اللازمة فى هذا الشأن واستيفاء كافة الموافقات المطلوبة لدى الجهات الرقابية " ، وكان الثابت  للمحكمة أن مؤسسة الموانئ الكويتية طلبت رأى الفتوى والتشريع حول مدى إمكانية قيام المؤسسة بالاستثمار فى صندوق الموانئ الاستثمارى وأرسلت  صورة مشروع العقد لإدارة الفتوى للتشريع حتى يتسنى اتخاذ ما يلزم لإتمام التعاقد حسبما هو ثابت من كتاب مدير عام مؤسسة الموانئ لرئيس إدارة الفتوى والتشريع وأن مؤسسة الموانئ طلبت رأى ديوان المحاسبة حول مدى إمكانية قيام المؤسسة بالاستثمار فى صندوق الموانئ الاستثمارى وفقاً لكتابها المرسل لوكيل ديوان المحاسبة المؤرخ ، وأن إدارة  الفتوى والتشريع أفادت بجواز اكتتاب مؤسسة الموانئ الكويتية فى

صندوق الموانئ الاستثمارى الذى أنشأته شركة كى جى إل للاستثمار وفقاً لكتابها المرسل لمدير عام مؤسسة الموانئ الكويتية ، وأن مؤسسة الموانئ أرسلت صورة من مشروع عقد مشاركة مؤسسة الموانئ الكويتية فى صندوق الموانئ الاستثمارى الذى أنشأته شركة كى جى إل للاستثمار لإدارة الفتوى والتشريع وذلك لمراجعته من الناحية القانونية حتى يتسنى استكمال ما يلزم من إجراءات لإتمام التعاقد بناء عليه وفقاً للقانون وذلك وفقاً لكتاب مدير عام المؤسسة لرئيس إدارة الفتوى والتشريع والمؤرخ ٢٠١٠/٦/١٦ ، وأن إدارة الفتوى والتشريع أبدت بعض الملاحظات على مشروع العقد المرسل لها وفقاً لكتابها المرسل لمدير عام المؤسسة والمؤرخ ٢٠١٠/٦/٢١ ، ولم يكن من بين هذه الملاحظات الالتزامات المترتبة على مؤسسة الموانئ والحقوق الناشئة لها نتيجة اعتبارالمؤسسة مشاركاً فى الصندوق منذ تاريخ إنشائه فى عام ٢٠٠٧ ، وأن مؤسسة الموانئ الكويتية طلبت من إدارة الفتوى والتشريع إعادة النظر فى الملاحظات المشار إليها  وفقاً لكتابها المرسل لرئيس إدارة الفتوى والتشريع والمؤرخ ٢٠١٠/٦/٢٢ ، وأن إدارة الفتوى والتشريع أفادت مؤسسة الموانئ بأنها  إذا رأت المؤسسة عدم الأخذ ببعض الملاحظات التى أبدتها هذه الإدارة فى كتابها السابق فإن هذا يدخل فى نطاق سلطتها التقديرية وفى حدود مسئولياتها عن إدارة مرفق الموانئ والإشراف عليه وللاعتبارات التى تقدرها حسب طبيعة التعاقد وذلك وفقاً  لكتابها المرسل لمدير عام المؤسسة والمؤرخ ٢٠١٠/٦/٢٤ ، وأن ديوان المحاسبة أفاد مؤسسة الموانئ بأن طلب إبداء الرأى يخرج عن نطاق الاختصاصات المخولة لديوان المحاسبة المنصوص عليها فى قانون إنشائه رقم ٣٠لسنة ١٩٦٤ وتعديلاته وأن الديوان سوف يقوم بدوره الرقابى اللاحق على ما ينفذ  وفقاً لكتاب ديوان المحاسبة  المرسل لمدير عام مؤسسة الموانئ الكويتية والمؤرخ ٢٠١٠/٧/١٢ ، وأنه عملاً بأحكام قرار وزير المواصلات – رئيس مجلس إدارة مؤسسة الموانئ الكويتية رقم م م ك / و/٨-٢٠١٠ بتاريخ ٢٠١٠/٧/١٣ فيما تضمنه من تفويض نائب رئيس مجلس إدارة المؤسسة فى توقيع العقود التى ترتبط بها المؤسسة مع الغير ، وكذا توقيع كتب التحويلات المالية من المؤسسة إلى البنوك خصماً من أرصدة حساباتها فقد طالبت المؤسسة المتهم الثالث نائب رئيس مجلس الإدارة بموجب كتابها رقم  م م ك ١/٣٠٠٠ بتاريخ ٢٠١٠/٧/١٣ وأرفقت  به نسختين أصليتين من عقد اكتتاب ومشاركة المؤسسة فى الصندوق المشار إليه ، وكذا كتاب تحويل المبلغ المكتتب فيه إلى حساب ذلك الصندوق فقام المتهم الثالث بالتوقيع على العقد بتاريخ ٢٠١٠/٧/١٤ ، ومما شهد به /حمد أحمد حمد

١٩٥

العليان – عضو ديوان المحاسبة – معد تقرير الفحص – بتحقيقات النيابة العامة – من أن مساهمة مؤسسة الموانئ الكويتية فى صندوق الموانئ الاستثمارى بأثر رجعى منذ عام ٢٠٠٧ لا من تاريخ المساهمة الفعلية فى يوليو ٢٠١٠ أدت إلى احتساب أرباح دفترية للمؤسسة بأثر رجعى عن السنوات ٢٠٠٧، ٢٠٠٨، ٢٠٠٩، ٢٠١٠ ، فضلاً عن اعتصام المتهم الثالث بالإنكار بالتحقيقات وأمام المحكمة ، ومما تقدم تستخلص المحكمة أن مؤسسة الموانئ الكويتية ساهمت بتاريخ ٢٠١٠/٧/١٤ فى رأس مال صندوق الموانئ الاستثمارى بعد أن حصلت المؤسسة على الموافقات اللازمة من الجهات المختصة وإستوفت الإجراءات والأوضاع التى رسمها القانون فى هذا الشأن وأنها أرسلت مشروع العقد لإدارة الفتوى والتشريع وقامت بمراجعته وإبداء ملاحظاتها عليه والتى تم أخذها بعين الاعتبار من قبل المؤسسة ويعد استيفاءها هذه الملاحظات أصدرت إدارة الفتوى والتشريع كتابها بالموافقة على تعاقد مؤسسة الموانئ الكويتية مع شركة كى جى إل للاستثمار ، وأن أرباح مساهمة مؤسسة الموانئ الكويتية فى صندوق الموانئ الاستثمارى تم احتسابها دفترية بأثر رجعى منذ عام ٢٠٠٧ ، ومن ثم فإن الأوراق قد خلت من الدليل اليقينى على انصراف إرادة المتهم الثالث إلى إلحاق الضرر بأموال ومصالح الجهة التى يعمل بها ليحصل غيره على ربح ،سيما وأن المتهم الثالث لم يوقع على العقد من تلقاء نفسه وإنما وقع بعد أخذ الموافقات اللازمة من الجهات سالفة الذكر على النحو المشار إليه بعاليه والذى بينته المحكمة سلفاً ، الأمر الذي تتشكك معه المحكمة في صحة إسناد هذا الاتهام للمتهم الثالث وتقضي المحكمة ببراءته مما أسند إليه من اتهام عملاً بنص المادة ١/١٧٢ من قانون الإجراءات والمحاكمات الجزائية وذلك علي النحو الوارد بالمنطوق .

وحيث إنه من المقرر بقضاء التمييز أن " لمحكمة الموضوع أن تكون عقيدتها مما تطمئن إليه من أدله وعناصر في الدعوى وأن تأخذ من أية قرينه أو بينة ترتاح إليها دليلاً لحكمها إذ العبرة في المواد الجزائية هي باقتناع المحكمة بناء على الأدلة المطروحة بإدانة المتهم أو ببراءته " .

(الطعن ٧٤ لسنة ٢٠١٧ جزائي/٢ جلسة ٢٠١٨/٧/١٦)

ومن المقرر بقضاء محكمة التمييز أن "العبرة في المحاكمات الجزائية هي باقتناع القاضي بناء على الأدلة المطروحة عليه بإدانة المتهم أو ببراءته ولا يصح مطالبته بالأخذ بدليل دون آخر ، وأنه يكفي في المحاكمات الجزائية أن يتشكك القاضي في صحة إسناد التهمة إلى

المتهم لكي يقضي لـه بالبراءة إذ مـلاك الأمر في ذلك إلـى مـا يطمئن إليـه وجدانـه في تقدير الدليل مادام الحكم يشتمل على ما يفيد أن المحكمة محصت الدعوى وأحاطت بظروفها وبأدلـة الثبوت التي قام عليها الاتهام عن بصر وبصيرة ووازنت بينها وبين أدلـة النفي فرجحت دفـاع المتهم أو داخلتها الريبة في صحة عناصر الإثبات ولا يصح النعي عليها أنها قضت بالبراءة بناء على احتمال ترجح لديها بدعوى قيام احتمالات قد تصح لدى غيرها" .

(الطعن رقم برقم ٩٨٢ لسنة ٢٠١٦ جزائي جلسة ٢٠١٧/٧/١٦).

ومن المقرر بقضاء التمييز أن " جريمة تسهيل الاستيلاء بغير حق على مال عام المنصوص عليها فى المادة العاشرة من القانون رقم ١ لسنة ١٩٩٣ بشان حمايـة الأموال العامـة تتحقق بكل فعل يقوم بـه الموظف العام او من فى حكمه من شانـه أن يسهل للغير الحصول على أموال أو أوراق أو امتعة أو غيرها ويعتبر الموظف العام فاعلاً أصلياً فى هذه الجريمة الخاصة باعتباره المسئول عن وقوعها إذ لـولا نشاطه الاجرامى لمـا استولى الغير على المـال العـام ويصبح الغير شريكا معه فى تلك الجريمة ويتعين فى استيلاء الغير أن يتم بغير حق أى بالإلتجاء فى ذلك إلى غير الطريق الذى تنص عليه القوانين واللوائح " .

(الطعن بالتمييز رقم ٢٠٠٤/١٨٣ جزائي جلسة ٢٠٠٥/٢/١)

وحيث إنه من المقرر بقضاء محكمة التمييز أن " يشترط لتوافر القصد الجنائي في جريمة الاستيلاء بغير حق علي مال عام أن تتجه أرادة الجاني إلي الاستيلاء علي المال العام بنية تملكه وأضاعته علي ربه مع علمه بأن هذا الاستيلاء أنما يتم بغير حق ، وأن لمحكمة الموضوع استخلاص توافر هذا القصد أو انتفائه من أدلة الدعوى وعناصرها المختلفة متى كان استخلاصها سائغا تؤدي إليه ظروف الدعوى وأدلتها وقرائن الأحوال فيها وأن تكون قد ألمت بها ألماما تماما " .

(الطعن رقم ٢٠٠٢/١٢١ جزائي  – جلسه ٢٠٠٣/٢/٤)

وأن تـوافر القصد الجنائي فى الجريمة أو عدم توافره هو من مسائل الواقع التي تستقل محكمـة الموضوع بالفصل فيها بغير معقب مادامت تقيم قضائها على أسباب سائغة " .

( الطعن رقم ٧ لسنة ١٩٩٣ . جلسة ١٩٩٣/٦/١٤ )

ومن المقرر أن " الأصل فـي المحاكمـات الجزائيـة هـو اقتنـاع القاضـي بنـاء على الأدلـة المطروحة علـيه فلـه أن يكون عقيدته من أي دليل أو قرينة يرتـاح إليها إلا إذا قيده القانون بدليل معين ينص عليه " .

ومن المقرر أن "لمحكمة الموضوع أن تستخلص من أقوال الشهود وسائر العناصر المطروحة على بساط البحث الصورة الصحيحة لواقعة الدعوى حسبما يؤدى إليه اقتناعها وأن تطرح ما يُخالفها من صور أخرى لم تقتنع بها مادام استخلاصها سائغاً مستنداً إلى أدلة مقبولة في العقل والمنطق ولها أصلها الثابت في الأوراق ، كما أن لها وزن أقوال الشهود وتقديرها بغير معقب وهى متى أخذت بشهادتهم فإن ذلك يُفيد إطراحها جميع الإعتبارات التي ساقها الدفاع لحملها على عدم الأخذ بها ، وكان تناقض الشاهد وتضاربه في أقوالـه أو مـع أقوال غيره مـن الشـهود لا يعيب الحكم مادامت المحكمـة قد استخلصت الحقيقة من تلك الأقوال استخلاصاً سائغاً لا تناقض فيه ".

((الطعن رقم ١١١٣ لسنة ٢٠١٥ جزائي/١. جلسة ٢٠١٧/٩/٢٤

ومن المقرر بقضاء التمييز أن " من حق محكمة الموضوع أن تجزئ شهادة الشاهد فتأخذ بما تطمئن إليه منها وتطرح ما عداه لتعلق ذلك بسلطتها في تقدير أدلة الدعوى".

( الطعن رقم ٢٠١٥/٢٥١ جزائى / ١ جلسة ١٥/ ٢٠١٧/١/١٥ )

و من المقرر أن" تقدير أراء الخبراء والفصل فيما يوجه إلى تقاريرهم من مطاعن مرجعه إلى محكمة الموضوع التي لها كامل الحرية في تقدير القوة التدليلية لتقرير الخبير شأنه في ذلك شأن سـائر الأدلة ، فلها مطلق الحرية في الأخذ بما تطمئن إليه منها مادامت تـؤدي إلى النتيجة التي انتهت إليها ولا يجوز مصادرتها في هذا التقدير ، كما أن لها الجزم بما لم يجزم به الخبير في تقريره غير ملزمة بالرد على الطعون الموجهة إلى أراء الخبراء مادامت قد أخذت بما جاء فيها لأن مؤدى ذلك أنها لم تجد في تلك الطعون ما يستحق الرد ، وكان لمحكمة الموضوع أن تفاضل بين أراء الخبراء وتأخذ بما تراه منها وتطرح ماعداه لتعلق ذلك بسلطتها في تقديرالدليل ".

( الطعن رقم ٤٦٢/ ٢٠١٤ جزائي/١.جلسة ٢٠١٦/١١/٢٠ )

ومن المقرر أن "الأحكام الجزائية يجب أن تبنى على الجزم واليقين من الواقع الذي يثبتـه الدليل المعتبر، ولا يؤسس على الظن والاحتمال والاعتبارات المجردة وكان من اللازم في أصول الاستدلال أن يكون الدليل الذي يعول عليه الحكم مؤدياً إلى ما رتبـه عليه من غير تعسف في الاستنتاج ولا يتنافر مع حكم العقل والمنطق ".

(الطعن ٦٣٥ / ٢٠١٨ جزائي٢.جلسة ٢٠١٨/١/٢٩)

ومن المقرر بقضاء التمييز أن " لما كانت المحكمة لا تلتزم في حالة القضاء بالبراءة بالرد على كل دليل من أدلة الاتهام مادامت قد داخلتها الريبة في عناصر الإثبات ".

(الطعن ٢٠٠٥/٥٢٨ جزائي جلسة ٢٠٠٦/٤/١١)

<u>وحيث إنه عن التهمة الأولى المسندة للمتهمة الأولى</u> ، وكانت المحكمة باستقرائها لوقائع الدعوى وظروفها وملابساتها وإحاطتها بها ويأدلة الثبوت التي قام عليها الاتهام عن بصر وبصيرة ووازنت وبينها وبين أدلة النفي فإنها لا تساير النيابة العامة فيما ذهبت إليه من إسناد هذا الاتهام إلى المتهمة الأولى ذلك أن الأدلة التي ساقتها وارتكنت إليها في إثبات الاتهام في حقها تحوطها ظلال كثيفة من الشك والريبة إذ خلت الأوراق من دليل يقيني تطمئن إليه المحكمة يقطع بارتكاب المتهمة الأولى لتلك الواقعة ، وآية ذلك ودليلها ما ثبت من إطلاع المحكمة على التقرير المالى بشأن المعاملات المالية الصادر عن شركة بيكر تلى للاستشارات ذ م م ومرفقاته  والثابت به أنه بالنسبة للمعاملة المالية موضوع الاتهام الأول فإن المبلغ المذكور فى تقرير الاتهام يتكون من أربع مجموعات من المبالغ المستحقة للمتهمة الأولى من حسابات الصندوق وهى المجموعة الأولى مبلغ ٩٩٠٠٠دينار كويتى وهى رواتب مستحقة بصفتها عضو مجلس إدارة فى شركة Port LINK GP LTD – الشريك العام والتى ينحصر عملها بتولى المسئولية الأساسية لأعمال وشئون إدارة الصندوق عن الفترة من يوليو ٢٠٠٨ وحتى ديسمبر ٢٠١٤ باستثناء ١٢ شهر خلال السنة المالية ٢٠١٠ بإجمالى ٦٦ شهر وبواقع ١٥٠٠دينار كويتى لكل شهر. إذ أن شركة Port LINK GP LTD هى شركة تم تأسيسها فى جزر كايمان ولأغراض أعمال وشئون إدارة الصندوق بموجب عقد التأسيس المسجل بتاريخ ٢٠٠٧/٣/٨ حيث نصت المادة ٧٨ من عقد تأسيس شركة Port LINK GP LTD على أن يتم تحديد رواتب مجلس إدارة الشركة بموجب قرار يعتمد من اعضاء مجلس إدارة الشريك العام وقد تم تشكيل مجلس الإدارة فى أبريل عام ٢٠٠٧ ليضم المتهمين الأولى والثانى ، والدكتور / مهدى الجزاف عضواً وقد أصدر مجلس الإدارة قراراً بموافقة جميع أعضائه بتحديد رواتب أعضاء مجلس الإدارة بتاريخ ٢٧ نوفمبر ٢٠٠٧ واستحقاق كل عضو مبلغ ١٥٠٠ دينار كويتى شهرياً وأنه قد تم تأجيل سداد الرواتب لأعضاء مجلس الإدارة وانه فى غضون الفترة من ٢٠١٠ حتى ٢٠١٤ تم تحويل عدة مبالغ للمتهمة الأولى من مستحقاتها بإجمالى مبلغ ٩٩ ألف دينار كويتى ، والمجموعة الثانية مبلغ ٣٥ ألف دينار كويتى وهى مخصصات حضور مستحقة عن حضور عدد ٥ اجتماعات المجلس الاستشارى

١٩٩

للصندوق خلال الفترة من ٢٠١٠ إلى ٢٠١٤ حيث أنه طبقاً لنشرة الاكتتاب الأولى الصادرة فى أبريل ٢٠٠٧ صفحة ١٠٣ فقد منح الشريك العام الحق فى تشكيل المجلس الاستشارى للصندوق وقد تم الموافقة على شروط الاكتتاب بموجب اتفاقية الشراكة المحدودة المعدلة والموقعة من كافة المكتتبين فى حينه حيث أقرت نشرة الاكتتاب ص ١١٣ أن الصندوق يتحمل كافة المصروفات المتعلقة بأنشطة واستثمارات ومصروفات الشريك العام للصندوق ، ويعد الاكتتاب التكميلى الأول والثانى تم إعادة تشكيل المجلس الاستشارى بموجب قرار الشريك العام ليضم المتهم الثانى رئيسا والمتهمة الأولى عضواً من ضمن الأعضاء ، ويعد الاكتتاب التكميلى الأول تم اعتماد مكافآت ومستحقات أعضاء المجلس الاستشارى بموجب قرار المجلس الاستشارى والذى نص على استحقاق الرئيس مخصصات حضور بقيمة ٧٠٠٠ دينار كويتى عن كل اجتماع بحد أقصى اجتماعين فى السنة ، واستحقاق العضو مخصصات حضور بقيمة ٥٠٠٠دينار كويتى عن كل اجتماع بحد أقصى اجتماعين فى السنة ، وإنه يتم استعاضة أية مصاريف خاصة بالسفر والإقامة للرئيس وأعضاء المجلس الاستشارى من حساب الصندوق ، وبتاريخ ٢٠/ ١٠/ ٢٠١١ ( بعد الاكتتاب التكميلى الأول) تم اعتماد مكافآت ومستحقات أعضاء المجلس الاستشارى بموجب قرار المجلس الاستشارى وتم اعتماد نفس المستحقات سالفة البيان ، وتم تحويل عدة مبالغ خلال السنوات من ٢٠١١ وحتى ٢٠١٤ للمتهمة الأولى بإجمالى مبلغ ٢٥ ألف دينار كويتى موزعة على خمس مبالغ ،والثالثة والرابعة استعاضة مصاريف إدارية تم دفعها من حسابها الشخصى خلال اجتماعات المجلس الاستشارى التالية مبلغ ٥٠٠٠ دينار كويتى مصاريف سفر وإقامة – الاجتماعين رقمى ١/٢٠١، ٢٠١١/٢ ، ومبلغ ٤٤٢ دينار كويتى ومبلغ ٦٠٦٠دولار أمريكى مصاريف سفر وإقامة الاجتماعين رقمى ١/٢٠١٠ ، ٢٠١١/ ١ حيث أن الثابت من قرار المجلس الاستشارى بشأن مستحقات أعضاء المجلس الاستشارى فإن الصندوق يتكفل بكافة مصاريف السفر والإقامة وأية مصاريف أخرى تتعلق بسفره لحضور اجتماعات المجلس الاستشارى كما أقرت نشرة الاكتتاب بأن الصندوق يتحمل كافة المصروفات المتعلقة بمصاريف سفر مدراء وأعضاء مجلس إدارة الشريك العام ومستشاريه ، وقد تكبدت المتهمة الأولى عضو مجلس إدارة الشريك العام وعضو المجلس الاستشارى مصاريف خلال الاجتماعين رقمى ١/٢٠١٠ ، ٢٠١١/٢ من حسابها الشخصى بقيمة ٥٠٠٠دينار كويتى تم استعاضتها من حساب الصندوق ، كما تكبدت المتهمة الأولى بصفتها عضو مجلس إدارة الشريك العام وعضو فى المجلس

٢٠٠

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٣/٢٠١٥ جنايات المباحث والمضمم لها الجنايتين رقمى ٥٤٧/٢٠١٣، ١٧١٩/٢٠١٤ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٢/

الاستشارى مصاريف تأجير سيارات خلال رحلتها من الصين إلى مانيلا وكذلك مصروفات إقامة بالفنادق خلال الإجتماع رقم ٢٠١٠/١ وتم دفعهما من حسابها الشخصى بما يعادل ٤٤٢ دينار كويتى وقد تم استعاضتها من حساب الصندوق ، كما تكبدت المتهمة الأولى بصفتها عضو مجلس إدارة الشريك العام وعضو فى المجلس الاستشارى مصاريف إقامة بالفنادق خلال الاجتماع رقم ٢٠١١/٢ تم دفعهم من حسابها الشخصى بما يعادل ٧٦و٠٦٠ دولار أمريكى وقد تم استعاضتها من حساب الصندوق وأن نتيجة الفحص ١- أن كافة المعاملات الواردة فى الاتهام الأول قد تمت بما يتوافق مع نشرة الاكتتاب فى الصندوق وإتفاقية الشراكة المحدودة وعقد تأسيس الشريك العام والقرارات الصادرة من الشريك العام ، ٢- تطابق القيم الواردة فى المستندات الداعمة مع السجلات المحاسبية للصندوق وعكسها فى البيانات المالية المدققة للصندوق ، ٣- تطابق قيم المبالغ الواردة فى تقرير الاتهام مع المبالغ التى تم صرفها قانونياً ووفق الأصول إلى لازاريفا ماريا العضو فى مجلس إدارة الشريك العام وعضو المجلس الاستشارى للصندوق ، وما ثبت من إطلاع المحكمة على ترجمة نشرة الاكتتاب الخاص بصندوق الموانئ والثابت بها تعريف الشريك العام وأنه يتولى المسئولية الأساسية لأعمال وشئون إدارة الصندوق من جميع النواحى ، وتعريف المجلس الاستشارى واختصاصاته ، وتحديد المصروفات التشغيلية والتنظيمية والتسويق وتحمل صندوق الموانئ لهذه المصروفات والأتعاب بالكامل وأن الصندوق يتحمل كافة المصروفات المتعلقة بمصاريف سفر مدراء وأعضاء مجلس إدارة الشريك العام ومستشاريه ، وما ثبت من إطلاع المحكمة على قرار أعضاء مجلس إدارة الشريك العام المؤرخ ٢٠٠٧/١١/٢٧ والذى تضمن تحديد رواتب أعضاء مجلس إدارة الشريك العام بمبلغ ١٥٠٠ دينار كويتى شهرياً لكل عضو وأن المتهمين الأولى والثانى عضو بمجلس إدارة الشريك العام ، وما ثبت من إطلاع المحكمة على الشروط المرجعية للمجلس الاستشارى لصندوق الموانئ والذى تضمن أن جميع أعضاء المجلس الاستشارى – بما فيهم ممثلى مؤسسة الموانئ الكويتية والمؤسسة العامة للتامينات الاجتماعية والمتهمين الأولى والثانى – والتى تضمنت تحديد أتعاب أعضاء المجلس الاستشارى بقيمة ٥٠٠٠ دينار كويتى للعضو عن حضور كل اجتماع ، وأن الصندوق يتحمل كافة مصاريف السفر والإقامة وأية مصاريف اخرى تتعلق بسفر أعضاء المجلس الاستشارى لحضور اجتماعات المجلس الاستشارى وكافة تكاليف السفر والإقامة الخاصة بمديرى الصندوق لحضور اجتماعات المجلس الاستشارى ، وما شهد به شاهد النفى / قيس محمد

الحكم رقم ١٤٩٦/٢٠١٢ حصر أموال عامة المقيدة برقم ٢٠١٥/٢٣ جنايات المباحث والمنضم لها الجنايتين رقمى ٢٠١٣/٥٤٧، ٢٠١٤/١٧١٩ جلسة ١١/ ١١/ ٢٠١٩ جنايات ٣/

النصف – المحاسب القانونى ومدقق الحسابات المستقل لصندوق الموانئ الاستثمارى – أمام المحكمة  – بأن ما ورد بالاتهام الأول المنسوب للمتهمة الأولى غير صحيح وأن مبلغ ١٢٩٤٢٢دينار كويتى تقاضته المتهمة من عملها ومكافأتها المنصوص عليها فى نشرة الاكتتاب ، وأن أعضاء مجلس إدارة الصندوق تقاضوا ذات المبالغ والمكافآت ،وأن مبلغ ٦٠٦٠دولار أمريكى هى مصاريف فنادق وتأجير سيارات قامت المتهمة بدفعها عن الصندوق بموجب مستندات ، وما شهد به شاهد النفى /أيمن عبد الرحيم أحمد– مستشار قانونى مستقل لتقديم الاستشارات القانونية للصندوق  – أمام المحكمة  – من أنه يحق للقائمين على إدارة الصندوق تقاضى مكافأة من أموال الصندوق نظير أعمالهم وهذا منصوص عليه في نشرة الاكتتاب ، وما شهد به  شاهد النفى / دانيل برين  – مستشار قانونى للصندوق فى جزر كايمن  – أمام المحكمة – من أن مجلس إدارة الصندوق موجود في الكويت ومنهم كويتيون وغير كويتيون وأن من يتولى إدارة الصندوق هي شركة بورت لنك جى بى بالإضافة إلى مجلس الإدارة وأن مدير الاستثمار هي شركة كي جي إل للاستثمار كايمن ودورها تقديم النصح والمشورة في الاستثمارات ، وأن الأحكام الواردة في نشرة الاكتتاب  هي تنظيم استراتيجية الاستثمار في الصندوق، وأنه يحق للشريك العام تقاضي أتعاب أو مكافآت نظير أعمالهم حيث تنص نشرة الاكتتاب على أحقيتهم في الأتعاب بالإضافة إلى اتفاقية الشراكة العامة وذلك منصوص عليه في الشراكة المحدودة في البندين ٣/٦  ، ٣/٧ والبند المعنون بأتعاب الإدارة في الصفحة الثامنة في نشرة الاكتتاب ، وأن للصندوق مجلس استشاري يتكون من متخصصين في صناعة الاستثمار معينين يقدموا استشارات للصندوق ويتقاضوا أتعاب ، وأن المتهمة الأولى عضو في مجلس إدارة الشريك العام من عام ٢٠٠٧ إلى بداية ٢٠١٨ ودورها هو أنها تشرف على استثمارات الصندوق كعضو في مجلس الإدارة وأنه يحق لها تقاضي أتعاب حيث تأخذ راتب شهري، وأنه بحسب معرفته فإن أي من المتهمين لم يتقاضى أي مبالغ من الصندوق بخلاف رواتبهم ، فضلاً عن اعتصام المتهمة الأولى بالإنكار بالتحقيقات وأمام المحكمة ، ومن جماع ما تقدم  تكون التهمة الأولى قد اكتنفتها ظلال كثيفة من الشك والغموض وتكون الأوراق لا تنهض لتقيم في حق المتهمة الأولى الدليل اليقيني الجازم اللازم لسياقها إلى العقاب ولا تصلح مدوناتها لإدانتها باعتبار أن القاعدة المستقر عليها في الفقه والقضاء أن الدليل إذا تطرق إليه الاحتمال فسد به الاستدلال وهو ما يعبر عنه أيضاً بوجوب تفسير الشك لصالح المتهم أخذا بالقاعدة المستقرة في الإثبات والتي لا

٢٠٢