**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re Application of

KUWAIT PORTS AUTHORITY,

Petitioner, for an Order Pursuant to 28 U.S.C.
§1782 to Conduct Discovery for Use in a Foreign
Proceeding

Case No. 1:20-mc-00046 (ALC)

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THE PORT FUND'S MOTION TO INTERVENE**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT ...............................................................................................................................2

I.       The Port Fund's Motion To Intervene Should Be Granted..................................................2

CONCLUSION.............................................................................................................................6

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brennan v. N.Y.C. Bd. of Educ.*,
  260 F.3d 123 (2d Cir. 2001)................................................................................................2, 3

*Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*,
  No. 18-cv-11657, 2020 WL 1432213 (S.D.N.Y. Mar. 24, 2020)............................................2

*In re Hornbeam Corp.*,
  No. 14 Misc. 424, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722
  F. App'x 7 (2d Cir. 2018) ...................................................................................................3, 4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).................................................................................................................4

*In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*,
  No. 14-cv-00797, 2015 WL 3439103 (D. Nev. May 28, 2015) ...............................................5

*In re Sarrio, S.A.*,
  119 F.3d 143 (2d Cir. 1997)....................................................................................................2

*XL Specialty Ins. Co. v. Lakian*,
  632 F. App'x 667 (2d Cir. 2015) ............................................................................................2

DCACTIVE-55101420.1

## PRELIMINARY STATEMENT

By Order filed April 17, 2020 (ECF 11) and revised May 19, 2020 (ECF 18), this Court established a consolidated briefing schedule permitting the Port Fund to submit its motion to intervene and opposition to the § 1782 application filed by Kuwait Ports Authority ("KPA") (the "KPA Application"). Pursuant to that schedule, Port Fund respectfully submits this Reply Memorandum on the motion to intervene.

Port Fund notes that in the proceeding pending before the Honorable Vernon S. Broderick with respect to the § 1782 application filed by Gulf Investment Corporation (Case No. 19-mc-593), the Port Fund Entities requested and received permission from the Court to expand the scope of reply in a similar consolidated briefing schedule, principally to address the issuance of a Judgment in the Section 22 proceeding pending in the Cayman Islands. (Case No. 19-mc-593, ECF 34). Because the Supplemental Declaration of Jennifer Fox submitted by KPA herein (ECF 26) attaches as an exhibit the supplemental declaration of Cayman Islands counsel filed by the Port Fund Entities in the matter before Judge Broderick (described by KPA as the GIC Gowrie Declaration, attached to the Supplemental Fox Declaration as Exhibit D), the Port Fund did not seek leave of this Court to expand the scope of its Reply, but rather commends to the Court's attention the GIC Gowrie Declaration (ECF 26-4) and otherwise rests on the arguments made in its opposition to the KPA Application (ECF 20, 21, 23).

1

## ARGUMENT

### I.     The Port Fund's Motion To Intervene Should Be Granted

Having previously conceded that the Port Fund is the ultimate target of its proposed § 1782 subpoenas,[1] KPA has conceded that the Port Fund is entitled to intervene in this action as a matter of right under controlling law   *See In re Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (granting intervention to "parties against whom the requested information will be used"). Nevertheless, in its Reply, KPA seeks first to establish that the Port Fund has forfeited its ability to intervene entirely with respect to the E*Trade Subpoena because of the arguments it has presented on the merits of the KPA Application, and next that the Port Fund's ability to intervene must be limited with respect to the Citibank Subpoena, again by reference to the merits of the KPA Application.  *See* KPA Reply (ECF 24) at 8-9.  This creative effort to avoid the consequences of a prior straightforward concession must fail.

In effect, KPA is asking the Court to deny the Port Fund's motion by addressing the *merits* of the arguments that the Port Fund would make with respect to the KPA Application if intervention is granted. This tactic is not permitted in this Circuit. As the Second Circuit has directed, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention . . . ." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129–30 (2d Cir. 2001) (internal quotations and citation omitted). *See also XL Specialty Ins. Co. v. Lakian*, 632 F. App'x 667, 669 (2d Cir. 2015) ("We have thus found that a defense to an intervenor's claims carries no weight in the determination of whether an interest is sufficient for intervention") (internal quotations and citation omitted); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, No. 18-cv-11657, 2020 WL 1432213, at *7 (S.D.N.Y. Mar. 24, 2020) ("Proposed Intervenors correctly counter that this argument

---

[1] *See* KPA Memorandum of Law (ECF 4) at 13-14; Declaration of Jennifer Fox (ECF 6) ¶ 5.

DCACTIVE-55101420.1

improperly goes to the merits of their claim."). By conflating the intervention analysis with the

merits of its § 1782 application, KPA improperly seeks to "put the cart before the horse."

*Brennan*, 260 F.3d at 129.

In addition, KPA's arguments make no sense and are devoid of supporting precedent. As

to the E*Trade Subpoena, KPA correctly notes that the *merits portion* of the Port Fund

Memorandum of Law (ECF 20) ("Port Fund Memo") argues that:

> The KPA Kickback Requests [i.e. the E*Trade Subpoena] seek
> evidence concerning a "Kickback Scheme" involving KPA's
> former Director of Finance and KGLI. The "scheme" has nothing
> to do with Port Fund or Port Link. As explained in the Gowrie
> Declaration, such information about transactions that cannot be
> attributed to Port Fund or Port Link as a matter of Cayman Islands
> law could not be the basis for the Impending Cayman Litigation.

(Port Fund Memo at 13).  To support this argument, the Port Fund cited controlling case law to

establish that where, as here, "Petitioner's discovery request appears to be little more than a

fishing expedition to acquire documents and information that have at best limited relevance" to

the proposed proceedings, the Petitioner has "failed to show that the requested discovery is 'for

use' in foreign proceedings as required by § 1782, and his application must be denied on

statutory grounds." (*Id.*)

According to KPA, this argument somehow amounts to an admission that the Port Fund

is "not the target of the information sought from E*Trade" (KPA Reply at 8), and thus that the

Port Fund lacks standing to intervene with respect to this subpoena. This is perversion of the Port

Fund's argument and the relevant case law. Where, as here, a § 1782 application is explicitly

premised on bringing litigation against a specific entity, that entity has standing to intervene. *See,*

*e.g., In re Hornbeam Corp.,* No. 14 Misc. 424, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17,

2015) (granting Symeou's request to intervene as of right because "Hornbeam represented in the

3

Application that Symeou was among the parties against whom it intended to initiate proceedings in the BVI"), *aff'd*, 722 F. App'x 7 (2d Cir. 2018). The fact that the Port Fund has raised compelling arguments *on the merits* to establish that the KPA Application fails to meet the "for use" requirement, or that KPA is misrepresenting its intentions with respect to the subpoenaed documents, does not deprive the Port Fund of standing to intervene and assert those arguments. Not surprisingly, KPA cites no case law in support of its novel proposition.

As to the Citibank Subpoena, KPA concedes that intervention is proper but nevertheless asks the Court to restrict "the *scope* of the Port Fund's right to intervene" (KPA Reply at 9), and specifically to preclude the Port Fund from raising arguments about the duplicative nature of the requested discovery under the fourth *Intel* factor. This also clearly is a merits issue, and KPA does not cite any authority to support the proposition that a Court may grant a motion to intervene while restricting the merits arguments that an intervenor may present upon becoming a party to a proceeding.  Again, KPA is improperly conflating the intervention analysis with the merits of its §1782 application.

There is also no merit to KPA's argument that the Port Fund cannot address the fourth *Intel* factor because the burden of actually producing documents would fall on Citibank. Any Court faced with a §1782 application is required under *Intel* to conduct its own independent analysis of whether the requested discovery is "unduly intrusive or burdensome" before granting the application irrespective of who files opposition (or whether any opposition is filed at all). *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).  The Port Fund argued that the Citibank Subpoena represents "an undue burden given that KPA is already seeking to obtain, or has already obtained, the same information in its Section 22 Proceeding and the Cayman Islands" (Port Fund Memo at 24-25), and cited case law for the proposition that "[w]hen the information sought is equally available through the foreign proceeding from a party

4

to that proceeding, such requests targeting a different person in the United States are by their very nature unduly burdensome." *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 14-cv-00797, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) (collecting cases).[2]  The fact that Port Fund seeks to present this argument as an intervenor does not disqualify the argument from the Court's consideration.

Indeed, KPA's suggestion that the Port Fund should be barred from informing this Court about the duplicative nature of these requests only serves to underscore the dangers of ex parte applications where the applicant is less than candid with the Court.  *See* Port Fund Memo at 22-23.  As KPA is well aware, (i) Citibank is not a party to the Section 22 Proceeding and thus would have no knowledge that the requested discovery is duplicative, and (ii) the KPA Application deliberately failed to apprise the Court of the Section 22 Proceeding at all (*id.* at 22).

In sum, there can be no legitimate dispute that the Port Fund has a right to intervene in this proceeding. Port Fund respectfully requests that its motion be granted and that all of its arguments in opposition to the KPA Application be fully considered by this Court.

---

[2] It should be noted that in neither case cited by KPA (KPA Reply at 9) did the Court decide that the intervening party did not have standing to make an argument based on burden in the context of a § 1782 application.  Indeed, the *Media v. Doe No. 4* case does not involve a § 1782 application at all.

## CONCLUSION

The Port Fund appreciates the opportunity to present its motion to intervene and opposition to the KPA Application in accordance with a consolidated briefing schedule, which enabled it to present its concerns with respect to the application prior to any decision on issuance of the subpoenas.  While the Port Fund is gratified that KPA believes the Port Fund's opposition to its application "makes for an entertaining and sometimes gripping read" (KPA Reply at 1), tales of dead cats do nothing to allay the concerns of the Port Fund with respect to the possible use of any information turned over to KPA (Port Fund Memo at 23-24, Chin Declaration ¶¶ 9-20), and robust rewriting of the basis of the E*Trade Subpoena request only serves to demonstrate just how inadequate (and inaccurate) the original KPA Application was (Port Fund Memo at 21, Chin Declaration ¶¶ 30-33).

Dated: July 10, 2020

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Kathy Hirata Chin

Kathy Hirata Chin
Sarah M. Gilbert
590 Madison Avenue
New York, New York 10022
(212) 223-4000
khchin@crowell.com
sgilbert@crowell.com

*Counsel for the Port Fund L.P.*

6