590 Madison Avenue, 20th Floor, New York, NY  10022 ▪ p212.223.4000 ▪ f212.223.4134



Kathy Hirata Chin
(212) 895-4304
KHChin@crowell.com

December 4, 2020

**ELECTRONICALLY FILED**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    ***Ex Parte Application of The Kuwait Ports Authority***
             **Case No. 1:20-mc-00046 (ALC) (the "KPA Application")**

Dear Judge Carter:

      We represent the Port Fund L.P. ("Port Fund") and, ever since Kuwait Ports Authority ("KPA") attempted to shift the ultimate target of its Section 1782 application to Port Link GP Ltd. ("Port Link", together with Port Fund, the "Port Fund Entities"), we have sought to represent Port Link as well.  See 11/2/2020 letter (ECF 29).  We write to respond to KPA's latest letter to this Court (ECF 31).  While we certainly agree with the unspoken premise of that letter that Judge Broderick's recent decision (the "Broderick Decision") denying the 1782 application brought by Gulf Investment Corporation (the "GIC Application") is of immense importance to this Court's consideration of the KPA Application, we disagree strongly with the points made in that letter.

      KPA leads with the claim that "the only connection" between the GIC 1782 Application and the KPA 1782 Application is that they both "followed" the alleged failure of the Port Fund Entities to account for monies GIC and KPA think are rightfully theirs.  This claim does not render the Broderick Decision any less relevant or any less important; moreover, it is patently untrue.  The KPA Application openly relies on arguments and allegations made in the GIC Application, occasionally referencing them directly.  For example, paragraph 20 of the Declaration of Yousef Al Sabah ("Sheikh Yousef's Declaration") states that "there are multiple indicia suggesting that the Port Fund's operations more generally have involved unlawful conduct detrimental to Port Fund's investors, including KPA (as set forth more fully in the GIC Application)."  ECF 7 at 4.  Sheikh Yousef's Declaration also cites directly to an affidavit filed in the GIC Application proceeding.  Id.  Under the circumstances, we continue to believe that KPA's failure to advise on the Miscellaneous Case Cover Sheet that a similar case had been previously filed in the Southern District of New York does not reflect the kind of openness and transparency required of a party proceeding ex parte.  See Chin Declaration (ECF 21) at ¶ 26.  These applications may have been filed by different limited partners at different times, but the documents that KPA sought to

Hon. Andrew L. Carter, Jr.
December 4, 2020
Page 2

subpoena from Citibank are undeniably a subset of the documents that GIC sought to subpoena from Citibank (and 11 other correspondent banks). Compare ECF 25-4 (KPA's Subpoena to Citibank) with Ex. A hereto (GIC's Subpoena to Citibank). The fact that the Court chose not to consolidate the proceedings (without prejudice) does not reflect any final judgment on the "connection" between these proceedings, and is certainly not proof that there was no connection (or coordination) between these applicants.[1]

But whether or not there is any "connection" between the applications does not resolve the question of whether the reasoning behind the denial of the GIC 1782 Application applies to the KPA 1782 Application. The KPA letter's second point is that it does not. Again, we disagree. The Broderick Decision clearly sets forth principles applicable to analysis of any 1782 application, principles that are particularly relevant to consideration of the KPA Application. Judge Broderick found that GIC did not show "in its application" that the discovery sought was for use in a foreign proceeding that is within reasonable contemplation. Broderick Decision at 1. To make that finding, the Court looked to the application as filed by GIC and found it wanting, deficient in such a way that could not be corrected many months later in reply papers. Broderick Decision at 10. In much the same way, KPA's commencement of a suit in the Cayman Islands that is entirely different from the one described in its application (or even in its reply)[2] does nothing to correct the flaws of its initial application; if anything, it highlights them.

Any district court faced with a 1782 application must be mindful not only of Congress' desire for broad discovery, but of abuse of the 1782 process in international "fishing expeditions." See Broderick Decision at 7. What KPA and GIC have engaged in are fishing expeditions; indeed, the original KPA Application includes a requested subpoena (of E-Trade) that as articulated has no apparent relevance to any possible suit against Port Fund or even KPA's latest target, Port Link, although pursuit of the Al Shamali brothers for their alleged crimes against KPA may be of interest to Sheikh Yousef. See Sheikh Yousef's Declaration (ECF 7); Chin Declaration (ECF 21) at ¶¶ 28-33. Refusing to allow an applicant to change contemplated proceedings and ultimate targets is not an elevation of form over function, as KPA claims in its letter – it is the only way to preserve

---

[1] We can only speculate on what course the Court would have taken had other limited partners filed their own applications repeating the same false and inflammatory allegations, also seeking information from correspondent banks about the Clark Asset monies ex parte and also neglecting to advise the Clerk's office of the prior filings – at some point, the Court would surely have consolidated the cases and dismissed them all as filed in bad faith for purposes of harassment. The denial of consolidation "without prejudice" would have enabled the Court to revisit its determination had the pattern continued.

[2] As noted in our last letter to this Court (ECF 29), the KPA Application is quite clear that the contemplated proceedings were a "just and equitable winding up petition" and the "contemplated defendant" was the Port Fund. See Decl. of Jennifer Fox at ¶¶ 2, 5 (ECF 6). KPA continued to focus on this scenario even on reply. See Supp. Decl. of Jennifer Fox at ¶ 6 (ECF 26). Also as noted in our last letter, given its timing and the named plaintiffs, the suit filed against Port Link on October 14, 2020 in the Cayman Islands certainly appears to be more a reaction to the demand letter sent by the Port Fund Entities than a proceeding previously contemplated in connection with the KPA Application. As the Court may recall, the 9/30/2020 demand letter (ECF 29-1) sent to KPA sought repayment to Port Fund of the roughly $13 million over its entitlement that the Port Fund Entities were forced to pay KPA in order to effect release of the $496 million frozen at Noor Bank. See Chin Declaration (ECF 21) at ¶¶ 21-24.

Hon. Andrew L. Carter, Jr.
December 4, 2020
Page 3

Section 1782 for its proper function, which is certainly not to enable foreign states and/or private parties to use the federal courts to further international fishing expeditions or personal vendettas.

For all the reasons stated herein and in the papers filed by the Port Fund Entities previously, we urge this Court to deny the KPA Application. If further briefing or oral argument would be helpful to the Court, we can be available at the Court's convenience.

Respectfully submitted,

Kathy Hirata Chin

cc: Jacob M. Kaplan, Esq.
Baker & McKenzie LLP
(via ECF)